IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STANLEY LEE CAUDILL, ) | |
| AIS #230597, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | 1:05-CV-785-F |
| ) | |
| WARDEN ARNOLD HOLT, ) | |
| and the ALABAMA ATTORNEY ) | |
| GENERAL, ) | |
| ) | |
| Respondents. ) | |

**ANSWER**

Come now Respondents, by and through the Alabama Attorney General, following this Court's order of August 18, 2005, and answer Caudill's §2254 petition, as follows:

1. Respondents admit Caudill was convicted of two counts of first degree sexual abuse by a jury on December 9, 2002, in the Circuit Court of Houston County Alabama. (Exhibit A, C. 3, 8) Caudill was sentenced to ten years consecutively in the penitentiary in each case. (Exhibit A, C. 3, 4, 8, 9) Caudill's current incarceration is the result of these lawful convictions and sentences.

2. Respondents deny that Caudill's sexual abuse convictions were the result of the bias of two petit jurors.

3. Respondents deny that Caudill's sexual abuse convictions were the result of ineffective assistance of trial counsel, because:

    A.    trial counsel failed to strike two biased jurors;

    B.    trial counsel had no trial strategy;

    C.    trial counsel failed to subpoena Caudill's witnesses; and,

    D.    trial counsel failed to subpoena Caudill's medical records to show his impotence.

4. Respondents aver that all of Caudill's issues were procedurally defaulted or correctly adjudicated on the merits by the state courts.

5. Respondents deny that Caudill is entitled to any of his requested relief.

## PROCEDURAL HISTORY

6. During the August 2002 Term of the Houston County Grand Jury, Caudill was indicted for rape in the first degree and sexual abuse in the first degree. (Exhibit A, C. 11-14) The two cases were tried together on December 9, 2002, and Caudill was convicted by the jury of first degree sexual abuse in each case. (Exhibit A, C. 3, 8) He was sentenced on January 10, 2003, to consecutive prison terms of ten years for each offense. (Exhibit A, C. 3, 4, 8, 9) Caudill

appealed his convictions and sentences to the Alabama Court of Criminal Appeals, and briefs were filed by the parties. (Exhibits B and C) Caudill raised three issues on direct appeal, as follows:

    I.    Trial court failed to properly charge the jury on the correct definition of "forcible compulsion" by omitting the term "immediate" from its definition, and therefore, the jury could not have found the defendant guilty of sexual abuse first degree.

    II.    The trial court erred by applying the firearm enhancement to the defendant's sentence because the facts did not provide for the application of the enhancement and further, the jury did not make a determination on the issue.

    III.    The trial court erred by denying the defendant's motion for judgment of acquittal due to the State failing to prove the "forcible compulsion" element of the crime.

(Exhibit B) On August 22, 2003, the Alabama Court of Criminal Appeals affirmed by memorandum, holding that Caudill's issues were procedurally barred or meritless. (Exhibit D) Caudill's application for rehearing was overruled on September 19, 2003. (Exhibit E and F) His motion for extension of time to file a petition for writ of certiorari was denied by the Alabama Supreme Court and the certificate of judgment was issued on October 8, 2003. (Exhibits G, H, and I)

On or about February 12, 2004, Caudill filed a Rule 32 petition and raised issues of ineffective assistance of trial and appellate counsel. (Exhibit J, C. 5-17, 21-45) An evidentiary hearing was held on September 17, 2004. (Exhibit J, R. 1-27)

3

On September 27, 2004, the trial court issued a written order denying Caudill's Rule 32 petition. (Exhibit J, C. 46-48) Caudill appealed that denial to the Alabama Court of Criminal Appeals, and briefs were filed by the parties. (Exhibits K and L) Caudill raised the same claims of ineffective assistance of trial counsel he had raised in the Rule 32 petition, but he abandoned on Rule 32 appeal his claim(s) of ineffective assistance of appellate counsel. (Exhibits K, L, and M) The Court of Criminal Appeals affirmed by memorandum on February 18, 2005. (Exhibit M) Caudill's application for rehearing was overruled on March 11, 2005. (Exhibits N and O) His petition for writ of certiorari was denied and the certificate of judgment issued by the Supreme Court of Alabama on July 8, 2005. (Exhibits P and Q)

On August 12, 2005, Caudill filed the instant §2254 petition and alleged claims, as follows:

    I.     His conviction was obtained as the result of two biased petit jurors; and

    II.    Denial of effective assistance of trial counsel, because:

        A.    trial counsel failed to strike the biased jurors;

        B.    trial counsel had no trial strategy;

        C.    trial counsel failed to subpoena Caudill's witnesses; and,

        D.    trial counsel failed to subpoena Caudill's medical records to show his impotence.

(§ 2254 Petition)  All of these issues are exhausted, but they are also procedurally defaulted, or they were correctly adjudicated on the merits in the state courts.

## DISCUSSION

7. Caudill's first claim is procedurally defaulted, because it has never been presented to the state courts. (Exhibits A-Q)  It cannot now be presented, because it is time-barred under Rule 32.2(c) of the Alabama Rules of Criminal Procedure. The claim is procedurally defaulted.  It was never presented to the Supreme Court of Alabama.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  Caudill has failed to show cause or actual innocence to excuse his procedural default.  Schlup v. Delo, 513 U.S. 298, 314 (1995); Murray v. Carrier, 477 U.S. 478, 496 (1986).

Caudill's four claims of ineffective assistance of trial counsel have no merit. They were correctly adjudicated on the merits by the Alabama Court of Criminal Appeals.  That Court held that Caudill failed to establish the attorney's deficient performance or any prejudice or both, as to each claim. (Exhibit M)  The state court's judgment is not an "unreasonable application of ... clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). Furthermore, it is not "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. §2254(d)(2). The clearly established law of the United States Supreme Court on

ineffective assistance of counsel is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The Alabama Court of Criminal Appeals correctly applied <u>Strickland v. Washington</u> in this case, and Caudill is not entitled to the requested relief.

  WHEREFORE, THE PREMISES CONSIDERED, Respondents request that Caudill's §2254 petition be denied.

          Respectfully submitted,

          Troy King (KIN047)
          *Attorney General*

          J. Thomas Leverette
          *Assistant Attorney General*
          LEV007

## CERTIFICATE OF SERVICE

I hereby certify on this <u>27th</u> day of September, 2005, I served a copy of the foregoing (excluding exhibits) on Petitioner, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

    Stanley Lee Caudill
    AIS #230597
    Bullock Correctional Facility
    P. O. Box 5107
    Union Springs, AL  36089

    /s/ J. Thomas Leverette
    J. Thomas Leverette
    *Assistant Attorney General*
    LEV007

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
222296/83723-001

7