No. CR-02-0755

In the COURT of CRIMINAL APPEALS
of ALABAMA

STANLEY LEE CAUDILL,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal from the Circuit Court of
Houston County
(CC-02-1141; CC-02-1142)*

**BRIEF OF APPELLEE**

William H. Pryor Jr.
*Attorney General*

J. Thomas Leverette*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

July 8, 2003

EXHIBIT C

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument in this case is not necessary as the record and briefs in this case adequately set forth the facts and the law. Rule 34, A.R.A.P.

i

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT............................ i

TABLE OF CONTENTS........................................... ii

TABLE OF AUTHORITIES....................................... iii

STATEMENT OF THE CASE........................................ 1

ISSUE PRESENTED FOR REVIEW................................... 2

STATEMENT OF THE FACTS....................................... 2

STATEMENT OF THE STANDARD OF REVIEW.......................... 4

SUMMARY OF THE ARGUMENT...................................... 5

ARGUMENT..................................................... 5

I.   The Trial Court's Oral Charge To The Jury As A Whole,
     Including The Definition For "Forcible Compulsion",
     Was Adequate, Even Though The Trial Court Omitted The
     Term "Immediate" From The Definition.................... 5

II.  The Firearm Enhancement To Caudill's Sentence, If
     Applied At All In This Case, Was Correctly Applied...... 7

III. The Evidence Was Sufficient To Support Caudill's
     Convictions For Sexual Abuse In The First Degree........ 9

CONCLUSION.................................................. 11

CERTIFICATE OF SERVICE...................................... 12

## TABLE OF AUTHORITIES

**Cases**

Gunter v. State, 665 So. 2d 1008, 1013-14
  (Ala. Crim. App. 1995) .................................. 6

Hale v. State, No. 1010196, 2002 WL 31270284,
  at *7 (Ala. Oct. 11, 2002) .............................. 8

Hollis v. State, 599 So. 2d 77, 78-79 (Ala.
  Crim. App. 1992) ........................................ 9

Parks v. State, 565 So. 2d 1265, 1269 (Ala.
  Crim. App. 1990) ........................................ 9

Powe v. State, 597 So. 2d 721 (Ala. 1991) ................ 10

Woods v. State, 602 So. 2d 1210, 1211 (Ala. Crim.
  App. 1992) .............................................. 9

**Other Authorities**

Code of Alabama (1975),
  Section 13A-5-6(a)(5) ................................... 7

**STATEMENT OF THE CASE**

This is the direct appeal by Stanley Lee Caudill (Caudill) of his two convictions in the Circuit Court of Houston County, Alabama, for sexual abuse in the first degree. Judge Larry Anderson presided.

During the August 2002 term of the Houston County Grand Jury, Caudill was indicted in two separate indictments for rape in the first degree and sexual abuse in the first degree. (C. 11-14) On October 4, 2002, Caudill filed a written waiver of arraignment and plea of not guilty in each case. (C. 1, 6, 15) The State's motion to consolidate the two cases was granted on December 5, 2002. (C. 2, 21-22) The consolidated cases were tried before a jury, and on December 9, 2002, the jury found Caudill guilty of sexual abuse in the first degree in each case. (C. 3, 8) On January 10, 2003, Caudill was sentenced to ten years in the penitentiary for each offense, with those sentences to run consecutively. (C. 3, 4, 8, 9) Caudill was also ordered in each case to pay a $2000 fine, a $500 Victim Compensation Assessment, and court costs. (C. 4, 9; R. 165) Timely written notice of appeal was filed by Caudill on January 13, 2003. (C. 38)

**ISSUE PRESENTED FOR REVIEW**

1. Was the trial court's oral charge to the jury as a whole, including the definition for "forcible compulsion", adequate, even though the trial court omitted the term "immediate" from the definition?

2. Was the firearm enhancement to Caudill's sentence, if applied at all in this case, correctly applied?

3. Was the evidence sufficient to support Caudill's convictions for sexual abuse in the first degree?

**STATEMENT OF THE FACTS**

On the night in question, April 17, 2001, Caudill and his two young female victims were enroute to an auction at Steele City, Florida. (R. 20-23) The two girls were sisters, and Caudill was a family friend. (R. 21, 22) They often traveled to auctions with Caudill. (R. 21, 22) On this particular night, they pulled into a gas station in Bonifay, Florida, and Caudill pulled out a "big, black" gun from the glove compartment. (R. 24, 25, 69) He told the girls that, if they did not have sex with him, then he or his mafia friends would kill somebody in their family. (R. 24, 69) Caudill forced them to drive back to the Holiday

