CR-02-0755

IN THE ALABAMA COURT OF CRIMINAL
APPEALS

STANLEY LEE CAUDILL,
     APPELLANT

VS.

STATE OF ALABAMA,
     APPELLEE

ON APPEAL FROM THE CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA

APPLICATION FOR REHEARING AND
REQUEST FOR ADDITIONAL STATEMENT OF FACTS
WITH BRIEF IN SUPPORT THEREOF

        B. Shaun McGhee
        P.O. Box 1225
        211 W. Main St., Suite 2
        Dothan, AL 36302
        (334) 702-1744
        (334) 673-1744 Fax
        ATTORNEY FOR APPELLANT

*EXHIBIT E*

# TABLE OF CONTENTS

APPLICATION FOR REHEARING.....................iii

REQUEST FOR ADDITIONAL STATEMENT OF FACTS.....iv

TABLE OF CITATIONS............................v

TABLE OF ADVERSE DECISIONS....................vii

STATEMENT OF ISSUES PRESENTED FOR REVIEW......vii

STATEMENT OF THE CASE.........................1

STATEMENT OF THE FACTS........................3

ARGUMENT......................................10

REPLY TO THE COURT'S AFFIRMING MEMORANDUM.....26

CONCLUSION....................................29

CERTIFICATE OF SERVICE........................30

ii

## APPLICATION FOR REHEARING

Comes now the Appellant, Stanley Lee Caudill, in the above-styled cause and moves this Honorable Court to grant unto him a rehearing in this cause and to re-consider, revise, reverse, and withdraw its judgment of the Circuit Court of Houston County, Alabama, and to enter an order reversing said judgment.  Submitted herewith is a brief and argument in support of said application.

Respectfully submitted,

B. Shaun McGhee

iii

## REQUEST FOR ADDITIONAL STATEMENT OF

## FACTS

Comes now the Appellant, Stanley Lee Caudill, in the above-styled cause, and requests this Honorable Court, pursuant to Rule 39(k) of the Rules of Appellate Procedure, to grant unto him the additional statement of facts contained herein and to incorporate the same into its opinion.

Respectfully submitted,

B. Shaun McGhee

iv

TABLE OF CITATIONS

REPORTED DECISIONS

Allford v. State, 31 Ala.App.
62, 65, 12 So. 2d 404, cert. Denied,
244 Ala. 148, 12 So. 2d 407 (1943)......10

Bighames v. State, 440 So. 2d 1231,
1234 (Ala. Cr. App. 1983).............27

Carroll v. State, 599 So. 2d 1253, 1270
(Ala. Cr. App. 1982), aff'd,
627 So. 2d 874 (Ala. 1993), cert. denied
U.S. _____ 114 S. Ct. 1207,
127 L. Ed. 2d 554 (1994)...............26, 27

Ex parte McCree, 554 So. 2d 336
(Ala. 1988)...........................18, 19, 28

Head v. State, 35 Ala. 71, 77,
44 So. 2d 441 (1950)..................11

Owens v. State, 531 So.2d 2
(Ala. Cr. App. 1986)..................22

U.S. v. Reese, 92 U.S. 214,
23 L.Ed. 563 (1875)..................15

Woods v. State, 602 So. 2d 1210
(Ala.Crim.App. 1992)..................18

STATUTES AND OTHER AUTHORITIES

Section 13A-5-6 (a)(5)
Code of Alabama (1975)................15, 20

v

Section 13A-6-66
Code of Alabama (1975)..................20, 22

Section 13A-6-60 (8)
Code of Alabama (1975)..................11, 12, 22

TABLE OF ADVERSE DECISIONS

Motion for Acquittal    R 108-109 Supplement 1

Motion overruled    R 165 Supplement 2

Adjudication of Guilt    R 147 Supplement 2

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.  TRIAL COURT FAILED TO PROPERLY CHARGE THE JURY ON THE CORRECT DEFINITION OF "FORCIBLE COMPULSION" BY OMITTING THE TERM "IMMEDIATE" FROM ITS DEFINITION, AND THEREFORE, THE JURY COULD NOT HAVE FOUND THE DEFENDANT GUILTY OF SEXUAL ABUSE FIRST DEGREE.

