COURT OF CRIMINAL APPEALS NO. _CR-04-0176_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

## CIRCUIT COURT OF ___HOUSTON___ COUNTY, ALABAMA

CIRCUIT COURT NO. __CC2002-1141.60  CC2002-1142.60__

CIRCUIT JUDGE __LARRY K. ANDERSON__

Type of Conviction / Order Appealed From: __RULE 32__

Sentence Imposed: __PETITION DENIED__

Defendant Indigent: [X] YES    [ ] NO

CAUDILL, STANLEY LEE
_____

HON. MARTIN ADAMS        334-792-1900                **NAME OF APPELLANT**
(Appellant's Attorney)                  (Telephone No.)
739 W. MAIN ST
(Address)
DOTHAN,              AL.        36301
(City)              (State)        (Zip Code)

                                    V.

STATE OF ALABAMA
_____
                                                 **NAME OF APPELLEE**
(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)

*EXHIBIT J*

<u>CLERK'S INDEX</u>

CASE ACTION SUMMARY CC2002-1141.60 1-2

CASE ACTION SUMMARY CC2002-1142.60 3-4

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE 5-11

PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY 12

IN FORMA PAUPERIS DECLARATION 13-16

ORDER DATED 2/26/04 ON BOTTOM OF IN FORMA PAUPERIS DECLARATION, GRANTED 17

MOTION FOR SUMMARY DISPOSITION 18-19

ORDER DATED 3-29-04, MOTION FOR SUMMARY DISPOSITION IS SET FOR HEARING APRIL 30, 2004 AT 9:00 A.M. 20

BRIEF IN SUPPORT OF RULE 32 PETITION 21-34

REBUTTAL TO STATE'S RESPONSE AND MOTION FOR SUMMARY DISPOSITION 35-37

REQUEST FOR WITNESSES OR DOCUMENTS FOR TRIAL 38

ORDER DATED 6-16-04, MOTION FOR SUMMARY DISPOSITION IS RESET FOR AUGUST 20, 2004 AT 9:00 A.M. 39

ORDER TO TRANSPORT 40

APPOINTMENT OF COUNSEL 41

ORDER DATED 6-23-04, CONTRACT ATTY MARTIN ADAMS IS APPOINTED COUNSEL FOR DEFENDANT 42

REQUEST FOR WITNESSES OR DOCUMENTS FOR TRIAL 43

ORDER DATED 8-20-04, DEFENDANT WAS NOT TRANSPORTED.  HEARING CONTINUED AND RESET FOR SEPTEMBER 17, 2004 AT 9:00 A.M. 44

TRANSPORT ORDER 45

RULE 32 ORDER 46-48

NOTICE OF APPEAL 49

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT 50-51

REPORTERJ'S TRNACRIPT ORDER -- CRIMINAL 52

ORDER DATED 10-28-04, APPEAL NOTED, FREE TRANSCRIPT ORDERED 53

CLERK'S NOTICE OF APPEAL    CC2002-1141.60 54

CLERK'S NTOICE OF APPEAL CC 2002-1142.60 55

COURT REPORTERS TRANSCRIPT, ANDREA MARTIN 1-30

CERTIFICATE OF COMPLETION 86

```
ACR0372            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001141.60
OPER: STW              CASE ACTION SUMMARY
  E:  1                 CIRCUIT   CRIMINAL                   RUN DATE: 03/04/2004
============================================================================
IN THE CIRCUIT COURT OF  HOUSTON
                                                             JUDGE: LKA

STATE  OF  ALABAMA              VS        CAUDILL STANLEY LEE
                                          # 230597
CASE: CC 2002 001141.60                   P. O. 5107
                                          UNION SPRINGS , AL  36089 0000

DOB: 11/30/1958        SEX: M  RACE: W  HT: 6 00  WT: 200   HR: BRO EYES: GRN
SSN: 312703127  ALIAS NAMES:
============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                            AGENCY/OFFICER: 0380100 OFF B.H

DATE WAR/CAP ISS:                        DATE ARRESTED:
DATE    INDICTED:                        DATE    FILED: 02/26/2004
DATE    RELEASED:                        DATE   HEARING:
BOND      AMOUNT:          $.00          SURETIES:

DATE 1:           DESC:                  TIME: 0000
DATE 2:           DESC:                  TIME: 0000

TRACKING NOS:
     DEF/ATY:   Martin Adams     TYPE: (C)                          TYPE:

                            00000                        00000

PROSECUTOR:
============================================================================
{ CSE:  000000000000 CHK/TICKET NO:                 GRAND JURY:
  JRT REPORTER: _____   SID NO:    000000000
DEF STATUS: JAIL              DEMAND: Y                         OPER: STW
============================================================================
DATE         ACTIONS, JUDGEMENTS, AND NOTES
============================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 2-26-04 | Free Filing Granted (See Front of In Forma Pauperis.) |
| 3-22-04 | Filed D.A's Motion for Summary Disposition. |
| 3/29/04 | Motion for summary dispostition is set for hearing April 30, 2004 at 9:00 a.m. |
| 4-7-04 | _Larry K. Anderson, Judge_  N: DA, Dft. |
| 6-16-2004 | Motion for summary disposition is reset for August 20, 2004 at 9:00A. M. (See order on CC2002-1142.60)  /s/Judge Larry K. Anderson |
| 6-17-04 | notd Deft by mail + DA |
| 6-17-04 | Transport Order (en file)  Appointment of Counsel |
| 6-23-04 | Contract attorney Martin Adams is appointed counsel for defendant |
| 6-24-04 | notd Martin Adams, DA + Dft by mail   _Larry K. Anderson, Judge_ |

STATE OF ALABAMA vs. STANLEY LEE CAUDILL                    CC02-1141

8/20/04 - Defendant was not transported. Hearing continued and reset for
          September 17, 2004 at 9:00 a.m.

                                        *Larry K. Anderson, Judge*

-31-04 Order to transport. N: DA, MA, HCJ & DOC

9-27-2004  Order denying Rule 32 Petition (In File)

10-22-04  Notice of appeal filed by deft., CCA docketing statement and CR transc. order.
          (10-27-04 N: CCA, AG, MA, DA w/ copy of docketing statement and CR trans. order)

10-28-04  *Appeal noted. Free transcript ordered.*

                                        *Anderson, Judge*

11-2-04  Clerk's Notice of appeal to cCA, AG, MA, AM and deft.

```
ACR0372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001142.60
OPER: STW                    CASE ACTION SUMMARY
  GE:   1                    CIRCUIT   CRIMINAL                  RUN DATE: 03/04/2004
IN THE CIRCUIT COURT OF  HOUSTON                                            JUDGE: LKA

STATE  OF  ALABAMA              VS        CAUDILL STANLEY LEE
                                          # 230597
CASE: CC 2002 001142.60                   P. O. 5107
                                          UNION SPRINGS , AL  36089 0000

DOB: 11/30/1958        SEX: M RACE: W HT: 6 00 WT: 200   HR: BRO EYES: GRN
SSN: 312703127  ALIAS NAMES:

CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0380100 OFF B H

DATE WAR/CAP ISS:                      DATE ARRESTED:
DATE    INDICTED:                      DATE    FILED: 02/26/2004
DATE    RELEASED:                      DATE  HEARING:
BOND       AMOUNT:          $.00       SURETIES:

DATE 1:            DESC:                    TIME: 0000
DATE 2:            DESC:                    TIME: 0000

TRACKING NOS:
```

DEF/ATY:    _Martin Adams_ TYPE: (C)                              TYPE:

                              00000                        00000

PROSECUTOR:

```
  TH CSE:  000000000000 CHK/TICKET NO:                    GRAND JURY:
 OURT REPORTER:                    SID NO:    000000000
DEF STATUS: JAIL                  DEMAND: Y                        OPER: STW
DATE       ACTIONS,  JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 2-26-04 | Free Filing Granted (See Front of In Forma Pauperis.) |
| 3-22-04 | Filed D.A's Motion for Summary Disposition. |
| 3-29-04 | Motion for summary disposition is set for hearing April 30, 2004 at 9:00 a.m. _Larry K. Anderson, Judge_ |
| 4-2-04 | N: DA, Deft |
| 6/16/04 | Motion for summary disposition is reset for August 20, 2004 at 9:00 a.m. |
| 6-17-04 | _notfd Deft by mail  Larry K. Anderson, Judge_ _+ DA_ |
| 6-17-04 | _Transport Order (in file)_ |
| 6-22-2004 | Appointment of Counsel |
| 6/23/04 | Contract attorney Martin Adams is appointed counsel for defendant |
| 6-24-04 | _notfd Martin Adams, DA + Deft   Larry K. Anderson, Judge_ _by mail_ |

STATE OF ALABAMA vs. STANLEY LEE CAUDILL                    CC02-1142

8/20/04 - Defendant was not transported. Hearing continued and reset
         for September 17, 2004 at 9:00 a.m.

                                        _Larry K. Anderson, Judge_

8-31-04  Order to transport. N: DA, MA, HCJ + DOC

9-27-2004  Order denying Rule 32 Petition (In file)

10-22-04  Written notice of appeal filed by deft. along w/ CCA docketing statment and
          CR transcript order -- Criminal. (10-27-04 N: CCA, AG, MA and DA w/copy of
          docketing statement and CR trans. order)

10-28-04  Appeal noted, free transcript ordered (see order on CC02-1141)
                                        /s/ Anderson, Judge

11-2-04  Clerk's notice of appeal to CCA, AG, MA, AM and deft

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
## Alabama Rules of Criminal Procedure)

Case Number

| CC | 02 | 1141-1142 |
|----|----|-----------|
| ID | YR | NUMBER |

IN THE _____CIRCUIT_____ COURT OF HOUSTON COUNTY, ALABAMA

_____STANLEY LEE CAUDILL_____ vs. _____STATE OF ALABAMA_____

Petitioner (Full Name)                                          Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number ___#230597___     Place of Confinement ___BULLOCK COR. FACILITY___

County of conviction _____HOUSTON COUNTY, ALABAMA_____

NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _____DOTHAN, HOUSTON COUNTY, ALABAMA_____

2. Date of judgment of conviction ___DECEMBER 9, 2002___

3. Length of sentence ___two 10 years sentences, running consecutive___

4. Nature of offense involved (all counts) ___Two Counts of Sexual Abuse I___

5. What was your plea? (Check one)

   (a) Guilty _____

   (b) Not guilty ___XXX___

   (c) Not guilty by reason of mental disease or defect.

...d of trial: (Check one)

(a)  Jury  XXXX        (b)  Judge only _____

Did you testify at the trial?

Yes _____        No  XXXX

3.  Did you appeal from the judgment of conviction?

Yes  XXXXX        No _____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _____ ALBAMA COURT OF CRIMINAL APPEALS

        (2)  Result _____ AFFIRMED

        (3)  Date of result _____ AUGUST 22, 2003

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _____ NO WRIT OF CERTIORARI WAS FILED.

        (2)  Result _____

        (3)  Date of result _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

0. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____    No XXXXX .

