COURT OF CRIMINAL APPEALS OF ALABAMA

CRIMINAL APPEALS NUMBER CR-04-0176

STANLEY LEE CAUDILL,

APPELLANT,

vs.

STATE OF ALABAMA,

APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF

HOUSTON COUNTY, ALABAMA

CIRCUIT COURT NUMBER CC-2002-1141.60;
CC-2002-1142.60

APPELLANT'S BRIEF AND ARGUMENT
IN SUPPORT OF APPLICATION FOR REHEARING

J. CHRISTOPHER CAPPS (CAP006)
Capps & Gartlan, P.C.
170 SOUTH OATES STREET
Dothan, Alabama 36301
(334) 678-7994

ATTORNEY FOR APPELLANT

EXHIBIT K

COURT OF CRIMINAL APPEALS OF ALABAMA

CRIMINAL APPEALS NUMBER CR-04-0176

STANLEY LEE CAUDILL,

         APPELLANT,

vs.

STATE OF ALABAMA,

         APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF

HOUSTON COUNTY, ALABAMA

CIRCUIT COURT NUMBER CC-2002-1141.60;
                         CC-2002-1142.60

APPELLANT'S BRIEF AND ARGUMENT
IN SUPPORT OF APPLICATION FOR REHEARING

        J. CHRISTOPHER CAPPS (CAP006)
        Capps & Gartlan, P.C.
        170 SOUTH OATES STREET
        Dothan, Alabama 36301
        (334) 678-7994

        ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................ii

ISSUES .........................................iii

STATEMENT OF CASE ................................1

STATEMENT OF FACTS ...............................1

STANDARD OF REVIEW ...............................5

SUMMARY OF ARGUMENT ..............................6

ARGUMENT .........................................7

CONCLUSION ......................................12

ADVERSE RULINGS .................................13

CERTIFICATE OF SERVICE ..........................14

# TABLE OF AUTHORITIES

*Bailey v. State*, 398 So.2d 406, 413
(Ala.Cr.App.1981)..................................11

*Baxter v. State*, 360 So.2d 64, 66
(Ala.Cr.App.1978)..................................12

*Chambers v. Mississippi*, 410 U.S. 284, 302, 93
S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973)...........9

*Davis v. Alabama*, 596 F.2d 1214, 1217 (5th
Cir.1979).........................................11

*Jones v. Smith*, 599 F.Supp. 1292, *affirmed*, 772
F.2d 668, *cert. denied*, 106 S.Ct. 838, 474 U.S.
1073, 88 L.Ed.2d 809 (D.C. (Ala.) 1984)...........7

*King v. State*, 729 So.2d 366 (Ala.Cr.App. 1998)...5

*Roberts v. Wainwright*, 666 F.2d 517 (11th
Cir.1982).........................................11

*Stano v. Dugger*, 889 F.2d 962 (11th Cir. 1989),
*reh'g en banc granted and opinion vacated*, 897
F.2d 1067 (11th Cir. 1990).........................8

*State v. Terry* 601 So.2d 161 (Ala. Cr. App.
1992).............................................10

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct.
2052 (1984).......................................7

*Taylor v. State*, 291 Ala. 756, 287 So.2d 901
(1973)...........................................11

*Thompson v. State*, 444 So.2d 899
Ala.Cr.App.1984).................................12

*United States v. Cronic*, 104 S.Ct. 2039, 466 U.S.

648, 80 L.Ed.2d 657 (1984)......................8

*Zuck v. State of Alabama*, 588 F.2d 436, *rehearing denied*, 591 F.2d 102, *cert. denied*, *Alabama v. Zuck*, 100 S.Ct. 63, 444 U.S. 833, 62 L.Ed.2d 42 (C.A.5 (Ala.) 1979)............................7

STATUTES & RULES

Rule 32.3 *ARCrP* ...............................5

## ISSUE PRESENTED

Did The Trial Court Err in Denying Caudill's Rule 32 Petition?

## STATEMENT OF THE CASE AND FACTS

(Facts specific to each issue will be presented in the argument section of the brief with the appropriate issue.)

This appeal involves the denial of Appellant's Rule 32 Petition by the Circuit Court of Houston County, Alabama.

The Defendant in this case, Stanley Lee Caudill (hereinafter Caudill or Appellant) was convicted by a jury of two counts of sexual abuse, first degree. (R 5). The Trial Judge sentenced Caudill to ten years' imprisonment in each case. (R 5). Caudill filed timely notice of appeal, and the judgment of the Trial Court was *affirmed* on August 22, 2003, by the Alabama Court of Criminal Appeals. (R 6). Caudill did not file a Writ of Certiorari to the Alabama Supreme Court. (R 6).

