No. CR-04-0176

In the COURT of CRIMINAL APPEALS
of ALABAMA

━━━━━━━━━━━◆━━━━━━━━━━━

STANLEY LEE CAUDILL,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

━━━━━━━━━━━◆━━━━━━━━━━━

On Appeal from the Circuit Court of
Houston County
(CC-2002-1141.60 and 1142.60)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
January 10, 2005          (334) 242-7300*

EXHIBIT L

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT................................ i

TABLE OF CONTENTS............................................... ii

TABLE OF AUTHORITIES........................................... iii

STATEMENT OF THE CASE............................................ 1

STATEMENT OF THE ISSUE........................................... 2

STATEMENT OF THE FACTS........................................... 2

STATEMENT OF THE STANDARD OF REVIEW.............................. 4

SUMMARY OF THE ARGUMENT.......................................... 5

ARGUMENT......................................................... 5

  The Rule 32 Court Exercised Sound Discretion In Denying
  Caudill's Rule 32 Petition, After An Evidentiary Hearing,
  Where Caudill Failed To Prove Ineffective Assistance Of
  Trial Counsel................................................. 5

CONCLUSION....................................................... 9

CERTIFICATE OF SERVICE.......................................... 10

# TABLE OF AUTHORITIES

**Cases**

Brownlee v. State, 666 So. 2d 91 (Ala. Crim. App. 1995)... 9

Ex parte Lawley, 512 So. 2d 1370 (Ala. 1987).............. 7

Fortenberry v. State, 659 So. 2d 194 (Ala. Crim. App.
   1994) ................................................. 6

Strickland v. Washington, 466 U.S. 668 (1984)............. 6

**Rules**

A.R.Crim.P.,

   Rule 32.3 .............................................. 6

**STATEMENT OF THE CASE**

This is a Rule 32 appeal by Stanley Lee Caudill (Caudill) from the denial of his Rule 32 petition in the Circuit Court of Houston County, Alabama. Judge Larry K. Anderson presided.

On December 9, 2002, Caudill was convicted by a jury of two counts of first degree sexual abuse, and on January 10, 2003, he was sentenced in each case to the penitentiary for a term of ten years. (C. 5, 47) Caudill appealed to this Court, and the convictions were affirmed by memorandum on August 22, 2003. See Caudill v. State, CR-02-0755 (Ala. Crim. App. Aug. 22, 2003)(Mem. op.). This Court is requested to take judicial notice of its own records in Caudill's direct appeal.

On February 12, 2004, Caudill filed a Rule 32 petition in the Houston County Circuit Court challenging his sexual abuse convictions, alleging ineffective assistance of trial and appellate counsel. (C. 5-17, 21-45) The State filed its response to the petition on March 22, 2004. (C. 18, 19) An evidentiary hearing was held in the matter on September 17, 2004. (R. 1-27) On September 27, 2004, the trial court's written order denying Caudill's Rule 32

petition was filed. (C. 46-48) Caudill filed his written notice of appeal on October 4, 2004. (C. 49)

## STATEMENT OF THE ISSUE

Did the Rule 32 court exercise sound discretion in denying Caudill's Rule 32 petition, after an evidentiary hearing, where Caudill failed to prove ineffective assistance of trial and appellate counsel?

## STATEMENT OF THE FACTS

An evidentiary hearing was held in this case on September 7, 2004, and there were three witnesses, including Caudill, his trial attorney, and his appellate attorney. (R. 1-27) Caudill simply restated his issues of ineffective assistance of trial and appellate counsel that he had alleged in his Rule 32 petition. (R. 5-16) He stated that his trial attorney, Mr. Jack Blumenfeld, failed to strike two prospective jurors, who indicated a bias during voir dire examination; (R. 6, 7) failed to subpoena

2

Caudill's medical records to show he was impotent; (R. 7, 8) and, failed to call any witnesses and have any kind of trial strategy. (R. 9) Caudill testified that his appellate attorney, Mr. Shaun McGhee, was ineffective because he did not have the entire trial transcript when he wrote his appellate brief. (R. 10) Caudill admitted that his claims of biased jurors were not supported by any other evidence, such as juror statements, affidavits, or a voir dire transcript. (R. 14) He had not talked to the two allegedly biased jurors. (R. 14) Caudill also admitted that the impotence issue, which could have been shown by his medical records, related to his charge of rape. (R. 14-16) He did not present those medical records at the hearing, even though they were available in his doctor's office. (R. 16) Caudill was not convicted of rape, but was convicted of the lesser-included offense of sexual abuse, which required no proof of penetration. (R. 15)

Mr. Jack Blumenfeld testified that he did not recall any juror indicating a bias during voir dire. (R. 18) Had there been such an indication, Mr. Blumenfeld stated that he would have struck the juror. (R. 18, 24) Caudill's impotence came out at trial through evidence other than his

3

medical records. (R. 18) Mr. Blumenfeld also testified that he talked with Caudill's potential witnesses, but did not believe they could help him. (R. 18, 19) After all, Caudill admitted to the sexual encounter with his two young female victims in the motel room, and the three of them were the only people there. (R. 19) The witnesses could not have helped. (R.21, 22)

Mr. Shaun McGhee testified that he did obtain the entire trial transcript during his appellate representation of Caudill. (R. 25, 26)

## STATEMENT OF THE STANDARD OF REVIEW

This Court held in <u>Reed v. State</u>, 748 So. 2d 231, 233 (Ala. Crim. App. 1999), concerning the standard of review for a Rule 32 appeal, as follows:

> We apply an abuse of discretion standard of review to the circuit court's denial of a Rule 32, A.R.Crim.P., petition for postconviction relief. *See Elliott v. State*, 601 So.2d 1118 (Ala.Cr.App. 1992). If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. *See Roberts v. State*, 516 So.2d 936 (Ala.Cr.App. 1987).