2

Inn in Dothan, Alabama. (R. 27, 70) He rented a room, and forced his young victims at gunpoint to enter the room with him. (R. 29, 71) Once inside, Caudill told the girls to go into the bathroom and undress. (R. 29, 71) They came out per his instructions one at a time. (R. 29, 30, 71, 72) The gun was on the table next to the bed. (R. 30, 72) The sixteen-year-old girl went first. (R. 30, 71) Caudill was completely naked lying on the bed. (R. 72) He told his young victim to lie down, after which, he touched her on her breasts and her vagina with his hands. (R. 72, 73) This sexual attack lasted for about five minutes, and the young girl went back into the bathroom. (R. 72)

    The seventeen-year-old sister then went into the room, and Caudill was sitting naked on the bed. (R. 31) He ordered the girl to lie down on the bed. (R. 31) Caudill then got on top of her and had sex with her. (R. 31, 32) He inserted his penis into her vagina. (R. 32) After about five minutes, Caudill allowed the young girl to go back into the bathroom. (R. 32) They all got dressed, and the girls ultimately were allowed to go home without further incident. (R. 32, 33, 74, 75)

The girls did not report the sexual attacks until approximately a year later, because they were afraid Caudill would do something to them or to their family. (R. 34, 77) Caudill was arrested after a phone conversation with one of the victims, in which, he admitted taking the girls to the motel room. (R. 36-40) He denied having sexual intercourse with either girl, because he claims to be impotent. (C. 57-66) Caudill also gave a statement to the police, and again admitted the motel encounter, but claimed they were only playing a game. (C. 68-76)

Caudill did not testify at his trial in his own behalf. He rested without putting on any evidence. (R. 112, 118)

### STATEMENT OF THE STANDARD OF REVIEW

The standard of review regarding a trial court's instructions to the jury and imposition of a sentence is abuse of discretion. <u>Williams v. State</u>, 611 So. 2d 1119, 1123 (Ala. Crim. App. 1992); <u>Hodges v. State</u>, 500 So. 2d 1273, 1278 (Ala. Crim. App. 1986).

The standard of review in determining sufficiency of the evidence is whether the evidence, when considered in the light most favorable to the prosecution, is legally

4

sufficient to allow submission of an issue for decision by the jury. <u>Woodall v. State</u>, 730 So. 2d 652, 658 (Ala. 1998).

## SUMMARY OF THE ARGUMENT

Caudill's contention, that the jury instruction on "forcible compulsion" was incorrect for omitting the term "immediate", lacks merit. The trial court's charge as a whole was sufficient.

The facts presented in this case support the application of the firearm enhancement to Caudill's sentence. If the enhancement was applied at all, then it was correctly applied.

The evidence presented by the State was sufficient to prove sexual abuse of the two young female victims by forcible compulsion.

## ARGUMENT

I.  **The Trial Court's Oral Charge To The Jury As A Whole, Including The Definition For "Forcible Compulsion", Was Adequate, Even Though The Trial Court Omitted The Term "Immediate" From The Definition.**

During the oral charge to the jury, the trial court defined "forcible compulsion" as ". . . physical force that overcomes earnest resistance or it is a threat, expressed

5

or implied, that places a person in fear of death or serious physical injury to herself or to another person." (R. 132) Caudill objected to this definition, because it omitted the term "immediate". His objection was overruled. (R. 143-145) Caudill now contends that the trial court's ruling was reversible error.

In Gunter v. State, 665 So. 2d 1008, 1013-14 (Ala. Crim. App. 1995), this Court addressed this same issue and held, as follows:

> Section 13A-6-60(8), Code of Alabama 1975, defines "forcible compulsion" as follows: FORCIBLE COMPULSION. Physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person."
>
> The appellant contends that the trial court erred because it omitted the modifier "immediate" before "death or serious injury" in its instruction defining "forcible compulsion".
>
> . . . . .
>
> When reviewing jury charges, we must examine the entire charge as a whole, and the language of the charge must be given a reasonable construction, not a strained and unreasonable one. Carroll v. State, 599 So. 2d 1253, 1270 (Ala. Cr. App. 1992), aff'd, 627 So. 2d 874 (Ala. 1993), cert. denied, 510 U. S. 1171, 114 S. Ct. 1207, 127 L. Ed. 2d 554 (1994). An inadvertent error in an instruction that does not cause prejudice is not reversible error. Bighames v. State, 440 So. 2d 1231, 1234 (Ala. Cr. App. 1983). Furthermore, this court has

6

held that the statutory definition of rape as "sexual intercourse with a female by forcible compulsion" is "so clear and unambiguous that no person intelligent enough to be juror could err as to the meaning." Parris v. State, 494 So. 2d 705, 715 (Ala. Cr. App. 1985), quoting Davenport v. State, 426 So. 2d 473, 476 (Ala. Cr. App. 1982).

We hold that, taken as a whole, the trial court's jury charges adequately instructed the jury on the law in this case. The omission of the word "immediate" did not vary so much from the statutory definition of "forcible compulsion" as to prejudice the appellant.