II.  THE TRIAL COURT ERRED BY APPLYING THE FIREARM ENHANCEMENT TO THE DEFENDANT'S SENTENCE BECAUSE THE FACTS DID NOT PROVIDE FOR THE APPLICATION OF THE ENHANCEMENT AND FURTHER, THE JURY DID NOT MAKE A DETERMINATION ON THE ISSUE.

III. THE TRIAL COURT ERRED BY DENYING THE DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL DUE TO THE STATE FAILING TO PROVE THE "FORCIBLE COMPULSION" ELEMENT OF THE CRIME.

## STATEMENT OF THE CASE

The Defendant was indicted by Houston County Grand Jury 119 in the August 2002 Term in Rape First Degree (CC-02-1141) and Sexual Abuse First Degree (CC-02-1142). (Supplement 1 C11-14). The Defendant appeared for an arraignment on October 3, 2002. On the same date, the Defendant, along with his attorney, the Honorable Jack Blumenfeld, waived arraignment and entered a plea of not guilty before the Honorable Denny Holloway. (C 15-16 Supplement 1).

The Defendant appeared for a jury trial on December 5, 2002 and was found guilty of two counts of Sexual Abuse First Degree. The Defendant was sentenced to ten years in the penitentiary, a two thousand dollar fine, and a five hundred dollar victim compensation fund assessment in each case. (Supplement 1, R 165).

The Defendant filed a timely notice of appeal on November 18, 2002 and Shaun McGhee was

1

appointed as appellate counsel. (Supplement 1, C

38).

    This appeal follows.

## STATEMENT OF THE FACTS

The Defendant was indicted by Houston County Grand Jury 119 in the August 2002 Term in Rape First Degree (CC-02-1141) and Sexual Abuse First Degree (CC-02-1142). (Supplement 1 C11-14). The Defendant appeared for an arraignment on October 3, 2002. On the same date, the Defendant, along with his attorney, the Honorable Jack Blumenfeld, waived arraignment and entered a plea of not guilty before the Honorable Denny Holloway. (C 15-16 Supplement 1).

The Defendant appeared for a jury trial on December 5, 2002. The State alleged that the Defendant accosted two young females to a Holiday Inn in Houston County, Alabama on April 17, 2001 and forced them to participate in sexual activities with him. (Supplement 1 C11-14).

The testimony included two female victims, who are sisters, Heather Austin, age nineteen, and Rachel Ann Taylor Mitchell, age eighteen. The

3

Defendant was a family friend who often invited
the sisters with him to auctions in Steele City,
Florida several times a year. (Supplement 1 R 22).
Testimony revealed that on the night in question,
April 17, 2001, the Defendant and two females were
enroute to an auction in Steele City.  They had
left Enterprise, Alabama, the victims' hometown,
and departed towards Florida.  As they arrived in
Bonifay, the Defendant allegedly pulled behind a
gas station with the two females.  He allegedly
made a statement about "somebody in the mafia
killing a family member if you don't have sex with
him". (Supplement 1 R 24).

　　There was testimony that the Defendant
produced a handgun, which was later identified as
a BB gun, from the glove box, and showed it to the
females.  However, the Defendant never threatened
the victims directly or made any immediate threat
to harm the females with the gun.  Specifically,
Heather Austin testified, "He just showed it to

4

us". (Supplement 1 R 25).

The victims testified that they had seen the gun before and knew that the Defendant carried it. (Supplement 1 R 26).

Heather Austin then testified that they left Bonifay and proceeded towards Dothan. Upon their arrival, the Defendant went into the Holiday Inn South in Dothan, Alabama and purchased a room. The victims remained in the vehicle during this time. The BB gun was locked in the glove box. (Supplement 1 R 26-28).

The Defendant and the females went into the motel room and stayed for approximately fifteen minutes.