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No _____

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.        Yes _____                No _____

(2) Second petition, etc.       Yes _____                No _____

(2) Third petition, etc.        Yes _____                No _____

ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

__XXXX__ A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____        No XXXX

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____

(b) Result _____

(c) Date of result _____
(attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A. above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____        No XXXX

6

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)  At preliminary hearing _____

JACK A. BLUMENFELD

(b)  At arraignment and plea   JACK A. BLUMENFELD

(c)  At trial  _____

JACK A. BLUMENFELD

(d)  At sentencing    JACK A. BLUMENFELD

_____

(e)  On appeal _____ B. SHAUN MCGHEE

_____

(f)  In any post-conviction proceeding _____
PRO-SE

_____

(g)  On appeal from adverse ruling in a post-conviction proceeding _____
PRO-Se

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes __XXXX__           No _____

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____           No __XXX__

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

(b)  And give date and length of sentence to be served in the future: _____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____           No __XXX__

18.  What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____ **2-27-04** _____
                    (Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _12th_ day of _February_ #_2004_

_____
Notary Public

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES:  Mar 18, 2007

OR *

# ATTORNEY'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
                                    (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19 _____

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

Case Number

| CC | 02 | 1141-1142 |
|----|----|-----------|
| ID | YR | NUMBER |

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

## CIRCUIT COURT OF HOUSTON COUNTY

[Insert appropriate court]

STANLEY LEE CAUDILL     230597
_____
(Petitioner)

vs.

STATE OF ALABAMA
_____
(Respondent(s))

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, ___STANLEY LEE CAUDILL_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____     No __X__

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____N/A_____

    _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____     No __XXX__

    b.  Rent payments, interest, or dividends?

        Yes _____     No __XXXX__

    c.  Pensions, annuities, or life insurance payment

        Yes _____     No __XXXXX__

    d.  Gifts or inheritances?

        Yes _____     No __XXXX__

    e.  Any other sources?

        Yes _____     No __XXX__

FILED
FEB 26 2004

Judy Byrd, Clerk
JUDY BYRD, CLERK
HOUSTON CO. ALA.

Granted    Judge
Anderson
2/26/04

N: DA.
Dept.

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

N/A

Do you own cash, or do you have money in a checking or savings account?

Yes _____          No XXX

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

N/A

4.   Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No XXXX

If the answer is "yes", describe the property and state its approximate value.

N/A

5.   List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

N/A

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _____11-17-03_____
                    (Date)

_____
Signature of Petitioner

CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ 132.88 on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____BULLOCK COUNTY CORR. FACILITY_____ institution:

_____11/24/03_____
    DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

15

### STATE OF ALABAMA
### DEPARTMENT OF CORRECTIONS
### BULLOCK CORRECTIONAL FACILITY

AIS #: 230597     NAME: CAUDILL, STANLEY                    AS OF: 11/24/2003

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| NOV   | 6         | $0.00             | $0.00            |
| DEC   | 31        | $0.00             | $0.00            |
| JAN   | 31        | $0.00             | $0.00            |
| FEB   | 28        | $0.00             | $0.00            |
| MAR   | 31        | $0.00             | $0.00            |
| APR   | 30        | $0.00             | $0.00            |
| MAY   | 31        | $0.00             | $0.00            |
| JUN   | 30        | $0.00             | $0.00            |
| JUL   | 31        | $0.00             | $0.00            |
| AUG   | 31        | $0.00             | $0.00            |
| SEP   | 30        | $38.05            | $100.00          |
| OCT   | 31        | $292.71           | $400.00          |
| NOV   | 24        | $209.73           | $0.00            |

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
KILBY CORRECTIONAL FACILITY

AIS #: 230597      NAME: CAUDILL, STANLEY           AS OF: 11/24/2003

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| NOV   | 6         | $0.00             | $0.00            |
| DEC   | 31        | $0.00             | $0.00            |
| JAN   | 31        | $0.00             | $0.00            |
| FEB   | 28        | $0.00             | $0.00            |
| MAR   | 31        | $0.00             | $0.00            |
| APR   | 30        | $0.00             | $0.00            |
| MAY   | 31        | $0.00             | $0.00            |
| JUN   | 30        | $0.00             | $0.00            |
| JUL   | 31        | $0.00             | $0.00            |
| AUG   | 31        | $0.00             | $0.00            |
| SEP   | 30        | $0.00             | $0.00            |
| OCT   | 31        | $0.00             | $0.00            |
| NOV   | 24        | $0.00             | $0.00            |

000  17

Case Number

| CC | 02 | 1141-1142 |
| ID | YR | NUMBER |

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

CIRCUIT COURT OF HOUSTON COUNTY

(Insert appropriate court)

STANLEY LEE CAUDILL    230597

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I,    STANLEY LEE CAUDILL    , declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay
fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs
of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No __X__

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the
        name and address of your employer.

        _____

        _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and
        wages per month which you received.

        _____N/A_____

        _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____    No __XXX__

    b.  Rent payments, interest, or dividends?

        Yes _____    No __XXXX__

    c.  Pensions, annuities, or life insurance payments?

        Yes _____    No __XXXXX__

    d.  Gifts or inheritances?

        Yes _____    No __XXXX__

    e.  Any other sources?

        Yes _____    No __XXX__

FILED

FEB 26 2004

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO. AL

Granted Judge
Anderson
2/26/04

N: DA.
Dept.

EX PARTE,                           )         IN THE CIRCUIT COURT OF

STANLEY LEE CAUDILL                 )         HOUSTON COUNTY, ALABAMA

VS.                                 )

STATE OF ALABAMA                    )         CASE NO. <u>CC 2002-1141.60 &</u>
                                              <u>CC 2002-1142.60</u>

## <u>MOTION FOR SUMMARY DISPOSITION</u>

Comes now the State of Alabama and moves the Court for an order summarily dismissing the petition filed herein and for reason alleges the following:

1. The petition fails to state a claim for which relief may be granted.

2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.

3. The grounds alleged in the petition either were raised on appeal or could have been but were not raised on appeal.

4. The grounds alleged and facts stated do not amount to newly discovered evidence.

5. The State denies each and every material allegation contained within the petition.

Respectfully submitted this 2nd day of March, 2004.


                                    Gary R. Maxwell
                                    Chief Assistant District Attorney

## CERTIFICATE OF SERVICE

I, Gary R. Maxwell, Chief Assistant District Attorney, hereby certify that I have placed a copy of the same in the U.S. mail, postage prepaid to Stanley Lee Caudill #230597, Bullock County Correctional Facility, P.O. Box 5107, Union Springs, AL 36089 on this _22nd_ day of March, 2004.

*Gary R. Maxwell*

Gary R. Maxwell
Chief Assistant District Attorney

**FILED**

MAR 2 2 2004

*Judy Byrd*

JUDY BYRD, CLERK
HOUSTON CO., AL

20

| 3/29/04 | Motion for summary disposition is set for hearing April 30, 2004 at 9:00 a.m.    _Jerry K. Andrews, Judge_ |

IN THE CIRCUIT COURT OF

HOUSTON COUNTY,  ALABAMA

CASE NO. <u>CC-2000-1141-1142</u>


STANLEY  LEE CAUDILL,
                    PETITIONER,


-V-


STATE OF ALABAMA,
                    RESPONDENT,

---

BRIEF IN SUPPORT OF
RULE 32  PETITION

---


STANLEY LEE CAUDILL, #230597
BULLOCK COUNTY CORRECTIONAL FACILITY
P.O. BOX 5107
UNION SPRINGS,  AL  36089

## ISSUE I

Conviction obtained by a denial of effective assistance of counsel.
Ineffective assistance of Trial Counsel.

### Supporting Facts

The Honorable Jack Blumenfeld was ineffective at Trial due to his failure to strike or remove two biased petit jurors for cause.

Petitioner was denied due process and equal protection of law pursuant to the sixth amendment of the United States, and Alabama Constitution when Trial Counsel failed to strike or remove biased petit jurors for cause.

1. Trial Counsel's failure to not challenge for cause a biased petit juror during the jury voir dire who ended up as one of the jury members. Blumenfeld's performance in failing to strike or remove for cause said juror who stated during her voir examination that she felt she could not give a fair verdict, due to someone who had been raped in her family.

2. Trial Counsel's failure to not challenge for cause another biased juror during the jury voir dire who ended up being foreman of the jury rendered ineffective assistance of counsel to Caudill's trial.

Said jury Foreman stated during his voir examination that he had a problem with some-one who refused to testify in his own behalf, and felt they had something to hide by not testifying. This was clearly deficient performance by the Honorable Jack A. Blumenfeld and it perjudiced Defendant Caudill's defense.

3. The Honorable Jack A. Blumenfeld rendered ineffective asistance of Counsel to Caudill at trial for the following reason, "Blumenfled's performance in failing to strike or remove for cause said two jury members during voir examination who showed bias toward the defense.

4. "IT is obvious that said two jury members should have been challenged for cause or struck from the jury voir dire," by the Honorable Blumenfeld. Said error of trial is clearly unjustifiable as any matter of trial strategy. State v. Terry, 601 So.2d 161.

5.  Trial Counsel's performance in the case at bar was clearly deficient and said deficient performance prejudice the defense to the extent that a different outcome of the trial would have resulted, but for counsel's ineffective performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

6.  The presumption that Counsel's assistance is essential requires the conclusion that a trial is unfair if the accused is denied counsel at a critical stage of his trial similarly, if counsel entirely fails to subject the prosecutions' case to meaningful adversarial testing, then there has been a denial of Sixth Amendment Rights that makes the adversary process itself presumptively unreliable. U.S. v. Cronil, 80 L.Ed.2d 657, 104 S.Ct. 2039.  Based upon the above and foregoing, Defendant Caudill was in fact denied his Constitutional Sixth Amendment Right under the U.S. Constitutional, as well as the Constitution of Alabama of 1901, to the Effective assistance of counsel and his conviction for Sexual Abuse in the first degree is due to be reversed.

## ISSUE II

Conviction obtained by a denial of effective assistance of Counsel.

Ineffective Assistance of Appellate Counsel.

Counsel was ineffective on appeal because the Honorable Shaun McGhee failed to secure a complete trial transcript before filing his appeal Brief.

Petitioner was denied Due Process and Equal Protection of law pursuant to the Sixth Amendment of the United States Constitution, and the Constitution of Alabama, 1901, when his Appellate Counsel failed to secure a complete trial transcript.

Attorney McGhee filed a Reporter's Transcript Order on January 22, 2003. (See Exhibit (A).

Appellate Counsel failed to file a Motion for New Trial (A.R.Cr.P. Rule 24.1).

Petitioner was represented on his first appeal as a right by the Honorable Shaun McGhee.  Attorney McGhee failed to get the following portions of the trial transcript and Court Record, which was critical in filing an appeal in this case.

2

1. The Honorable Shaun McGhee requested a transcript for the organization of the jury (voir dire proceedings) he never received it.

2. The Honorable Shaun McGhee requested a Transcript for the arguments of Counsel (opening and closing arguments) he never received it.

Where a criminal Defendant is represented on appeal by Counsel other than the attorney at trial (as this Petitioner was) The absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to mandate a reversal: Ex Parte Godbolt, 546 So.2d 991 (Ala. 1987); Hammond v. State, 665 So.2d 970; Roberts v. State, 735 So.2d 1244 (Ala. Cr. App. 1997); U.S. V. Selva, 559 F.2d 1303 (5th Cir. 1997); U.S. v. Preciado, 981 F.2d 1206 (11th Cir. 1993).

The [Court Reporters Act 28 U.S.C. 753(b)] and [Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964)] insured a defendant the right to a complete record on appeal.

In the instant case, the ground was laid by the Honorable Shaun McGhee when he filed a Reporter's Transcript Order.