1

On February 26, 2004, Caudill filed a Rule 32 Petition in the Circuit Court of Houston County. The Trial Judge granted Caudill indigent status on the same day. (R 13).

In his Rule 32 Petition, Caudill alleged that he was denied effective assistance of trial and appellate counsel. (R 21-30). On March 22, 2004, the State filed a motion for summary disposition. (R 18-19).

On June 23, 2004, the trial court appointed contract attorney, Martin Adams as counsel for the Defendant. (R 1).

The hearing on Caudill's Petition was held September 17, 2004, before the Honorable Larry K. Anderson, Circuit Judge. The State was represented by Assistant District Attorney, Arthur R. Medley, and Mr. Caudill was represented by Attorney, John Steensland. ( T 1, 2).

2

Mr. Caudill testified, in support of his Petition, that his trial counsel, Jack Blumenfeld, failed to strike two jurors who indicated a bias during *voir dire*(T 6). Additionally, Caudill testified that Mr. Blumenfeld failed to subpoena his medical records which would have shown him to be impotent. (T 7, 8). Caudill testified that Mr. Blumenfeld had no trial strategy and that he failed to subpoena any witnesses. (T 9)

On appeal, Caudill was represented by Attorney Shaun McGhee. (T 9, 10). Caudill testified that Mr. McGhee failed to secure the entire trial transcript and thus was ineffective as appellate counsel. (T 10). Attorney Steensland then called Mr. Blumenfeld as his witness during the evidentiary hearing.
Mr. Blumenfeld testified that he did not recall any juror indicating a bias during voir dire. (T 18). He further, stated had a juror indicated a

3

bias then he would have struck the juror. (T 18). Regarding the issue of Mr. Caudill's impotence, Mr. Blumenfeld stated that he did not recall if Mr. Caudill had mentioned it prior to trial. Mr. Blumenfeld did recall a conference where they discussed Mr. Caudill's testifying. Mr. Caudill also provided Mr. Blumenfeld with the names of several witnesses. Mr. Blumenfeld testified that he contacted each potential witness and determined that no benefit would be had from their testimony. (T 18, 19).

Mr. Steensland then called Shaun McGhee, appellate counsel for Caudill. Mr. McGhee testified that he did obtain the entire transcript and that it was presented in two volumes. The Court clarified that the record did not contain the voir dire proceedings and stated as a general rule voir dire proceedings are not included in the transcript. (T 25-27).

4

After Caudill rested, the State presented no additional evidence. (T 27). Judge Anderson denied Caudill's Petition by written order, filed September 27, 2004. (T 46-48)

Caudill gave timely written notice of appeal on October 22, 2004, and this appeal issues from the Trial Court's denial of Caudill's Rule 32 Petition.

## ISSUE PRESENTED

I. Did The Trial Court Err in Denying Caudill's Rule 32 Petition?

## STATEMENT OF THE STANDARD OF REVIEW

In a Rule 32 proceeding, the petitioner must plead and prove by a preponderance of the evidence the facts necessary to entitle him to relief." Rule 32.3 *ARCrP, King v. State*, 729 So.2d 366 (Ala.Cr.App. 1998). "The standard of review on

5

appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition." *Ex parte Heaton*

### SUMMARY OF THE ARGUMENT

Caudill contends that he plead and proved by a preponderance of the evidence the facts necessary to entitle him to relief on his ineffective assistance of counsel claim.

Caudill contends trial counsel failed to fully investigate the facts underlying the case and as a result, failed to subpoena vital medical records which would have shown Caudill to be impotent and thus physically unable to perform the sexual acts for which he was indicted.

Trial counsel's performance was deficient and, as a result, the deficient performance prejudiced Caudill's defense.

## ARGUMENT

The right to effective assistance of counsel is so vital to a fair trial that our courts are compelled to examine every potential infringement of that right with the most exacting scrutiny. *Zuck v. State of Alabama*, 588 F.2d 436, *rehearing denied*, 591 F.2d 102, *cert. denied*, *Alabama v. Zuck*, 100 S.Ct. 63, 444 U.S. 833, 62 L.Ed.2d 42 (C.A.5 (Ala.) 1979). The ultimate focus must be on the fundamental fairness of the proceeding whose result is being challenged. *Jones v. Smith*, 599 F.Supp. 1292, *affirmed*, 772 F.2d 668, *cert. denied*, 106 S.Ct. 838, 474 U.S. 1073, 88 L.Ed.2d 809 (D.C. (Ala.) 1984).