4

**SUMMARY OF THE ARGUMENT**

Caudill alleges several instances of ineffective assistance of his trial attorney. He failed to prove these allegations under Strickland v. Washington, 466 U.S. 668 (1984), because his proof did not show that his attorney's performance was deficient or that the outcome of the case would have been different, but for his performance.

**ARGUMENT**

**The Rule 32 Court Exercised Sound Discretion In Denying Caudill's Rule 32 Petition, After An Evidentiary Hearing, Where Caudill Failed To Prove Ineffective Assistance Of Trial Counsel.**

Caudill contends that Mr. Jack Blumenfeld rendered ineffective assistance of counsel to him at the trial of his case, because he failed to strike two potential jurors for bias, failed to present medical records to show he was impotent, and failed to develop a trial strategy and call witnesses on his behalf. Caudill has abandoned on appeal his allegation of ineffective assistance of appellate counsel. Caudill is not entitled to Rule 32 relief, because he failed to prove ineffective assistance of

5

counsel in each alleged instance under one or both prongs of Strickland v. Washington, 466 U.S. 668 (1984).

Rule 32.3, A.R.Crim.P., states in part as follows:

> The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.

In *Fortenberry v. State*, 659 So. 2d 194, 197 (Ala. Crim. App. 1994), this Court held:

> An appellant claiming that his counsel's conduct was ineffective must satisfy the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant must show: (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient conduct, to the extent that but for the deficient conduct of counsel, the outcome of the case would have been different.
>
> The appellant has the "burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle [him] to relief." Rule 32.3, Ala.R.Crim.P. See also *Wilson v. State*, 644 So.2d 1326 (Ala. Cr. App. 1994); *Elliott v. State*, 601 So.2d 1118 (Ala. Cr. App. 1992); *Bell v. State*, 565 So.2d 1244 (Ala. Cr. App. 1990).
>
> To prevail on a claim of ineffective assistance of counsel:
>
>> "The appellant must show that his counsel's performance was unreasonable, considering all of the attendant circumstances.... '[a] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the

6

>particular case, viewed as of the time of counsel's conduct.' *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066."

590 So.2d at 362. This Court cannot use hindsight when evaluating the performance of trial counsel. *Cartwright v. State*, 645 So.2d 326 (Ala. Cr. App. 1994); *Wilson v. State*, 644 So.2d 1326 (Ala. Cr. App. 1994); *State v. Tarver*, 629 So.2d 14 (Ala. Cr. App. 1993). We must examine counsel's performance in the light of the circumstances existing at the time of the challenged conduct. *Luke v. State*, 484 So.2d 531 (Ala. Cr. App. 1985).

"Strategic choices made [by an attorney] after a thorough investigation of relevant law and facts are virtually unchallengeable…". Ex parte Lawley, 512 So. 2d 1370, 1372 (Ala. 1987).

The trial court denied Caudill's Rule 32 petition, as follows:

>Petitioner raises the issue of ineffective assistance of trial counsel and appellate counsel. Specifically, Petitioner claims the following: 1) That two jurors indicated a bias during voir dire and were left on the jury; 2) That trial counsel failed to introduce medical records to show that Petitioner was impotent; 3) That trial counsel had no specific trial strategy; And 4) that trial counsel failed to call witnesses beneficial to the Petitioner. Petitioner further claims that appellate counsel failed to have access to the entire transcript on the appeal.
>
>The Defendant was charged by indictment with Rape in the First Degree in CC02-1141 and with Sexual Abuse in the First Degree in CC02-1142. The indictments alleged different victims. The

7

jury returned a verdict of guilty of Sexual Abuse in the First Degree, the lesser in offense, in CC02-1141.

The Petitioner called his trial attorney Jack Blumenfeld as a witness in the Rule 32 hearings. Mr. Blumenfeld denied that any juror was biased. He indicated further that if there had been any indication of juror bias he would have struck the juror. He further stated that during the trial, evidence was introduced regarding the Defendant's allegation of impotence, and the jury must have believed this evidence because the jury returned a verdict in favor of the lesser included offense, Sexual Abuse in the First Degree. Attorney Blumenfeld stated that the Defendant gave him the names of witnesses and he interviewed these witnesses. After the interviews Mr. Blumenfeld stated he did not believe these witnesses would help the Defendant. He further stated that there was a trial strategy and he believed that he was successful insofar as the Defendant was convicted of the lesser included offense.

Appellate counsel was Mr. Shaun McGhee. Mr. McGhee testified and the record corroborates that he had in his possession the entire trial transcript for appellate purposes.

The trial court's findings are supported by the record of Caudill's trial. Caudill failed to prove deficient performance by his trial attorney or prejudice from such performance under Strickland v. Washington. The trial court exercised sound discretion in denying Caudill's Rule 32 petition.

8

Because Caudill has failed to argue in this appeal that his appellate counsel was ineffective on direct appeal, that issue is waived. Caudill has abandoned the issue, and this Court should not review it. <u>Brownlee v. State</u>, 666 So. 2d 91 (Ala. Crim. App. 1995).

## CONCLUSION

This Court should affirm the denial of Caudill's Rule 32 petition. The trial court did not abuse its discretion.

Respectfully submitted,

Troy King
*Attorney General*

_____
J. Thomas Leverette
*Assistant Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>10th</u> day of January, 2005, I served a copy of the foregoing on the attorney for Caudill, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

> J. Christopher Capps
> 170 South Oates Street
> Dothan, Alabama  36301

*[signature]*
J. Thomas Leverette
Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
182282/LEVERETTE
72667/001

10