Here, the trial court's oral charge to the jury, when considered in its totality, adequately apprised the jury of the applicable law in the light of facts presented. The omission of the term "immediate" from the definition of "forcible compulsion" did not prejudice Caudill. The jurors were capable of understanding the meaning of forcible compulsion. No reversible error occurred during the trial court's oral charge to the jury.

**II. The Firearm Enhancement To Caudill's Sentence, If Applied At All In This Case, Was Correctly Applied.**

Caudill contends that the firearm enhancement to his sentence under Section 13A-5-6(a)(5) of the Code of Alabama (1975) was erroneously applied in his case. Specifically, he argues that there was no jury determination of the

7

intentional use of a firearm, because the enhancement was not alleged in the indictment. This argument lacks merit.

In Hale v. State, No. 1010196, 2002 WL 31270284, at *7 (Ala. Oct. 11, 2002), the Supreme Court held that the omission of sentence enhancement allegations from an indictment does not deprive the trial court of jurisdiction to impose the sentence enhancements.

The record here does not affirmatively show that the firearm enhancement statute was actually applied to Caudill's sentence. (R. 158-165) The issue was discussed, and the trial court remarked that there was evidence of the use of a firearm, but whether the firearm enhancement was applied is questionable. (R. 158-165) Even if it was applied, however, it was correctly applied. There was evidence that Caudill showed his young victims a gun, when he initially told them that he wanted sex from them. There was evidence that the gun was on the table by the bed during the sexual attacks. Obviously, the jury was presented with this evidence, and the jury's verdict of guilty included the finding that a gun was intentionally used as a means of forcible compulsion. Woods v. State,

8

602 So. 2d 1210, 1211 (Ala. Crim. App. 1992). Caudill was properly sentenced in this case.

### III. The Evidence Was Sufficient To Support Caudill's Convictions For Sexual Abuse In The First Degree.

Caudill finally contends that the evidence presented by the State was insufficient to support his convictions for sexual abuse in the first degree. Specifically, he argues that the evidence failed to prove forcible compulsion, because there was no evidence of an immediate threat to either the victims or their family. This argument lacks merit.

In Hollis v. State, 599 So. 2d 77, 78-79 (Ala. Crim. App. 1992), this Court held, as follows:

> In cases challenging the sufficiency of the evidence, this Court is required to consider the evidence in the light most favorable to the prosecution and will not substitute its judgment for that of the trier of fact. Brandon v. State, 542 So. 2d 1316 (Ala. Cr. App. 1989). Conflicting evidence, moreover, always presents a jury question, and a verdict rendered therein will not be disturbed on appeal. Ogle v. State, 548 So. 2d. 499 (Ala. Cr. App. 1989).

Also, in Parks v. State, 565 So. 2d 1265, 1269 (Ala. Crim. App. 1990), this Court stated that:

> This is sufficient evidence to permit the question of "forcible compulsion" to be submitted to the

9

jury. As this Court held in Flanagan v. State, 533 So. 2d 637 (Ala. Cr. App. 1987);

" 'The degree of force necessary for a conviction need not be such as to place the victim under such reasonable apprehension of death or bodily harm as to overcome her will. It is sufficient that the female was under such duress that the act was accomplished against her consent. Brummitt v. State, Ala. Cr. App., 344 So. 2d 1261 (1977).' "Long v. State, 370 SO. 2d 354 (Ala. Crim. App. 1979); Weatherford v. State, 369 SO. 2d 863 (Ala. Crim. App. 1979).

" ' "The force necessary to be used, to constitute the crime of rape, need not be actual, but may be constructive or implied. An acquiescence to the act obtained through duress or fear of personal violence, is constructive force, and the consummation of unlawful intercourse by the man thus obtained would be rape." '

Furthermore, where the victim is a child and the sexual predator is an adult in a position of authority, domination, or custodial control over the victim, then the totality of the circumstances should be considered in determining the sufficiency of the evidence. Powe v. State, 597 So. 2d 721 (Ala. 1991).

Here, Caudill was a family friend, and on the night in question his two young victims were under his dominion and control, as they traveled to an auction. Caudill threatened the young girls, if not expressly then certainly implicitly, with a gun, which remained visible to the

10

victims throughout the sexual abuses. He also threatened to hurt members of the victims' families, if they did not have sex with him. Both young victims testified they were afraid. The evidence on the issue of forcible compulsion was conflicting, and it was properly submitted to the jury. Unfortunately for Caudill, the jury found adversely to his contentions.

## CONCLUSION

Caudill's two convictions for sexual abuse in the first degree are due to be affirmed.

Respectfully submitted,

William H. Pryor Jr.
*Attorney General*

_____
J. Thomas Leverette
*Assistant Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>8th</u> day of July, 2003, I served a copy of the foregoing on the attorney for appellant, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

> B. Shaun McGhee
> 188 N. Foster Street
> Suite 100
> Dothan, AL  36303

*/s/ J. Thomas Leverette*
J. Thomas Leverette
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
110163/LEVERETTE
49879/001

12