Upon their arrival in the hotel room, Mrs. Austin testified that the Defendant told them to go to bathroom and get undressed. Mrs. Taylor (Mitchell) was the first one to come out of the bathroom and sit on the bed with the Defendant. (Supplement 1 R 30).

5

Mrs. Austin then testified that she came out of the bathroom after her sister walked back into the bathroom.  Mrs. Austin further testified that she went and laid on the bed and the Defendant got on top of her and the Defendant "put his penis in your vagina." (Supplement 1 R 31-32).

The victims did not report the allegations to anybody until April 25, 2002, a year after the incident, in which Mrs. Austin told her husband. (Supplement 1 R 34-35).

There was further testimony that the Defendant was impotent and unable to participate in sexual intercourse.

The State admitted Exhibit Number 1, which was a recorded conversation between Heather Austin and Stan Caudill.  The telephone call was instigated by Mrs. Austin with police support in efforts for the Defendant to incriminate himself about the night in question.  The recorded conversation took place on June 8, 2002.  The conversation was

transcribed to writing and admitted as State's
Exhibit 2. (Supplement 1 C 56-66).  The Defendant
denied any sexual intercourse or wrongdoing during
the taped conversation. (Supplement 1 C 58).

The State then called Mrs. Rachel Taylor
(Mitchell) to the stand.  The State asked the
following:

Q:  When y'all went to the room, did he have
the gun?"

A:  He had it inside, next to the bed.
(Supplement 1 R 72).

Mrs. Taylor (Mitchell) testified that the
Defendant told her to lie down on the bed.  She
further testified that the Defendant "started
touching my private parts and it lasted about five
minutes." (Supplement 1 R 72).

At the close of the State's case, the
Defendant moved for a judgment of acquittal based
upon the failure of the State to prove the
"forcible compulsion" element of the crimes.  The

7

Defendant argued that the State failed to prove any direct threat or immediate danger to the victims. The trial court denied the Defendant's motion based on the fact that there was testimony that the Defendant had threatened harm to another person, namely the victims' families. (Supplement 1 R 109).

The Defense did not provide any direct evidence or testimony. (Supplement 1 R 109).

The Defendant was found guilty of two counts of Sexual Abuse First Degree. On the first count of Rape First Degree, the Defendant was found guilty of the lesser included offense of Sexual Abuse First Degree. The Defendant requested a sentencing hearing before the Honorable Larry Anderson. (Supplement 2 R 147-148).

During the sentencing hearing, the trial court stated that the minimum was ten years in each case because of the application of the firearm enhancement in each of the two cases.

8

(Supplement 2 R 159).

The Defendant objected to the firearm enhancement and stated that there was never any evidence of a threat or testimony of direct, immediate harm to the victims during the alleged incident. (Supplement 2 R 157, 165).

During jury instructions, the trial court defined the term "forcible compulsion". The Defendant objected to the definition because the trial court omitted the term "immediate" in its definition. (Supplement 2 R 144).

The Defendant was sentenced to ten years in the penitentiary, a two thousand dollar fine, and a five hundred dollar victim compensation fund assessment in each case. These cases were ordered to run consecutively with each other. (Supplement 1, R 165).

The Defendant filed a timely notice of appeal on January 13, 2003 and Shaun McGhee was appointed as appellate counsel. (Supplement 1, C 38).

9

ARGUMENT

I.   TRIAL COURT FAILED TO PROPERLY CHARGE THE JURY
ON THE CORRECT DEFINITION OF "FORCIBLE COMPULSION"
BY   OMITTING   THE   TERM   "IMMEDIATE"   FROM   ITS
DEFINITION, AND THEREFORE, THE JURY COULD NOT HAVE
FOUND THE DEFENDANT GUILTY OF SEXUAL ABUSE FIRST
DEGREE.

During  jury  instructions,  the  trial  court

instructed that "forcible compulsion" was defined as

"physical force that overcomes earnest resistance or

it is a threat, expressed or implied, that places a

person in fear of death or serious physical injury

to herself or another." (Supplement 2 R 132).