Appellate Counsel knew or resonably should have known that the record was not complete, and the omitted portion of the record was prejudicial for appellate purposes. Yet he failed to file a Motion pursuant to Alabama Rules Of Appellate Procedure, Rule 10(g). This Court would have been left with no choice but to order the Court Reporter to transcribe and complete the record. If the record was not available the Court would have had to conduct an evidentiary hearing where the record would have been re-constructed before an appeal could be filed or order a new trial.

If it were not for Counsel unprofessional error a reasonable probability exist that the outcome of the appeal would have been different.

Because Petitoner was denied his Constitutional Sixth Amendment Right to the Effective Assistance of Counsel his convictions for Sexual Abuse in the First Degree are due to be reversed.

<u>ISSUE III</u>

Conviction obtained by a denial of Effective Assistance of Counsel.

3

Ineffective Assistance of Trial Counsel.

## Supporting Fact

The Honorable Jack A. Blumenfeld was ineffective at Trial due to his failure to perfect a trial strategy in opposition to the prosecutions testimony of one of the alleged victims, Heather Austin that the Defendant had sexual intercourse with her.

Petitioner was denied due process and equal protection of law pursuant to the Sixth and Fourteenth Amendment of the United States Constitution, and the Constitution of Alabama, 1901, when Trial Counsel failed to subpoena medical evidence that Caudill IS impotent.

The Honorable Jack A. Blumenfeld was put on notice by Defendant Caudill approximately four months prior to trial that medical records of his from South East Medical Center in Dothan would verify that Caudill is impotent and based upon this fact it would have been impossible for Defendant Caudill to have raped the said Heather Austin as charged n the indictment, CC-02-1141.

Mrs. Austin testified that she went and laid on the bed and the Defendant got on top of her and that the Defendant "Put his penis in her vagina." (Supplement 1 R 31-32).

Had Trial Counsel obtained said Medical Records from South East Medical Center prior to trial and as requested by Defendant Caudill approximately "Four Months" before he went to trial, said Authenticated Medical Evidence would have proven that Mrs. Austin gave prejured testimony when she testified that Caudill raped her.

Counsel was Deficient wherein he failed to perfect a trial strategy in opposition to the prosecution's case for which he had been put on notice four months prior to trial. In Strickland Supra. The Supreme Court addressed this very situation: The Court agreed that the Sixth Amendment imposes on Counsel a duty to investigate. The Court observed that Counsel's investigatory decisions must be assessed in light of the information known at the time of the decisions, on in hindsight.

Once Defense Counsel was put on notice that the State intended to use testimony at trial of Mrs. Austin, Defense Counsel neglected to obtain the tools at his

4

disposal to adequately prepare a defense and this highly prejudiced the Defendant.

The Supreme Court has instructed that "When a State brings its Judicial power to bear on an indigent Defendant in a criminal proceeding, it must take steps to assure that the Defendant has a fair opportunity to present his defense." Ake v. Oklahoma, 470 U.S. 68, 76, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).

In the instant case the Defendant had appointed counsel, the Honorable Jack A. Blumenfeld. Counsel certainly had the means available to obtain Defendant Caudill's medical records and also subpoena his doctor from South East Medical Center; who would have testified with certainty that Defendant Caudill is impotent. Counsel had no excuse for his failure to place the prosecution's case to a meaningful adversarial test.

Trial Counsel's deficient performance suports Defendant Caudill's claim of ineffective assistance of counsel based upon the fact he failed to utilize the "basic" tools at his disposal that were necessary to launch a meaningful defense. Furthermore, there does exist a reasonable probability that said medical records and testimony would have benefited is defense. The negligense of Counsel to pursue this defense to assist at trial did result in a fundamentally unfair trial, and meets the Strickland test. Also, Williams, v. State, 783 So.2d 108 (Ala. Cr. App. 2000).

Even though Defendant Caudill was convicted of the lesser included offense of Sexual Abuse in the First Degree, in the instant case the fact still exist that the alleged victim, Mrs. Austin, gave prejured testimony which was used in order to convict Defendant Caudill of said offense of Sexual Abuse in the First Degree. Such prejurd testimony which was used by the prosecution in order to convict Defendant Caudill, was in direct violation of his Constitutionally given right to a fair trial.

If it were not for Counsel's unprofessional errors the probability exist that the outcome at trial would have been different. Because Petitioner was denied his Sixth and Fourteenth U. S. Constitutional Amendment Right to the effective assistance of Counsel his conviction for Sexual Abuse in the First Degree is due to be reversed.

## ISSUE    IV

### Ineffective Assistance of Trial Counsel

Counsel was ineffective for his failure to investigate and put on witnesses. Counsel has a duty to exercise diligence in preparing a case for trial and procuring witnesses.

### Supporting    Facts

The Honorable Jack Blumenfeld's performance was "deficient" by his failure to Subpeona and put forth witnesses.

The Honorable Jack Blumenfeld was put on notice by Defendant Caudill four months prior to trial that both Heather Austin and Rachel Mitchel, "Did in fact accompany him alone on numerous occasions after said incident was alleged to have occured." Moreover, that this could be proven by Mr. Melvin Johnson, and his wife, owner of one of the Auctions where Defendant Caudill and said two victims often went to after said incident was to have been alleged to have happened.

Defendant Caudill also advised Trial Counsel that Mr. and Mrs. Johnson, the Defendant and both victims also went together to D.D. Auctions in Wicksburg on numerious occasions after said alleged incident occurred.

Heather Austin testified at trial that "Neither Rachel Mitchell or her went anywhere else with Defendant Caudill after said alleged incident happened.  Supplement R. 54.

Rachel Mitchell testified that she, her grandma and her dad went to one other action with Defendant Caudill after said fact.  She further stated that she never again went anywhere else with Defendant Caudill.  Supplement R. 75.

Petitioner was denied due process and equal protection of law pursuant to the Sixth and Fourteenth Amendments of the United States Constition, and the Constitution of Alabama, 1901, when Trial Counsel failed to subpeona Mr. Johnson to testify at trial, that in fact both victims and Defendant Caudill were often seen by him after said act was alleged to have happened.

Defendant Caudill avers that had Trial Counsel subpeoned Mr. Johnson to testify at trial, his testimony would have proven that both "Mrs. Austin and Mrs. Mitchell did in

6

fact give prejured testimony to the Grand Jury," when they testified that they were never lone with Defendant Caudill again after said incident occurred.

Trial Counsel's failure to seek Mr. Johnson's testimony as part of the defense did in fact have a pervasive effect upon the jury and it effectively enabled the prosecution to use the testimony of Heather Austin and Rachel Mitchell to prejudice the jury for lack of rebuttal to statements made by the so called victims in this cause. Mr. Johnson's testimony would have the effect of showing the jury and this Honorable Court, that not only did the women in question attend actions and other functions of that nature with Defendant Caudill, but attended them knowing that their safety was not in question in the least, fealing safe in the company of the man they had accused of raping them. Any juror who could have believed that this man could have raped these women, and then have those same women attend actions and other functions miles away from friends and family risking a repeat of the accused offense is completely ludicrous. Therefor, Trial Counsel's complete disregard of using testimony that would have had an exculpatory in Defendant Caudill's behalf mandates a clear case of neglignece on the part of Defenandant Caudill's Trial Counsel, which can only be remedied by the testimony of those who saw the women in question as they went about their daily lives, accompanying Defendant Caudill long after the fact when the alleged offense had occurred.

At the least Defendant Caudill's Trial Counsel should have laid out his trial strategy to include any, and all evidence that would have an exculpatory effect on the testimony which was due to be given by Mr. Johnson, and would have effectively rebutted the test-imony given by the alleged victims to the point that their testimony would have shown the jury the how the alleged victims had miss represented the truth to the point they had prejured themselves and their testimony to the allege events that led up to the charging Defendant Caudill with a crime of Rape in the First Degree, and Sexual Abuse in the First Degree. Trial Counsel's negligence in not pursuing exculpatory evidence show how Trial Counsel was guilty of ineffective assistance of Counsel according to the Strickland

7

Supra. Defense Counsel had no choice but to subpeona those witnesses that would give favorable testimony for the Defendant, and in this reguard the Trial Counsel was a complete failure. This leaves the Court with no alternative but to vacate Defendant's judgment, and either give Petitioner a new trial or, for lack of evidence dismiss this whole proceeding with prejudice.

CONCLUSION

The clear and concise issue of Ineffective Assistance of Counsel by Defendant Caudill's Trial Counsel and Appellate Counsel gives this Court the Authority to act in a decisive manner to grant relief to this Petitioner.

First, the record shows quite plainly that the Appellate Counsel never had the complete Trial Transcript at his disposal so as to be able to perfect the Appellat Brief he submitted to the Court of Criminal Appeals, which is a flagrant violation of the Court Reporter's Act U.S.C.A. 28 § 753(B), that guarantees a defendant the right to a complete record on appeal.

Secondly, The Trial Counsel's inadequate performance in securing Defendant Caudill's Medical Records from South East Medical Center, which would have shown the Court that not only could Defendant Caudill not have engaged in any sexual act, but due to his previous seven heart attacks and one stroke, sex would have been detrimental to his health. Defendant Caudill's medications are such that his Doctor would of had to testify to his inability to perform any type of sex.

Also, Trial Counsel's refusal to subpeona Mr. Johnson, whose exculpatory testimony regarding as owner of D.D. Auctions could show by his records that both alleged victims, Defendant Caudill were paid from his accounts many times after the alleged rape had occurred. Can the Court ask itself, Why would these girls ride to an auction miles away from the safety of their homes with a man who had supposedly rape them, knowing that the same thing could happen again? Any reasonable person would assume that these women would be very hesitant to go with someone who had already raped them, but these women did not.

Furthermore, the alleged victim's conflicting testimony should have thrown a red flag

8

to both the Court and to the jury. For instance, the mentioning of a Mafia connection, Which was never told to the police during their investigation, and was only brought out in court. More conflicting testimony came when neither Heather Austin nor Rachel could agree on who was driving at the time of the incident or where they had stopped, both women's testimony is in conflict on this point along with the Hotel in Bonifay, why drive another 60 miles to Dothan. Even more amazing is the fact that about 4 months after this incident was allegedly to have occurred, the alleged victims moved to a house just 4 doors down from Pititioner's house.

The District Attorney stated at trial that he did not have enough evidence to convict Defendant Caudill of Sexual Abuse, as there was no direct proof that it had happened.

WHEREFORE, from above stated premises the Petitioner prays that this Honorable Court will grant relief to the Petitioner, as his Sixth and Fourteenth Amendment Rights to the Constitution of the United States, and the Constitution of Alabama, 1901, the Rules of Appellate Procedure, Rule 10(g), The Effective Assistance of Counsel has been denied Defendant Caudill and this is a manifest injustice to Petitioner, Caudill.

For this the Petitioner forever prays.

Done this 17 day of February, 2004.

Respectfully Submitted,

Stanley Caudill, Pro-Se
P.O. Box 5107
Union Springs, Al 36089

9

31

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief in Support of Rule 32 has been served upon the Clerk of the Circuit Court of Houston County, Judy C. Byrd, P.O. Drawer 6406, Dothan, Al 36302, and the District Attorney, Douglas A. Valeska, P.O. Box 1632, Dothan, Al 36302-1632, by placing same in the U.S. mail, first class postage prepaid, and correctly addressed.

Done this 17 day of February, 2004.

Stanley Caudill

32

EXHIBIT 5
(A)

Criminal Appeal No._____

# REPORTER'S TRANSCRIPT ORDER -- CRIMINAL

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF
NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED
WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

XX CIRCUIT COURT  __DISTRICT COURT  __JUVENILE COURT OF HOUSTON
     COUNTY

STANLEY LEE CAUDILL
        Appellant,

v.