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the United States Supreme Court held that in order for a Defendant's claim of ineffective counsel to be upheld, the Defendant must show first that counsel's performance was

7

deficient and, second, that the deficient performance prejudiced his defense. In other words, the Defendant must demonstrate that counsel made errors so serious that the counsel was not and could not have been functioning as counsel guaranteed under the Sixth Amendment, and that the result of such error was a trial whose results were unreliable.

There is also an examination authorized under the United States Supreme Court case of *United States v. Cronic*, 104 S.Ct. 2039, 466 U.S. 648, 80 L.Ed.2d 657 (1984). A *Cronic* analysis allows the court to focus on the totality of the circumstances surrounding counsel's representation in considering whether a true adversarial criminal trial was conducted. *Stano v. Dugger*, 889 F.2d 962 (11th Cir. 1989), *reh'g en banc granted and opinion vacated*, 897 F.2d 1067 (11th Cir. 1990).

8

In the case at bar, Caudill claims that his trial counsel failed to do several things which reasonably should be expected of an attorney representing a criminal Defendant. Namely, Caudill's trial counsel failed to subpoena medical records which would have proved Mr. Caudill to be impotent. These crucial records would have cast a doubt upon the testimony presented by the State. Additionally, trial counsel failed to develop a trial strategy. Further, his trial attorney did not subpoena any witnesses for trial, even though Caudill specifically requested specific individuals to be subpoenaed for the trial.

"Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973). "The right to call witnesses in one's own behalf is essential to due process." *Chambers v.*

*Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973).

Trial counsel has a duty to investigate and search for evidence favorable to the defendant.... Counsel's obligation is to conduct a "substantial investigation into each of the plausible lines of defense." *Strickland*, 466 U.S. at 681, 104 S.Ct. at 2061 (emphasis added). "A substantial investigation is just what the term implies; it does not demand that counsel discover every shred of evidence but that a reasonable inquiry into all plausible defenses be made." Id., 466 U.S. at 686, 104 S.Ct. at 2063. *Lawhorn v. State*, WL 171382 (Ala. Cr. App. 1999).

Effective representation consistent with the Sixth Amendment involves the independent duty to investigate and prepare." *Dill v. State*, 484 So.2d 491, 497 (Ala.Cr.App.1985). Cited in *State v. Terry* 601 So.2d 161 (Ala. Cr. App. 1992). "The

10

inadequacy of defense counsel's pretrial investigation may rise to the level of a violation of the accused's Sixth Amendment right to the effective assistance of counsel regardless of the standard for evaluating ineffectiveness claims. *Roberts v. Wainwright*, 666 F.2d 517 (11th Cir.1982); *Taylor v. State*, 291 Ala. 756, 287 So.2d 901 (1973). "We have often said that a defense attorney must be prepared to investigate and develop evidence on behalf of his client.... An attorney does not provide effective assistance if he fails to investigate sources of evidence which may be helpful to the defense." *Davis v. Alabama*, 596 F.2d 1214, 1217 (5th Cir.1979). "Counsel is expected to exercise diligence in preparing his case for trial and for procuring necessary witnesses." *Bailey v. State*, 398 So.2d 406, 413 (Ala.Cr.App.1981). "Not only does defense counsel have a duty to seek to determine

11

all relevant facts known to the accused, but he also has a duty to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." *Baxter v. State*, 360 So.2d 64, 66 (Ala.Cr.App.1978). *Thompson v. State*, 444 So.2d 899 Ala.Cr.App.1984).

## CONCLUSION

In the Rule 32 Petition filed by Caudill, he alleged that he is entitled to a new trial because the Constitution of the United States or the State of Alabama requires a new trial, a new sentencing proceeding, or other relief because he was denied effective assistance of counsel. (R

11-12). Caudill's trial counsel failed to fully investigate the facts and therefore did not subpoena vital medical records which would have shown Caudill to be impotent.

Further, his attorney did not subpoena any witnesses for trial, even though Caudill requested certain individuals be subpoenaed for the trial. Additionally, trial counsel did not develop a trial strategy or fully investigate and prepare a defense for Mr. Caudill.

Mr. Caudill should be granted a new trial.

**RULINGS ADVERSE TO APPELLANT**

Denial of Rule 32 Petition						R. 46

Respectfully submitted,

Capps & Gartlan, P.C.

_____
J. CHRISTOPHER CAPPS
Attorney for Appellant
State Bar # CAP-006
170 S. Oates Street
Dothan, Alabama  363012
(334) 678-7994

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing Brief of Appellant on the Honorable Troy King, Attorney General for the State of Alabama, Alabama State House, 11 South Union Street, Montgomery, Alabama 36130, by depositing a copy of same in the United States Mail, properly addressed and with first-class postage prepaid on this the 14th day of December, 2004.

_____
J. CHRISTOPHER CAPPS

14