The Defendant objected to the charge because

the trial court failed to properly define "forcible

compulsion"  due  to  the  term  "immediate"  being

omitted from the definition.

"An exception to an oral charge must be taken

and reserved to the particular language the exceptor

conceives to be erroneous."   Allford v. State, 31

Ala.App. 62, 65, 12 So. 2d 404, cert. Denied, 244

Ala. 148, 12 So. 2d 407 (1943).

A reservation to a portion of the court's oral

10

charge must be specific and designating, rather than descriptive and referable." Head v. State, 35 Ala. 71, 77, 44 So. 2d 441 (1950).

The Defendant avers that his objection to the trial court's oral charge concerning the omission of the term "immediate" in the definition of forcible compulsion was adequate and specific to satisfy this Honorable Court for review.

Forcible Compulsion is defined as "physical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of *immediate* death or serious physical injury to himself or another person." Section 13A-6-60 (8) Code of Alabama (1975).

The nucleus of this argument focuses on the "forcible compulsion" issue. The Defendant respectfully argues that it is mandatory that the trial court properly instruct the jury on the correct definitions of legal terms. By omitting the term "immediate", the jury based their decision on

11

*any* threat to either victim or *any* danger to their families.   This would encompass a threat in the future; however, the crime of Sexual Abuse First Degree requires an immediate threat, not a future one.   Based upon the facts surrounding the events in question, including, the actions by the Defendant concerning the BB gun and the victims' statements concerning the gun, it is critical that the jury understand that to find the Defendant guilty of the crimes, there must have been an "immediate" threat, as the Alabama statute clearly calls, Section 13A-6-60 (8), Code of Alabama (1975).

To further support his argument, the Defendant quotes the trial court's response to the Defendant's objection, stating, "Okay, you are correct.  I don't recall using the term immediate, but there are two reasons I did not do that.  One reason, of course, is the pattern charges, both in Sexual Abuse in the First Degree, do not mention immediate or immediacy. And secondly, there was evidence in this case

12

regarding a threat, either direct or implied, talking about a family member. And that, in a sense, could not be immediate, because you are talking about some family member that was not present at the time. So, in a sense, based on the evidence, there was no threat that a person would immediately be killed." (Supplement 2 R 144).

The Defendant argues that the term "immediate" should have been included in the jury charge because "forcible compulsion" is defined by Alabama statute as an immediate threat. Section 13A-6-60 (8), Code of Alabama (1975). Due to the misrepresentation concerning the legal definition of forcible compulsion, the Defendant avers that the trial court violated his Sixth Amendment right to a fair trial as guaranteed by the United States Constitution.

As for the trial court's omission of the term immediate concerning the family members not being present, there was no immediate threat, the trial court erroneously decided a factual issue for jury

13

consideration.  In fact, the trial court's argument further supports the Defendant's defense and his motion for judgment of acquittal.  The Defendant argued at the close of the State's case that there was no "immediate" threat, and therefore, no forcible compulsion element. The jury should have been given the opportunity to decide that issue, and if they concluded as the trial court did concerning the immediacy issue, may have acquitted the Defendant based on a lack of an immediate threat.

The Defendant respectfully argues that the trial court erred by not correctly instructing the jury on the forcible compulsion definition, and by not doing so, committed, not harmless error, but rather, reversible error. The Defendant respectfully requests a re-trial in this cause.

II.  THE TRIAL COURT ERRED BY APPLYING THE FIREARM ENHANCEMENT TO THE DEFENDANT'S SENTENCE BECAUSE THE FACTS DID NOT PROVIDE FOR THE APPLICATION OF THE ENHANCEMENT AND FURTHER, THE JURY DID NOT MAKE A DETERMINATION ON THE ISSUE.

14

"In framing indictments founded upon statutes…the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted" U.S. v. Reese, 92 U.S. 214, 23 L.Ed. 563 (1875).