STATE OF ALABAMA
        Appellee.

Case Number: CC-02-1141

Date of Judgment/Sentence/Order: 01/10/03

Date of Notice of Appeal:
Oral:            Written: 01/13/03
Indigent Status Granted: Yes

FILED

JAN 2 3 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

## PART 1.  TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I certify that no reporter's transcript is expected and that the record on appeal shall consist
of the clerk's record only.  If the appeal is from District Court or Juvenile Court, I also
certify (1)  that a stipulation of facts will be included in the clerk's record and that the
appellant waives his right to a jury trial if so entitled; or (2) that the parties have
stipulated that only questions of law are involved and that the questions will be certified
by the Juvenile/District Court for inclusion in the clerk's record (See Rule 28(A)(1),
Alabama Rules of Juvenile Procedure, and ' 12-12-72, *Code of Alabama*, 1975).

Signature                                          Date
Shaun McGhee

**PART 2.  DESIGNATION OF PROCEEDING TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case.

MARK PROCEEDINGS REQUESTED

COURT REPORTER(S)
William R. Moeglin
P. O. Box 6406
Dothan, AL 36302

A.  XX  TRIAL PROCEEDINGS

B.  XX  ORGANIZATION OF THE JURY                Same

C.  XX  ARGUMENTS OF COUNSEL                    Same

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL.

ADDITIONAL PROCEEDINGS REQUESTED    DATE    COURT REPORTERS

D.  All Pre-Trial Hearings    _____    William R. Moeglin

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective.  Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript.  A general designation such as all proceedings is not sufficient.  (See Rule 10(c)(2), A.R.App.P.)

**PART 3.  MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I certify that I have distributed this form as set out below.  I also certify (1) that I have made satisfactory financial arrangements with each court reporter listed above for preparing his or her portion of the reporter's transcript herein requested; or (2) that the appellant proceeded at trial as an indigent and that status has not been revoked; or, (3) that the appellant has been given permission to proceed on appeal in forma pauperis.

Signature
B. Shaun McGhee

1/22/03
Date

FILED

JAN 2 3 2003

JUDY BYRD, CLERK
HOUSTON CO., AL

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

IN THE CIRCUIT COURT OF

HOUSTON COUNTY, ALABAMA

STANLEY LEE CAUDILL,                    *

      PETITIONER,                    *

                               *

          V.                    *      CASE NO. CC-02-114.60

                               *

                               *

STATE OF ALABAMA,                    *      **FILED**

      RESPONDENT,                    *      APR 0 5 2004

                               *      *Judy Byrd*

                               *      JUDY BYRD, CLERK
                                       HOUSTON CO., AL

## REBUTTAL TO STATE'S RESPONSE AND MOTION FOR SUMMARY DISPOSITION

Comes now the Petitioner, Stanley Lee Caudill, Pro-Se, according to the appropriate rule and authority in the above cause and respectfully submits the following:

1.  Rebuttal to State's assertion, (1). "The Petition fails to state a claim for which relief may be granted."

The Petitioner avers that where the State relies on the lack of specifics as a ground for the denial of a hearing, the burden is upon the State to assert and show the specific ground of preclusion, and there should be a hearing. Ex Parte Rice, 565 So.2d 606 (Ala. 1990).

2.  Rebuttal to State's assertion, (2). "The grounds alleged in the Petition either were raised at trial or could have been, but were not raised at trial."

The Petitioner avers that the claims in the instant Petition were not raised at trial. The State is absolutely corect that these claims could have been, but were not raised at trial, because the allegation in the Petition are meritorious on its face, it would be error to dismiss Petition, or to not hold an evidentiary hearing. If a Petitioner pleads facts that, on its face, may be meritorious with regard to

1

If a Petitioner pleads facts that, on its face, may be meritorious with regard to ineffective assistance of counsel claim, it is error to not address these claims by either holding an evidnetiary hearing or by taking evidence by affidavit or with interrogatories or deposition; Russell v. State,[2003 WC. 203196, January 31, 2003, _____So.2d (Ala. Cr. App. 2003)].

3.  Rebuttal to State's assertion; (3). "The grounds alleged in the Petition either were raised on Appeal or could have been, but were not raised on Appeal."

The Petitioner avers that the District Attorney's Response is a standard form REponse that merely and generally denies the substantive merits of the allegation of the Petition and alleges that the issue of Ineffective Assistance shold have been raised on Direct Appeal, that response does not provide a basis for a denial of a Petition. Ex Parte Rivers, 597 So.2d 1308, 1310 (Ala. 1991).

4.  Rebuttal to State's assertion; (4). "The grounds alleged and facts stated do not amount to newly discovered evidence."

The Petitioner avers that the Constitutional claims need not meet a newly discovered evidence standard. See Ex Parte Pierce,[MS 1981270, Sept. 1, 2000] _____ So2d_____(Ala. 2000). (holding that a Constitutional violation clain under Rule 32.1(a), A.R.Cr.P., need not meet the requirements of a "newly discovered" evidence claim under Rule 32.1(e), A.R.Cr.P.), Also cited at Ex Parte Max Landon Payne v. State, 791 So.2d 408.

5.  Rebuttal to State's assertion; (5). "The State denies each and every material allegation contained within the Petition."

The Petitioner avers that when a Petition contains matters which if true would entitle the Petitioner to relief, an Evidentiary Hearing must be held.

2

37

HEREFORE, the Petitioner moves this Honorable Court to deny the Respondent's Motion for Summary Disposition, and set this matter for an Evidentiary Hearing at the next available docket.

For this the Petitioner forever prays.

Done this __1__ day of April, 2004.

Respectfully Submitted,

*Stanley L. Caudill*
Stanley L. Caudill
P.O. Box 5107
Union Springs, Al 36089

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served upon the Clerk of the Circuit Court, Judy C. Byrd, P.O. Drawer 6406, Dothan, Al 36302, and the District Attorney, Douglas Valeska, P.O. Box 1632, Dothan, Al 36302, by placing same in the U.S. mail, first class postage prepaid, and correctly addressed.

Done this __1__ day of April, 2004.

*Stanley L. Caudill*
Stanley L. Caudill

State of Alabama
Unified Judicial System
Dept. of Court Mgmt.

Form SC-C-12  1-77

PLEASE PRINT OR TYPE

# REQUEST FOR WITNESSES
# OR DOCUMENTS FOR TRIAL

| Case Number | | |
|---|---|---|
| CC 2002 | 1141.60 | |
| CC 2002 | 1142.60 | |
| ID | YR | Number |

IN THE ___Circuit___ COURT OF ___Houston___ COUNTY

Plaintiff ___State of Alabama___ vs. Defendant ___STANLEY LEE CAUDILL___

In The Matter of: ___Hearing (Rule 32)___

Court Date: ___April 30___ , ___2004___ Court Time: ___9:00 A.M.___

| TO BE COMPLETED BY REQUESTER | COURT USE ONLY |
|---|---|

The following witness(es) are requested to appear and to bring the following documents (if applicable):

Civil witness fee = $1.50 per day
State Criminal Witness fee = $.75 per day
Mileage = $.05 per mile

xxxX Plaintiff/State    ☐ Other ___

☐ Defendant

| | Order Issue Date | Order Return Date | Miles | Days | Cert. Date | Cert. No. | Check No. | Check Amt. |
|---|---|---|---|---|---|---|---|---|
| #1 Name: Shaun McGhee Address: 188 N. Foster St. Ste. 101 Dothan, AL 36303 Documents: (Use separate sheet if necessary) | 4-27-04 6-17-04 | | | | | | | |
| #2 Name: Jack Blumenfeld Address: 313 N. Foster St. Dothan, AL 36303 Documents: (Use separate sheet if necessary) | 4-27-04 6-17-04 | | | | | | | |
| Name: Address: Documents: (Use separate sheet if necessary) | | | | | | | | |
| Name: Address: Documents: (Use separate sheet if necessary) | | | | | | | | |

FILED

APR 23 2004

Date Requested: ___April 23, 2004___

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL.

Date Received: ___
Amount Received: ___
Receipt Number: ___

DAV/9K

| 6/16/04 | Motion for summary disposition is reset for August 20, 2004 at 9:00 a.m. |

_Tracy K. Anderson, Judge_

40

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
CRIMINAL DIVISION

STATE OF ALABAMA,                    )

     PLAINTIFF,                     )

                                    )     *CC02-1141.60+*

V.                                    )     CC 02-1142.60

STANLEY LEE CAUDILL,                  )

     DEFENDANT.                     )

## ORDER

TO:  LAMAR GLOVER, HOUSTON COUNTY SHERIFF
     AND THE STATE OF ALABAMA, BOARD OF CORRECTIONS

You are hereby requested to pickup and transport, STANLEY LEE CAUDILL, confined by the Board of Correction System under safe and secure conduct before the Circuit Court of Houston County, Alabama, at Dothan, on or before August 20, 2004, for the following purpose: For the Defendant has Rule 32 hearing set for August 20, 2004 at 9:00 A.M. before Judge Anderson.

Immediately afterward, you are requested to arrange for the transport of the above-named person back into the custody of the Board of Corrections, State of Alabama.

DONE AND ORDERED this the 16 day of June 2004.

_____
LARRY K. ANDERSON, CIRCUIT JUDGE
20th Judicial Circuit of Alabama

*6-17-04 mailed copy to DA, by DA, A Lindsey (2), C Atchison at DOC*

**FILED**

JUN 1 7 2004

JUDY BYRD, CLERK
HOUSTON CO. AL

41

IN THE CIRCUIT COURT OF

Houston COUNTY,

ALABAMA

Stanley Lee Caudill
          Petitioner,

[
]
[
]
Vs.                                          [          CASE NO: CC02-114.60 +
                                             ]                   CC02-1142.60
STATE OF ALABAMA                             [
          Respondent,                        ]

*************************************************************

APPOINTMENT OF COUNSEL

      Comes now the Petitioner Stanley Lee Caudill
by and through himself, in the above-styled cause, and requests
this Honorable Court to appoint counsel for the Petitioner in
the post conviction remedy now before this Honorable Court.


      As legal grounds for Petitioner request, Petitioner would
cite the following;

      Alabama Rules of Criminal Procedure, Rule 32.7 (c)
Appointment of Counsel. "If the court does not summarily
dismiss the petition, and if it appears that the petitioner
is indigent or otherwise unable to obtain the assistance
of counsel and desires the assistance of counsel, and it
further appears that counsel is necessary to assert or
protect the rights of the petitioner, the court shall
appoint counsel.

      The Petitioner ardently prays that this Honorable Court
grant the petitioners request done this day.