"For a Class C felony in which a firearm was used or attempted to be used in the commission of a felony, not less than 10 years." Section 13A-5-6(a)(5) Code of Alabama (1975).

The indictments in these cases read as follows:

"The Grand Jury of said county charge that, before the finding of this indictment, STANLEY CAUDILL, whose name is otherwise unknown to the Grand Jury, a male, did engage in sexual intercourse with HEATHER MICHELLE AUSTIN, a female, by forcible compulsion, in violation of 13A-6-61 of the Code of Alabama, against the peace and dignity of the State of Alabama."

And

"The Grand Jury of said county charge that,

15

before the finding of this indictment, STANLEY
CAUDILL, whose name is otherwise unknown to the
Grand Jury, did subject RACHEL ANN TAYLOR to sexual
contact by forcible compulsion, in violation of
Section 13A-6-66 of the Code of Alabama, against the
peace and dignity of the State of Alabama."
(Supplement 1 C 11-14).

It is clear that the State of Alabama did not
allege the firearm enhancement in the original
indictment. Therefore, the jury did not make a
specific finding on the firearm enhancement issue.
In fact, to further support the Defendant's
argument, during discussions concerning the firearm
enhancement issue, the Honorable Larry Anderson
stated "I am sorry, I must be missing something
here. I don't remember them telling me anything
about a firearm." (Supplement 2 R 159).

There was testimony from the victims that the
Defendant possessed a BB gun during their travels
from Enterprise to Bonifay. Mrs. Austin testified

16

that the Defendant showed them the gun at a gas station in Bonifay and told them that if they did not have sexual relations with him, he would have to kill a member of their family for the mafia. (Supplement 1 R 124). However, there was never a direct threat to the victims or an immediate danger to their persons by the Defendant.

There was also testimony that the Defendant did not take the gun into the motel at the time he registered for the room, but rather, left it locked in the glove box of the truck. (Supplement 1 R 128).

It is important to recall that the Defendant allegedly threatened the victim's *family*, not the victim's themselves with the BB gun. (Supplement 1 R 24-26). At no time did the Defendant ever threaten or place the victims in immediate danger by use of a firearm.

It is clear that the State of Alabama did not allege the firearm enhancement in the original indictment. Therefore, the jury did not make a

17

specific finding on the firearm enhancement issue.

"The sentence enhancement provisions of subdivisions (a)(4) and (a)(5) apply only where there is a finding that a defendant intentionally used or attempted to use a firearm to commit the felony. <u>Woods v. State</u>, 602 So. 2d 1210 (Ala.Crim.App. 1992). It is clear that the jury did not find a finding on the issue of a firearm itself because it was not alleged in the indictment, supra.

"Jury must find use of firearm in commission of felony. The only requirement for application of subdivision (a)(5) is that the jury must find that the defendant used a firearm in the commission of a Class B or C felony." <u>Ex parte McCree</u>, 554 So. 2d 336 (Ala. 1988).

Again, the Defendant respectfully argues that the jury did not specifically find that the Defendant used a firearm. To view from a different point is to say that the jury may have found the defendant guilty of this crime by *forcible*

18

*compulsion*, but may never have alluded to a firearm issue during their consideration. The jury found the Defendant guilty based on their understanding of the elements of Sexual Abuse First Degree, which includes forcible compulsion, not specifically a firearm issue. Forcible compulsion is not synonymous with the firearm enhancement language. It is clear that the jury was never instructed on a firearm enhancement provision and could not have considered it during their deliberations.

The Defendant's argument is further supported by the fact that the trial court instructed that "forcible compulsion means this; forcible compulsion is physical force that overcomes earnest resistance or it is a threat, expressed or implied, that places a person in fear of death or serious physical injury to herself or another person." (Supplement 2 R 130).

There was testimony that the Defendant threatened the victims' family by a threat of the mafia. In fact the trial court stated, "Forcible

19

compulsion, of course, I mean there was other evidence that threats were made regarding the mafia and that can be forcible compulsion. So, you know, the jury has not determined the issue of firearm or not." (Supplement 2 R 160).