Respectfully submitted by Stanley Lee Caudill



Bullock County Correctional Facility
P.O. Box 5107
Union Springs, Al. 36089

JUN 22 2004

HOUSTON CO. AL

42

| 6/23/04 | Contract attorney Martin Adams is appointed counsel for defendant. |

PLEASE PRINT OR TYPE

| State of Alabama<br>Unified Judicial System<br>ept. of Court Mgmt.<br><br>Form SC-C-12 1-77 | **REQUEST FOR WITNESSES<br>OR DOCUMENTS FOR TRIAL** | **Case Number** |
|---|---|---|
| | | CC    2002    1141.60<br>CC    2002    1142.60<br>ID    YR    Number |

IN THE ___Circuit___    COURT OF ___Houston___    COUNTY

Plaintiff ___State of Alabama___    vs.    Defendant ___STANLEY LEE CAUDILL___

In The Matter of: ___Rule 32___

Court Date: ___August 20___, ___2004___    Court Time: ___9:00 A.M.___

| **TO BE COMPLETED BY REQUESTER** | **COURT USE ONLY** | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| The following witness(es) are requested to appear and to bring the following documents (if applicable): | Civil witness fee = $1.50 per day<br>State Criminal Witness fee = $.75 per day<br>Mileage = $.05 per mile | | | | | | | |
| XXXXXX Plaintiff/State    ☐ Other _____ <br>☐ Defendant | **Order Issue Date** | **Order Return Date** | **Miles** | **Days** | **Cert. Date** | **Cert. No.** | **Check No.** | **Check Amt.** |
| Name: ___Mr. Shaun McGhee___<br>Address: ___188 N. Foster St., Ste. 101___<br>___Dothan, AL 36303___<br>Documents: (Use separate sheet if necessary) | 8/6/04 | | | | | | | |
| Name: ___Mr. Jack Blumenfeld___<br>Address: ___313 N. Foster St.___<br>___Dothan, AL 36303___<br>Documents: (Use separate sheet if necessary) | 8/6/04 | | | | | | | |
| Name: _____<br>Address: _____<br>Documents: (Use separate sheet if necessary) | | | | | | | | |
| Name: _____<br>Address: _____<br>Documents: (Use separate sheet if necessary) | | | | | | FILED<br>AUG 03 2004<br>*Judy Byrd*<br>CLERK CIRCUIT CLERK<br>HOUSTON CO. AL | | |

Date Requested: ___August 30 2004___

Date Received: _____<br>Amount Received: _____<br>Receipt Number: _____

DAV/gk

STATE OF ALABAMA vs. STANLEY LEE CAUDILL                    CC02-1142

8/20/04 - Defendant was not transported. Hearing continued and reset
         for September 17, 2004 at 9:00 a.m.

                                    _Larry K. Anderson, Judge_

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
CRIMINAL DIVISION

STATE OF ALABAMA,              )
                               )
    PLAINTIFF,                 )
                               )
V.                             )      CC 02-114.1.60
                               )      CC 02-1142.60
STANLEY LEE CAUDILL,           )
                               )
    DEFENDANT.                 )

## ORDER

TO:  LAMAR GLOVER, HOUSTON COUNTY SHERIFF
     AND THE STATE OF ALABAMA, BOARD OF CORRECTIONS

You are hereby requested to pickup and transport, STANLEY LEE CAUDILL, confined by the Board of Correction System under safe and secure conduct before the Circuit Court of Houston County, Alabama, at Dothan, on or before September 17, 2004, for the following purpose: For the Defendant has Rule 32 hearing set for September 17, 2004 at 9:00 A.M. before Judge Anderson.

Immediately afterward, you are requested to arrange for the transport of the above-named person back into the custody of the Board of Corrections, State of Alabama.

DONE AND ORDERED this the 31 day of August 2004.

**FILED**

AUG 3 1 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

_Larry K. Anderson, Judge_
LARRY K. ANDERSON, CIRCUIT JUDGE
20th Judicial Circuit of Alabama

46

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
CRIMINAL DIVISION


STATE OF ALABAMA,              )
                              )
     PLAINTIFF,               )
                              )
VS.                           )  CASE NO. CC02-1141 & 1142
                              )
STANLEY LEE CAUDILL,          )
                              )
     DEFENDANT.               )


## RULE 32 ORDER

The matter before the Court is Petitioner's request for Rule 32 relief. An evidentiary hearing was conducted September 17, 2004. The State was represented through its assistant district attorney Mr. Arthur Medley. The Defendant was present with his attorney Mr. John Steensland.

Petitioner raises the issue of ineffective assistance of trial counsel and appellate counsel. Specifically, Petitioner claims the following: 1) That two jurors indicated a bias during voir dire and were left on the jury; 2) That trial counsel failed to introduce medical records to show that Petitioner was impotent; 3) That trial counsel had no specific trial strategy; And 4) that trial counsel failed to call witnesses beneficial to the Petitioner. Petitioner further claims that appellate counsel failed to have access to the entire transcript on the appeal.

The Defendant was charged by indictment with Rape in the

First Degree in CC02-1141 and with Sexual Abuse in the First

Degree in CC02-1142. The indictments allege different victims.

The jury returned a verdict of guilty of Sexual Abuse in the

First Degree, the lesser in offense, in CC02- 1141.

The Petitioner called his trial attorney Jack Blumenfeld as

a witness in the Rule 32 hearing. Mr. Blumenfeld denied that any

juror was biased. He indicated further that if there had been any

indication of juror bias he would have struck the juror. He

further stated that during the trial, evidence was introduced

regarding the Defendant's allegation of impotence, and the jury

must have believed this evidence because the jury returned a

verdict in favor of the lesser included offense, Sexual Abuse in

the First Degree. Attorney Blumenfeld stated that the Defendant

gave him the names of witnesses and he interviewed these

witnesses. After the interviews Mr. Blumenfeld stated he did not

believe these witnesses would help the Defendant. He further

stated that there was a trial strategy and he believed that he

was successful insofar as the Defendant was convicted of the

lesser included offense.

Appellate counsel was Mr. Shaun McGhee. Mr. McGhee testified

and the record corroborates that he had in his possession the

entire trial transcript for appellate purposes.

Based on the testimony of Mr. Blumenfeld and Mr. McGhee and

this Court's knowledge of the trial, the Court is reasonably

satisfied that Mr. Caudill's Rule 32 petition is due to be and is

48

hereby denied.

ORDERED this the 24 day of September 2004.

_____
LARRY K. ANDERSON
CIRCUIT JUDGE

**FILED**

SEP 2 7 2004

JUDY BYRD, CLERK
HOUSTON CO., AL

9-27-04
note
Martin (Adams,)
DA + Dft
by mail

49

NOTICE OF APPEAL

TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

STANLEY LEE CAUDILL,
    APPELLANT,

In the Circuit Court of Houston
County,

       v.

Case No. CC-02-1141
           CC-02-1142

STATE OF ALABAMA,
    Appellee,

Date of Judgment:  September 24, 2004

Dismissal  of Rule 32 Petition

    Notice is hereby given that Stanley Lee Caudill appeals to the above-named Court from the judgment of Petitioner's Rule 32 petition entered in this case on 24th of September, 2004, dismissing the Petitioner's Rule 32 Petition.

    Done this 4 of October, 2004.

Respectfully  Submitted,

*Stanley Lee Caudill #230597*
Stanley Lee Caudill, #230597
P.O. Box 5107
Union Springs,  Al  36089

**FILED**

OCT 2 2 2004

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO. AL

| State of Alabama<br>Unified Judicial System<br>ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number |
|---|---|---|

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT    ☐ DISTRICT COURT    ☐ JUVENILE COURT OF    HOUSTON

_____ COUNTY

STANLEY LEE CAUDILL

V.    ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____, Appellant

| Case Number<br>CC-02-1141/CC-02-1142 | Date of Complaint or Indictment | Date of Judgment/Sentence/Order<br>September 24, 2004 |
|---|---|---|
| Number of Days of Trial/Hearing<br>ONE                    Days | Date of Notice of Appeal<br>Oral: | |
| Indigent Status Requested: ☒ Yes ☐ No | Indigent Status Granted: ☒ Yes ☐ No | Written: OCTOBER 4, 2004 |

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed   ☐ Retained.    If no attorney, will appellant represent self? ☒ Yes  ☐ No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)

STANLEY LEE CAUDILL

| Address<br>P.O. BOX 5107 | City<br>UNION SPRINGS, | Telephone Number<br>N/A<br>State    Zip Code<br>AL        36089 |
|---|---|---|

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

defendant

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| | Case Number  OCT 2 2 2004 |

**FILED**

JUDY BYRD, CLERK
HOUSTON CO., AL

**D. TYPE OF APPEAL:** Please check the applicable block.

| 1 ☐ State Conviction | 4 ☐ Pretrial Order | 7 ☐ Juvenile Transfer Order |
|---|---|---|
| 2 ☒ Post-Conviction Remedy | 5 ☐ Contempt Adjudication | 8 ☐ Juvenile Delinquency |
| 3 ☐ Probation Revocation | 6 ☐ Municipal Conviction | 9 ☐ Habeas Corpus Petition |

Rule 32 Petition

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

| 1 ☐ Capital Offense - § _____ | 6 ☐ Trafficking in Drugs - § _____ | 11 ☐ Fraudulent Practices - § _____ |
|---|---|---|
| 2 ☐ Homicide - § _____ | 7 ☐ Theft - § _____ | 12 ☐ Offense Against Family - § _____ |
| 3 ☐ Assault - § _____ | 8 ☐ Damage or Intrusion to Property - § _____ | 13 ☐ Traffic - DUI - § _____ |
| 4 ☐ Kidnapping/Unlawful Imprisonment - § _____ | 9 ☐ Escape - § _____ | 14 ☐ Traffic - Other - § _____ |
| 5 ☐ Drug Possession - § _____ | 10 ☐ Weapons/Firearms - § _____ | 15 ☒ Miscellaneous (Specify):<br>Rape                    - § 13A-6-61 |

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☒ Yes  ☐ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  October 4, 2004
(Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☒ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐ Yes ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 04 | 01 | 04 | RULE 32 PETITION | SEPT. | 24 | 04 |
| | | | | | | |
| | | | | | | |

---

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Petitioner was indicted for Rape in the first degree, Case No. CC-02-1141, and with Sexual Abuse in the First degree in CC-02-1142.

The jury returned a verdict of guilty of Sexual Abuse in the First degree,

        RULE 32 PETITION                                    SEPT.   24    04



---

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

        TITIONER HAD A HEARING ON SEPTEMBER 17, 2004, to ADDRESS THE FOLLOWING
        ISSUES.

    1. That two jurors indicated a bias during voir dire and were left on the jury.

    2. That trial counsel failed to introduce medical records to show that Petitioner
       was impotent.

    3. That trial counsel had no specific trial strategy.

    4. That trial counsel failed to call witnesses beneficial to the Petitioner.

---

**K. SIGNATURE:**

_Stanley Carlo_ 10-04-04

        Signature of Attorney/Party filing this Form

| State of Alabama Unified Judicial System | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL | Criminal Appeal Number |
|---|---|---|
| Form ARAP-1C     8/91 | See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | ___ - ___ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

X [X] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF     HOUSTON                                    COUNTY

STANLEY LEE CAUDILL                                                                        , Appellant

V. X [ ] STATE OF ALABAMA     [ ] MUNICIPALITY OF _____

| Case Number CC-02-1141/CC-02-1142 | Date of Judgment/Sentence/Order     September 24, 2004 |
|---|---|
| Date of Notice of Appeal Oral:     Written: October 4, 2004 | Indigent Status Granted:     X [X] Yes   [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

Signature _____   Date _____   Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:

COURT REPORTER(S)

A. [ ] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.     _____

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)     _____

C. [X] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)     _____

FILED

OCT 2 2 2004

Judy Byrd

Judy Byrd, CLERK

HOUSTON CO., AL

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D.  Appellant had a hearing on Rule 32 | 9/17/04 | Hearing was transcribed |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Signature _Stanley Lee Caudill_   Date _10-4-04_   Print or Type Name STANLEY LEE CAUDILL

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals.   (2) the District Attorney. (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

10/27/04 N'COA MA

0000 53

0-28-04    Appeal noted. Free transcript ordered.