"For a Class C felony, not more than ten years or less than 1 year and 1 day." Section 13A-5-6 Code of Alabama (1975). It is undisputed that the Defendant was convicted of two counts of Sexual Abuse First Degree, which are each Class C felonies. Section 13A-6-66 Code of Alabama (1975). The appropriate range for the crimes was one year and one day up to ten years incarceration in each case.

It is uncontradicted that the trial court imposed the ten-year enhancement without a finding that the firearm enhancement applied. However, the trial court concluded, "It is the judgment of the court that there was testimony regarding a firearm." (Supplement 2 R 165). The trial court further sentenced the Defendant to a term of ten years in

20

each case to run consecutively. (Supplement 2 R 165).

It is the Defendant's argument that although his sentence was within the accurate range for a Class C felony, the trial court erroneously considered the mandatory range of ten years provided by a firearm enhancement, because the jury was never given opportunity to specifically decide the issue. But for the enhancement, the trial court could have sentenced the Defendant to a term of one year and a day in each case. However, by incorrectly applying the enhancement, the trial court erroneously believed that it had to sentence the Defendant to a minimum sentence of ten years in each case. The Defendant respectfully disagrees with the trial court's finding and requests that this Honorable Court reverse/remand the decision imposing the firearm enhancement.

21

III.  THE TRIAL COURT ERRED BY DENYING THE
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL DUE TO
THE STATE FAILING TO PROVE THE "FORCIBLE COMPULSION"
ELEMENT OF THE CRIME.

"In a criminal trial the Defendant must be
found guilty beyond a reasonable doubt of each and
every element of the crime he is charged with.  In
addition, the jury must reasonably find that the
evidence excluded every reasonable hypothesis but
guilt." Owens v. State, 531 So.2d 2 (Ala. Cr. App.
1986).

Forcible Compulsion is defined as "physical
force that overcomes earnest resistance or a
threat, express or implied, that places a person
in fear of immediate death or serious physical
injury to himself or another person." Section 13A-
6-60 (8) Code of Alabama (1975).

The Defendant was convicted of two counts of
Sexual Abuse First Degree, which require an
element of "forcible compulsion".  Section 13A-6-
66 (a)(1) Code of Alabama (1975).

22

It was uncontradicted that the Defendant was a family friend of the victims, who often invited the sisters with him to auctions in Steele City, Florida several times a year. (Supplement 1 R 22). Testimony revealed that on the night in question, April 17, 2001, the Defendant and two females were enroute to an auction in Steele City. They had left Enterprise, Alabama, the victims' hometown, and departed towards Florida. As they arrived in Bonifay, the Defendant allegedly pulled behind a gas station with the two females. He allegedly made a statement about "somebody in the mafia killing a family member if you don't have sex with him". (Supplement 1 R 24).

There was testimony that the Defendant produced a handgun, which was later identified as a BB gun, from the glove box, and showed it to the females. However, the Defendant never threatened the victims directly or made any immediate threat to harm the females with the gun. Specifically,

23

Heather Austin testified, "He just showed it to us". (Supplement 1 R 25).

The victims testified that they had seen the gun before and knew that the Defendant carried it. (Supplement 1 R 26).

There was no evidence that the Defendant directly threatened the victims, specifically, no mention of an *immediate* threat to either of the females or an *immediate* threat to their families.

It is clear that at the time the Defendant allegedly showed the victims the gun, they were many miles from home and many miles from either of the victims' families.    Therefore, the Defendant respectfully argues that there was no *immediate* danger to the victims or their families.

Moreover, the Defendant argues that the State could not have properly proved the elements of "forcible compulsion" because as previously stated in this brief, the trial court erroneously gave the oral charge concerning the definition of forcible

24

compulsion.

At the close of the State's case, the Defendant moved for a judgment of acquittal and based it upon the fact that there was no evidence presented to the Court during the State's case-in-chief that supported a "forcible compulsion" issue. Specifically, there "was some testimony about he threatened their families, but there was never, to my remembrance, any direct threats to either one of the girls." (Supplement 1 R 108).