Anderson, Judge

ACR371                    )  ALABAMA JUDICIAL DATA CENTER                            54
              NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                            BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT  OF    HOUSTON COUNTY
      TATE OF ALABAMA VS CAUDILL STANLEY LEE        JUDGE: LARRY K ANDERSON
--------------------------------------------------------------------------
| APPEAL DATE: 10/22/2004
|-------------------------------------------------------------------------
| INDIGENCY STATUS:
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:     __X__ YES    __X__ NO
|   INDIGENT STATUS REVOKED ON APPEAL:                 _____ YES    __X__ NO
|   INDIGENT STATUS GRANTED ON APPEAL:                 __X__ YES    _____ NO
|
| DEATH PENALTY: NO
|
| APPEAL TYPE: RULE 32 PETITION
|-------------------------------------------------------------------------
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.
|
| CO/CASE NUMBER: 38/CC 2002 001141.60
|
| ORDER ENTERED(DATE): 09272004 PETITION: __DISMISSED  X DENIED  __GRANTED
|-------------------------------------------------------------------------
| POST-JUDGMENT MOTIONS FILED:      DT FILED        DT DENIED     CON BY AGREE
| ___ MOTION FOR NEW TRIAL          --------        ---------     ------------
| ___ MOTION FOR JUDG. OF ACQUIT    --------        ---------     ------------
| ___ MOTION TO W/D GUILTY PLEA     --------        ---------     ------------
| ___ MOTION FOR ATTY TO W/DRAW     --------        ---------     ------------
| ___ OTHER                         --------        ---------     ------------
|-------------------------------------------------------------------------
| COURT REPORTER(S):
| ADDRESS:                          --------------------------------
|                                   --------------------------------
| APPELLATE COUNSEL #1:             --------------------------------
| ADDRESS:                          ADAMS RICHARD MARTIN
|                                   PARKMAN & ASSOC.
|                                   739 WEST MAIN ST.
| PHONE NUMBER:                     DOTHAN          ,  AL   36301
|                                   334-792-1900
| APPELLATE COUNSEL #2:
| ADDRESS:                          --------------------------------
|                                   --------------------------------
|                                   --------------------------------
| PHONE NUMBER:                     --------------------------------
|
| APPELLANT (PRO SE):
| ADDRESS:                          CAUDILL STANLEY LEE
|                                   # 230597
| AIS #:                            UNION SPRINGS , AL  360890000
|
| APPELLEE (IF CITY APPEAL):
| ADDRESS:                          --------------------------------
|                                   --------------------------------
|                                   --------------------------------
--------------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY                    OPERATOR: RHM
KNOWLEDGE AND I HAVE SERVED A COPY OF              PREPARED: 11/02/2004
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 2nd DAY OF _NOV___,04_       ___Judy Byrd_____
                                                    CIRCUIT COURT CLERK

ACR371                          ) ALABAMA JUDICIAL DATA CENTER
              NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                              BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT  OF    HOUSTON COUNTY
STATE OF ALABAMA VS CAUDILL STANLEY LEE          JUDGE: LARRY K ANDERSON

```
| APPEAL DATE: 10/22/2004
|--------------------------------------------------------------------
| INDIGENCY STATUS:
|    GRANTED INDIGENCY STATUS AT TRIAL COURT:
|    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   __X__ YES   __X__ NO
|    INDIGENT STATUS REVOKED ON APPEAL:               _____ YES   __X__ NO
|    INDIGENT STATUS GRANTED ON APPEAL:               __X__ YES   _____ NO
|
| DEATH PENALTY: NO
|
| APPEAL TYPE: RULE 32 PETITION
|--------------------------------------------------------------------
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.
| CO/CASE NUMBER: 38/CC 2002 001142.60
| ORDER ENTERED(DATE): 09272004 PETITION: __DISMISSED  X DENIED  __GRANTED
|--------------------------------------------------------------------
| POST-JUDGMENT MOTIONS FILED:    DT FILED      DT DENIED     CON BY AGREE
| ___ MOTION FOR NEW TRIAL        ---------     ---------     ------------
| ___ MOTION FOR JUDG. OF ACQUIT  ---------     ---------     ------------
| ___ MOTION TO W/D GUILTY PLEA   ---------     ---------     ------------
| ___ MOTION FOR ATTY TO W/DRAW   ---------     ---------     ------------
| ___ OTHER                       ---------     ---------     ------------
|--------------------------------------------------------------------
| COURT REPORTER(S):
| ADDRESS:                        ------------------------------
|                                 ------------------------------
|                                 ------------------------------
| APPELLATE COUNSEL #1:
| ADDRESS:                        ADAMS RICHARD MARTIN
|                                 PARKMAN & ASSOC.
|                                 739 WEST MAIN ST.
| PHONE NUMBER:                   DOTHAN           ,  AL   36301
|                                 334-792-1900
| APPELLATE COUNSEL #2:
| ADDRESS:                        ------------------------------
|                                 ------------------------------
|                                 ------------------------------
| PHONE NUMBER:                   ------------------------------
| APPELLANT (PRO SE):
| ADDRESS:                        CAUDILL STANLEY LEE
|                                 # 230597
| AIS #:                          UNION SPRINGS   ,  AL   360890000
|
| APPELLEE (IF CITY APPEAL):
| ADDRESS:                        ------------------------------
|                                 ------------------------------
|                                 ------------------------------
|--------------------------------------------------------------------
```

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY            PREPARED: 11/02/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 2nd DAY OF NOV___.04      -------------------------
                                              CIRCUIT COURT CLERK

1    IN THE STATE OF ALABAMA

2    FOR THE COUNTY OF HOUSTON

3    TWENTIETH JUDICIAL CIRCUIT

4    CRIMINAL DIVISION

5

6    STATE OF ALABAMA,

7            Plaintiff,

8    vs.                        Case No. CC-02-1142.60

9    STANLEY LEE CAUDILL,

10           Defendant.

11    _____

12

13                    RULE 32

14              September 17, 2004

15

16

17            BEFORE THE HONORABLE

18            LARRY K. ANDERSON

19    AT THE HOUSTON COUNTY COURTHOUSE

20            DOTHAN, ALABAMA

21

22

23

24        Andrea E. Martin, RMR, CRR
              Official Court Reporter

25

1                    A P P E A R A N C E S

2         ON BEHALF OF THE STATE:

3         Arthur R. Medley, Esq.
          Assistant District Attorney
4         Dothan, Alabama

5
          ON BEHALF OF THE DEFENDANT:
6
          John Steensland, Esq.
7         Attorney at Law
          Dothan, Alabama
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXAMINATION INDEX

STANLEY LEE CAUDILL
      DIRECT BY MR. STEENSLAND          5
      CROSS BY MR. MEDLEY              11

JACK BLUMENFELD
      DIRECT BY MR. STEENSLAND         17
      CROSS BY MR. MEDLEY             20

SHAUN MCGHEE
      DIRECT BY MR. STEENSLAND        24

<u>**PROCEEDINGS**</u>

1

2    THE COURT:  Before we begin, Mr. Steensland,

3    you want to inform the Court of the basic

4    allegations?

5    MR. STEENSLAND:  I believe there are -- the

6    bulk of it is against Mr. Blumenfeld,

7    ineffective assistance of counsel at trial.

8    Specifically, there were some issues that

9    Mr. Caudill had with jury selection, the

10   striking -- or the nonstriking, I guess, of two

11   jurors that appeared to be biased, an issue with

12   his medical records, the defendant alleging he

13   was impotent and the existence of those medical

14   records and whether or not they were used at

15   trial on his behalf.

16   There was another issue regarding trial

17   strategy used and also the subpoenaing and

18   calling certain witnesses.

19   THE COURT:  Okay.  So it all involves

20   ineffective assistance of counsel allegations?

21   MR. STEENSLAND:  Judge, one issue with

22   Mr. McGhee on the appeal was involving the

23   transcript of the trial, Judge.

24   THE COURT:  Okay.  Certificate of judgment

25   entered October 2003.  It was affirmed by the

```
 1              Court of Criminal Appeals.
 2                   Call your first witness.
 3                   MR. STEENSLAND:  Call Mr. Caudill to the
 4         stand.
 5                   THE COURT:  Okay.  Mr. Caudill, if you will
 6         come up and have a seat.
 7                        STANLEY LEE CAUDILL
 8    having first duly affirmed, was examined and
 9    testified as follows:
10                   THE COURT:  Please proceed, Mr. Steensland.
11                   DIRECT EXAMINATION
12    BY MR. STEENSLAND:
13    Q.   Would you state your name for the record?
14    A.   Stanley Lee Caudill.
15    Q.   Mr. Caudill, were you charged with rape first
16         and sexual abuse first in the Case Number
17         CC-02-1141 and 1142?
18    A.   Yes, sir.
19    Q.   Where you subsequently had a trial in that case?
20    A.   Yes, sir.
21    Q.   And who was your trial counsel?
22    A.   Mr. Jack Blumenfeld.
23    Q.   Were you subsequently found guilty in each one
24         of those cases?
25    A.   A lesser charge on the rape, sir.
```

```
 1    Q.   Okay.  What was your lesser charge you were
 2         convicted of?
 3    A.   Sexual abuse.
 4    Q.   And what were your charges in those cases -- or
 5         your sentences in those two cases?
 6    A.   Sexual abuse first on both cases.
 7    Q.   And now, you have filed a Rule 32 motion to get
 8         relief from that stating ineffective assistance
 9         of counsel; is that correct?
10    A.   Yes, sir.
11    Q.   Against Mr. Blumenfeld and Mr. McGhee who wrote
12         the appeal?
13    A.   Yes, sir.
14    Q.   The basis of your motion, your first two points
15         were based on biased jurors that you feel should
16         have been stricken during voir dire; is that
17         correct?
18    A.   Yes, sir.
19    Q.   Could you explain to the Court the reason you
20         feel these two jurors should have been stricken?
21    A.   One said if a person didn't testify in his own
22         behalf, he would believe he was trying to hide
23         something.
24    Q.   And what was the other -- and the second juror?
25              THE COURT:  Was that your telephone?
```

```
 1            MR. MEDLEY:  I'm afraid it was, Your Honor.

 2       I apologize.

 3            THE COURT:  You of all people know better

 4       than that.

 5            MR. MEDLEY:  Indeed I do, Your Honor.  I

 6       didn't realize it had been set to ring out loud,

 7       given the weather yesterday.

 8            THE COURT:  Go forward.

 9            MR. MEDLEY:  Sorry for the interruption.

10            MR. STEENSLAND:  It's all right, Judge.

11   CONTINUED BY MR. STEENSLAND:

12   Q.   The second point was another biased juror.

13        Would you go through the Court with that one?

14   A.   She said she had a sister that was raped and she

15        didn't know if she would give a bias or a safe

16        opinion.

17   Q.   Okay.  Did both of these actually come out

18        during voir dire?

19   A.   During the questioning of the jurors, yes.

20   Q.   The third point you have dealing with some of

21        your medical records; is that correct?

22   A.   Yes, sir.

23   Q.   Could you go through with the Court the issue

24        with regards to those medical records that's

25        important to this case?
```

1   A.   Showing that I was impotent.  At the time this
2        incident was supposed to happen, I had seven
3        heart attacks and one stroke.  I was also on 27
4        different kind of medications.
5   Q.   This is a 2002 case.  Are you saying prior to
6        that, you were diagnosed as being impotent?
7   A.   Yes, sir.
8   Q.   And are you telling the Court that you think
9        that would have had an outcome on the verdict?
10  A.   Yes, sir.
11  Q.   Did it come out during trial that you were in
12       fact impotent?
13  A.   It came out on the tapes, yes, sir.
14  Q.   And had you informed Mr. Blumenfeld prior to
15       it -- to the trial that you had been impotent?
16  A.   Yes, sir.
17  Q.   Can you explain to the Court how you feel that
18       would have changed the outcome of your verdict?
19  A.   Well, I was arrested and indicted on first
20       degree rape.  And being impotent, according to
21       state law, you have to penetrate the vagina with
22       your penis in order to be considered rape.  If
23       you are impotent, you can't do that.
24  Q.   What about the sexual abuse first?
25  A.   No, sir.