Based on the lack of evidence supporting an *immediate* threat to either victims or their families, the State failed to prove a vital element of the crime of Sexual Abuse First Degree, and therefore, the Defendant's motion for judgment of acquittal should have been granted.

25

## REPLY TO THE COURT'S AFFIRMING MEMORANDUM

This Honorable Court in its August 22, 2003 memorandum that affirmed the Circuit Court's decision in this case relied on standards set out in precedent case law. However, the Defendant respectfully disagrees with the Honorable Court's finding and submits his reply to the affirming memorandum.

Specifically, the Defendant avers that the trial court did not give an adequate jury instruction on the definition of "forcible compulsion". By omitting the term "immediate" with regard to the fear of death or serious physical injury, the trial court committed plain and reversible error.

"When reviewing jury charges, we must examine the entire charge as a whole, and the language of the charge must be given a reasonable construction, not a strained or unreasonable one". Carroll v. State, 599 So. 2d 1253, 1270 (Ala. Cr.

26

App. 1982), aff'd, 627 So. 2d 874 (Ala. 1993), cert. denied U.S. _____ 114 S. Ct. 1207, 127 L. Ed. 2d 554 (1994).

"An inadvertent error in an instruction that does not cause prejudice is not reversible error". Bighames v. State, 440 So. 2d 1231, 1234 (Ala. Cr. App. 1983).

The Defendant avers that the omission of the term "immediate" was not inadvertent, but rather material to the element of the crime as charged. By omitting the crucial term, the jury was not properly charged on the correct elements of the crime. As a result, the Defendant respectfully requests that this matter be reversed and remanded for re-trial.

Further, the Defendant avers that the trial court improperly applied the firearm enhancement to the Defendant's sentence because it was not alleged in the indictment and, further, not proved beyond a reasonable doubt to the jury.

27

"Jury must find use of firearm in commission of felony. The only requirement for application of subdivision (a)(5) is that the jury must find that the defendant used a firearm in the commission of a Class B or C felony." Ex parte McCree, 554 So. 2d 336 (Ala. 1988).

It is uncontradicted that the trial court imposed the ten-year enhancement without a finding that the firearm enhancement applied. However, the trial court concluded, "It is the judgment of the court that there was testimony regarding a firearm." (Supplement 2 R 165). The Defendant respectfully argues that this was a matter for the jury to decide, not the trial court. By not alleging a firearm enhancement in the indictment, or proving the enhancement during trial to the jury, the trial court erroneously applied the ten-year enhancement to the sentence and this matter is due to be reversed.

28

CONCLUSION

In conclusion, the Defendant submits that it was abuse of trial court's discretion to deny the motion for judgment of acquittal because the State failed to prove the "forcible compulsion" element of Sexual Abuse First Degree.

Moreover, the Defendant argues that the trial court committed reversible error by not correctly instructing the jury on the definition of "forcible compulsion". By omitting the term "immediate" the trial court did not allow the jury to decide on the critical issue of the "immediacy" of the alleged threat.

Further, the Defendant respectfully argues that the trial court erroneously applied the firearm enhancement because the jury never made a specific finding of fact regarding a firearm. The State did not allege a firearm in the indictment, nor did the facts provide for the application of the firearm enhancement. Therefore, the Defendant prays that

29

this Honorable Court will remand and/or reverse this matter.

Respectfully submitted this the 5 day of September 2003.

B. Shaun McGhee
ATTORNEY FOR APPELLANT
P.O. Box 1225
211 W. Main St., Suite 2
Dothan, AL 36302
(334) 702-1744
 (334) 673-1744 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Brief for Appellant on the Honorable William Pryor, Attorney General for the State of Alabama by depositing a copy of same in the United States Mail, properly addressed and with first-class postage prepaid.

Done this the 5 day of September 2003.

B. Shaun McGhee

30