1    Q.    On the trial strategy that you have alleged, are

2          you saying that Mr. Blumenfeld did not go over

3          the trial strategy that he was going to use, or

4          are you saying there was no trial strategy?

5    A.    Really there was no trial strategy.

6    Q.    That you are aware of?

7    A.    That I'm aware of, yes, sir.

8    Q.    The fifth point you made with regard to

9          Mr. Blumenfeld involves witnesses; is that

10         correct?

11   A.    Yes, sir.

12   Q.    Did you inform Mr. Blumenfeld of witnesses in

13         your case that you'd like -- that you would have

14         liked to have had called?

15   A.    Yes, sir.

16   Q.    And did he subpoena those witnesses?  Are you

17         aware of it?

18   A.    Not that I'm aware of.

19   Q.    Are you aware if any of them testified, either

20         called by the State or by him?

21   A.    No, sir.

22   Q.    Are you telling the Court you think that had an

23         effect on the outcome of your trial?

24   A.    Yes, sir.

25   Q.    The last point is with regards to Mr. McGhee.

1       Did he write your appeal in your case?

2   A.   Yes, sir.

3   Q.   And the appeal was affirmed, correct?

4   A.   Yes, sir.

5   Q.   What is it you are alleging Mr. McGhee failed to

6       do?

7   A.   He didn't have all his transcripts before he

8       filed the appeal.  There was some things he

9       filed for and never received.

10   Q.   Meaning?

11   A.   And he went ahead and filed for the appeal

12       anyways.

13   Q.   Meaning he didn't attach the transcripts to his

14       appeal or he never got the transcripts?

15   A.   He didn't get the complete transcripts of all

16       the evidence.

17   Q.   Okay.  And where did you get that information

18       from?

19   A.   From the paperwork I finally received from him,

20       copies of where he filed for copies of

21       transcripts and things, and not having the whole

22       transcript.

23   Q.   Are you telling the Court that one or all of

24       these combined would have changed the outcome of

25       your trial?

1    A.    Yes, sir.

2    Q.    Is there anything else you'd like to inform the

3          Court today in regards to your motion that he

4          had filed?

5    A.    Only that with any of these here caught up as

6          evidence, it would change the outcome totally

7          from what it was.

8    Q.    Anything else?

9    A.    No, sir.

10              MR. STEENSLAND:  That's all the questions I

11         have, Judge.

12              THE COURT:  Okay.  Thank you.

13              Cross, Mr. Medley?

14                       CROSS-EXAMINATION

15   BY MR. MEDLEY:

16   Q.    Mr. Caudill, were you present with your counsel

17         during the voir dire of the jury?

18   A.    Yes, sir.

19   Q.    Okay.  And so it's your testimony that you heard

20         these jurors or potential jurors at the time say

21         whatever it is that you have alleged that they

22         have said?

23   A.    Yes, sir.

24   Q.    Regarding their bias or inability to not hold it

25         against you if you didn't testify, et cetera, is

```
1          that it?  Now then, did you say something to
2          your counselor at the time?
3   A.     Yes, sir.
4   Q.     And what was his response to you?
5   A.     He told me to hold off, he couldn't hear what
6          they was saying.
7   Q.     When you are striking the jurors, when you are
8          actually sitting there striking the jury, were
9          you sitting with him at that time?
10  A.     No, sir.
11  Q.     You weren't?  Why?
12  A.     I was sitting at the table, but him and the D.A.
13         were standing away from me at another spot
14         closer to the judge.
15  Q.     At any time did you indicate to your counsel
16         that you were concerned about these potential
17         jurors and their responses?
18  A.     Yes, sir.
19  Q.     Okay.  So you did?
20  A.     Yes, sir.
21  Q.     I understand.  And why is it that this is the
22         first time that we are hearing anything about
23         this?
24  A.     I don't understand.
25  Q.     Well, you said you talked to your counsel about
```

1      it.

2   A.   Yes, sir.

3   Q.   Okay.  So you talked to your counsel about this

4        before your trial even started?

5   A.   Yes, sir.

6   Q.   Okay.  Did you make any objections then?

7   A.   No, sir.

8   Q.   Once you saw these jurors that you allege said

9        this stuff and once you saw them in the jury

10       box, did you say anything to your counsel at

11       that point?

12  A.   No, sir.

13  Q.   Why not?

14  A.   I trusted him totally.  I've never been in

15       trouble before in my life, so I had no idea how

16       the system works or what the laws was.

17  Q.   All right.  So it's only now that you got

18       convicted and you have had some time to talk to

19       some folks in jail or whatever that you think,

20       oh, well, these jurors shouldn't have been

21       there.  Is that what you are saying?

22  A.   No, sir.

23  Q.   Tell me what you are saying.

24  A.   I told you they shouldn't have been there in the

25       first place.

1    Q.   If you think they shouldn't have been there in

2         the first place, why weren't you telling your

3         attorney that?

4    A.   I mentioned it to him, but I trusted his word.

5         He was supposed to be defending me.

6    Q.   Are those the only two people that you didn't

7         think should have been on your jury?

8    A.   Yes, sir.

9    Q.   They were?

10   A.   Yes, sir.

11   Q.   Now then, do you have any statements from these

12        jurors, any affidavits or any transcript of the

13        impaneling of the jury?

14   A.   Whatever the question, if there was any records

15        at the time of the questioning, it should be

16        there.

17   Q.   I'm asking you:  Do you have anything?

18   A.   I don't have anything, sir.

19   Q.   You haven't talked to these alleged jurors?

20   A.   No, sir.

21   Q.   You don't have any affidavits from them today?

22   A.   No, sir.

23   Q.   I see.  All right.  Did you testify in the trial

24        of this matter?

25   A.   No, sir.

```
 1    Q.   Well, how is the issue of your impotence brought
 2         into the case?
 3    A.   Well, the tape recording conversation between me
 4         and the victim -- accused victim.
 5    Q.   So it did come out in there?
 6    A.   Yes, sir.
 7    Q.   In fact, you weren't convicted of rape, were
 8         you?
 9    A.   No, sir.
10    Q.   So the jury arguably, through the efforts of
11         your counsel, found you guilty of the lesser
12         included?
13    A.   Yes, sir.
14    Q.   So the penetration issue wasn't really an issue
15         for you as it is today, is it?
16    A.   Yes, sir.  That's what I was arrested and
17         indicted on.
18    Q.   And the evidence that your counsel brought
19         forward apparently showed something else that
20         made the jury --
21    A.   The D.A.'s office brought that forward, yes,
22         sir.
23    Q.   All right.  Well, now, you say this is a medical
24         fact or certainty on your part.
25    A.   Yes, sir.
```

1    Q.    So do you have your medical records today?

2    A.    No, sir.  I don't have my medical records with

3          me.

4    Q.    Not with you.  Where are they?

5    A.    They are still with the doctors.

6    Q.    So you haven't tried to get those.  You knew you

7          were coming for this hearing, correct?

8    A.    Yes, sir.

9    Q.    You know your whole argument is:  Well, I'm

10         impotent, therefore, I couldn't have raped

11         somebody, even though I wasn't convicted of

12         rape?

13   A.    Uh-huh.

14   Q.    And you don't have the records?

15   A.    No, sir.

16   Q.    Who is the doctor?

17   A.    Dr. Thomas Young is my doctor.

18   Q.    And he's the one who diagnosed you of this?

19   A.    Yes, sir.

20   Q.    And where is he located?

21   A.    Southeast Medical Center, here in Dothan.

22   Q.    Okay.  So the records are available, but you

23         just don't have them?

24   A.    Yes, sir.

25   Q.    I see.

1          MR. MEDLEY:  I don't have anything further,

2     Your Honor.

3          THE COURT:  Anything else, Mr. Steensland?

4          MR. STEENSLAND:  I don't have anything

5     further.

6          THE COURT:  Mr. Caudill, you may step down.

7     Be careful with those two steps there.

8          MR. STEENSLAND:  Judge, we call Jack

9     Blumenfeld.

10         THE COURT:  Call Mr. Blumenfeld as a

11    witness?

12         MR. STEENSLAND:  Yes, sir.

13         THE COURT:  Okay, Mr. Blumenfeld.  If you

14    will, come up and have a seat beside me, sir.

15    There are a couple of steps.  Be careful as you

16    take your seat.

17                   JACK BLUMENFELD

18    having been first duly sworn, was examined and

19    testified as follows:

20                  DIRECT EXAMINATION

21    BY MR. STEENSLAND:

22    Q.   Would you state your name, please?

23    A.   Jack Blumenfeld.

24    Q.   Were you the trial counsel for Mr. Stanley

25         Caudill on the charges that we are talking about

1    today?

2    A.   Yes, sir.

3    Q.   Have you had a chance to read over what he's

4         filed -- relating to what he filed?

5    A.   I just briefly looked at it this morning,

6         Mr. Steensland.

7    Q.   Starting with the issue with his biased jurors,

8         could you inform the Court of that?

9    A.   All right.  I've looked over my notes.  There

10        was no indication that either juror responded as

11        Mr. Caudill had said he did.  Had a juror done

12        so, number one, I would have either asked the

13        juror struck for cause or I would have struck

14        the juror.  I just can't conceive of something

15        like -- of me letting something like that go by

16        the wayside.

17   Q.   As far as the medical records of his impotence,

18        had he informed you prior to trial of that?

19   A.   I don't remember if he did or not.  I do know

20        that we talked about Stanley taking the stand.

21        We both agreed that it was probably not in his

22        best interest to take the stand.

23   Q.   Did it come out at trial?

24   A.   It did come out at trial.

25   Q.   Did you feel like the jury was informed of his

1          impotence?

2     A.   Well, as Stanley -- as Mr. Caudill said, it was

3          brought out in one of the victim -- during the

4          testimony, they read into the transcript, of

5          course, prior to trial the fact that he stated

6          that to one of the victims.

7     Q.   With regards to the trial strategy, he has said

8          that he was not aware of a trial strategy.  Did

9          you in fact have one?

10    A.   I'm sorry.

11    Q.   A trial strategy.  He has alleged that there was

12         no trial strategy or wasn't one gone over with

13         him.  Could you elaborate on that?

14    A.   Well, we met several times before trial.  I

15         explained how -- you know, the nature of a

16         trial.  We did agree that it would not be in his

17         best interest to take the stand.

18              He did give me some names of witnesses.  I

19         contacted the witnesses.  The witnesses -- in

20         speaking to the witnesses, I did not feel the

21         witnesses would help him.  The case really

22         involved -- Stanley had admitted that he was in

23         the motel room with the two young ladies, so it

24         was only the three of them in the room.  There

25         was no denying --

```
 1              MR. STEENSLAND:  No further questions,
 2         Judge.
 3              I'm sorry.  Did I cut you off,
 4         Mr. Blumenfeld?  I apologize.
 5    A.   I mean he admitted that, you know, they were
 6         together.  We certainly did the best we could on
 7         cross-examination.
 8              MR. STEENSLAND:  No further questions right
 9         now, Judge.
10              THE COURT:  Thank you.  Cross?
11                      CROSS-EXAMINATION
12    BY MR. MEDLEY:
13    Q.   Mr. Blumenfeld, if you would be so kind, how
14         long have you been practicing law?
15    A.   It will be 30 years this November.  Almost 30
16         years.
17    Q.   Okay.  And has that been dealing with criminal
18         law and criminal trials in that period?
19    A.   Yes, sir.
20    Q.   That entire time?
21    A.   Not the entire time, but probably the majority
22         of the time.
23    Q.   In the 30 years or so that you have been trying
24         these types of cases, how many of them would you
25         say have been rape and sexual abuse cases?
```

A.  I have had four or five trials involving
    sexual -- I'll just say misconduct.

Q.  Now, you say that as trials.  Now, have you
    actually had other clients, those who are
    alleged to have done something of that nature
    that ultimately didn't actually have a trial?

A.  Yes, sir.

Q.  So not only -- you've had more than four or five
    even?

A.  Yes, sir.

Q.  And give us an estimate of how many total
    clients you've had like that.

A.  I'd say maybe a dozen.

Q.  Now, within -- forgetting the other experience
    over the 30 years, let's talk about these types
    of cases.  When you go in, do you have a certain
    process you go through to evaluate the case,
    particularly a sexual offense?

A.  Yes, sir.

Q.  Did you follow that with this client?

A.  Yes, sir.

Q.  And you've already indicated that you talked to
    him and he identified some potential witnesses
    he thought might be useful; is that correct?

A.  Yes, sir.

1  Q.  And you followed up and you talked to those

2      witnesses yourself?

3  A.  Yes, sir.

4  Q.  And it was in your professional opinion that

5      they would not in fact be helpful in the trial

6      of this matter?

7  A.  That's correct.

8  Q.  And, of course, part of that, I think you said,

9      was because he had confessed in part to this.

10 A.  Well, I won't say a confession.  I will say

11     there was some admissions on his part.  I mean,

12     obviously, the jury made a decision otherwise.

13     I wouldn't classify it as a confession.

14 Q.  He put himself at the scene?

15 A.  He gave some statements, yes.

16 Q.  Okay.  Do you recall at any time him turning to

17     you and telling you that he didn't think any

18     particular juror should not be on the jury panel

19     because of their comments?

20 A.  Looking over my notes, there was -- I don't

21     remember.  I don't see any involvement or any

22     discussion that he and I had on potential

23     jurors.

24 Q.  Do you recall how many jurors you were able to

25     strike that time?

1               THE WITNESS:  Excuse me, Judge.

2               THE COURT:  Yes, sir.

3    A.    I struck nine jurors.

4    Q.    So you actually have some of your notes; is that

5         correct?

6    A.    Yes, sir.

7    Q.    Okay.  Can you take a look at those notes?

8    A.    Yes, sir.

9    Q.    Do you see any mention, or did you mark any of

10       these potential jurors as having stated that

11       they would hold it against the defendant if the

12       defendant did not testify?

13   A.    No, sir.

14   Q.    Do you have anywhere in your notes any potential

15       juror stating that they felt they could not be

16       fair to this defendant because of their own

17       victimization from sex crimes?

18   A.    No, sir.  But I will say this:  If a juror were

19       going to make a statement like that, invariably

20       they would come up to the bench with the D.A.

21       and, of course, Judge Anderson and all of us

22       present.  And I might not necessarily make a

23       note on that because, quite frankly, it's been

24       my experience with Judge Anderson that if

25       there's any hint of concern, that he would

```
 1              strike for cause.
 2      Q.      And in fact, isn't it your practice that you
 3              would have made a motion to strike for cause at
 4              that time when they were before the bench?
 5      A.      Yes, sir.
 6      Q.      Or immediately thereafter?
 7      A.      Yes, sir.
 8      Q.      And that just didn't happen, did it?
 9      A.      No, sir.
10                  MR. MEDLEY:  Thank you.  I don't have
11              anything.
12                  THE COURT:  Thank you.  Redirect,
13              Mr. Steensland?
14                  MR. STEENSLAND:  Nothing, Judge.
15                  THE COURT:  Thank you, Mr. Blumenfeld, for
16              coming.  Be careful as you leave your seat.
17                  Any other witnesses?
18                  MR. STEENSLAND:  Shawn McGhee.
19                  THE COURT:  Mr. McGhee.  If you will, come
20              up and have a seat beside me.  There are a
21              couple of steps.  Be careful as you take your
22              seat.
23                          SHAUN MCGHEE
24      having been first duly sworn, was examined and
25      testified as follows:
```

```
 1                    DIRECT EXAMINATION

 2       BY MR. STEENSLAND:

 3       Q.   Would you state your name, Mr. McGhee?

 4       A.   Shaun McGhee.

 5       Q.   What was your involvement with Stanley Caudill's

 6            file or case?

 7       A.   I was appointed as appellate counsel.

 8       Q.   Did you write the appellate brief in that case?

 9       A.   Yes, sir.

10       Q.   Could you go through what you did in preparation

11            for writing that brief?

12       A.   The first thing that you do is -- of course, I

13            got the court reporter's transcript.  This

14            actually was two volumes.  It was two

15            supplements.  Went through, read the transcript,

16            read the court testimony of the trial.

17            Earmarked issues for review for appeal,

18            researched those issues and typed up an appeal

19            based upon issues that I thought were valid and

20            legal issues for appeal.

21       Q.   You heard that Mr. Caudill alleged that you

22            didn't get the necessary trial transcripts to

23            write the appeal.

24       A.   Yes, sir.  I read that in the -- in his

25            petition, but I have the two transcripts here.
```

1    I couldn't have gone forward without a complete
2    record on appeal.  I would have had to file a
3    supplement with the court reporter to supplement
4    the record on appeal.  I had the full
5    transcript.
6        MR. STEENSLAND:  Nothing further, Judge.
7        THE COURT:  Mr. Medley, any questions on
8    cross?
9        MR. MEDLEY:  No, Your Honor.
10       THE COURT:  Let me see the transcript as it
11   relates to jury selection.  Was that in there?
12       THE WITNESS:  It should be, Judge.
13       THE COURT:  I will note the designation is
14   all proceedings to be transcribed.  And you
15   indicated trial procedures and organization of
16   the jury and arguments of counsel, all pretrial
17   hearings as well.
18       Nothing further of Mr. McGhee; is that
19   correct?
20       MR. STEENSLAND:  One second, Judge.
21       Nothing further, Judge.
22       THE COURT:  Mr. McGhee, thank you so much
23   for coming.  Be careful as you leave your seat.
24       Anything else, Mr. Steensland?
25       MR. STEENSLAND:  Nothing further,

1    Your Honor.

2        THE COURT:  Okay.  Anything -- you rest

3    then, correct?

4        MR. STEENSLAND:  Yes, Judge.

5        THE COURT:  Anything for the State?

6        MR. MEDLEY:  No, Your Honor.

7        THE COURT:  Then let the record reflect that

8    there is nothing in the transcript concerning

9    voir dire.  The only mention of it is,

10    "Thereupon the jury venire was qualified by the

11    Court and voir dired by the attorneys of record

12    and a trial jury was struck."  As a general

13    rule, voir dire is not included in the

14    transcript.

15        All right.  The Court will take it under

16    advisement and issue a ruling subsequently.

17        MR. STEENSLAND:  Thank you, Judge.

18                END OF PROCEEDINGS

19

20

21

22

23

24

25

## REPORTER'S CERTIFICATE

STATE OF ALABAMA

HOUSTON COUNTY


        I, Andrea E. Martin, RMR, CRR, and Official
Court Reporter in and for the Twentieth Judicial
Circuit of Alabama, do hereby certify that the
above-styled and numbered cause was reported
stenographically by me and is a true and correct
transcript of the proceedings and rulings of the
Court, and was transcribed by me or under my
direction and control.

        I further certify that I have filed all
exhibits offered in the trial of this cause, if
any, with the Circuit Clerk of Houston County,
Dothan, Alabama, for incorporation into the
record on appeal.

        I further certify that I have, on this day,
filed with the Court of Criminal Appeals, and
parties here involved, a copy of the reporter's
index to the testimony and Certificate of
Completion of the transcript of said cause.

        I further certify that I have filed the
original and three copies of this transcript in

the Office of the Circuit Clerk of the Circuit

Court of Houston County, Dothan, Alabama.

Dated this 9th day of November, 2004.



ANDREA E. MARTIN, RMR, CRR
Official Court Reporter
Notary Public, State of
Alabama at Large

My Commission Expires:
August 12, 2008

State of Alabama
Unified Judicial System

Form ARAP 13

# CERTIFICATE OF COMPLETION
## REPORTER'S TRANSCRIPT

Page Number

**30**

TO:  **The Clerk of the Court of Criminal Appeals**          Fax: (334)242-4689
     **P. O. Box 301555**
     **Montgomery, Alabama  36130-1555**

**Criminal Appeals Case Number**          CR _____ - _____

<u>STANLEY LEE CAUDILL</u>  v.  <u>STATE OF ALABAMA</u>
**Appellant's Name**                      **Appellee**

On appeal from the:    | X |   Circuit Court of    ]
                       |   |   District Court of   ]     Houston County
                       |   |   Juvenile Court of   ]

Trial Court Case Number   <u>CC-02-1142.60</u>

Notice of Appeal Date   <u>9/27/2004</u>

    I, <u>Andrea E. Martin</u>, certify that I have this date completed and filed with the clerk of the trial court an original and three copies of a true and correct transcript of all proceedings in the above referenced case that were reported by me and were specifically designated by the appellant for inclusion on the Reporter's Transcript Order.  The transcript, which is numbered serially in the upper right-hand corner of each page, begins with a copy of the Reporter's Transcript Order and an index of both the exhibits and testimony of the witnesses.  The original transcript concludes with the original of this notice and the copies of the transcript conclude with copies of this notice.  The page number appearing in the upper right-hand corner of this certificate is the last page of my portion of the transcript in this case.

    Done this the <u>9th</u> day of <u>November</u>, 2004.

*Andrea E Martin*
Court Reporter

**FILING AND SERVICE OF THIS FORM:  Pursuant to Rule 11(b), A.R.App.P., the court reporter should file a copy of this certificate with the Clerk of the Court of Criminal Appeals and should serve copies of the certificate on counsel for the appellant or the appellant if he or she is not represented by appellate counsel, the attorney general and the district attorney, unless the appeal is from a municipal appeal, in which event a copy of the form should be served on the municipal prosecutor rather than the attorney general and district attorney.**

AP 14-3 Certificate of Completion and Transmittal of Record on Appeal by Trial Clerk     86 PAGES TOTAL INCLUDING THIS
                                                                                                                    PAGE

## CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

STANLEY LEE CAUDILL                                    TO: The Clerk of the Court of
          Appellant                                          Criminal Appeals of Alabama

            V.                                         Case No. CC2002-1141.60   CC2002-1142.60

     State of Alabama                                  Date of Notice of Appeal  10-22-04
         Appellee

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by

assembling _____55_____ pages of the Clerk's record, and ___30___ pages of

the Court Reporter's transcript, and that one copy of each of the record on appeal
has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ____9TH____ day of _____NOVEMBER_____ , ___2004___ .


                                                     _____
                                                                        Circuit Clerk

                                                     HOUSTON_____
                                                                        County