Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0176          Houston Circuit Court CC-02-1141.60 and
                                          CC-02-1142.60

Stanley Lee Caudill v. State of Alabama

Baschab, Judge.

On December 9, 2002, the appellant was convicted of two counts of first-degree sexual abuse. The trial court sentenced him to serve consecutive terms of ten years in prison. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on October 8, 2003. See Caudill v. State, (CR-02-0755, August 22, 2003) ___ So. 2d ___ (Ala. Crim. App. 2003) (table). On February 26, 2004, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court conducted an evidentiary hearing and denied his petition. This appeal followed.

The appellant argues that his trial counsel rendered

EXHIBIT M

ineffective assistance because he:

> 1) did not subpoena medical records that would have proved that he was impotent;
>
> 2) did not develop a trial strategy; and
>
> 3) did not subpoena any witnesses even though he had requested that certain individuals be subpoenaed for trial.[1]

To prevail on an ineffective-assistance-of-counsel claim, the appellant must show that his trial counsel's performance was deficient and that counsel's deficient performance prejudiced him.  See Brown v. State, 663 So. 2d 1028 (Ala. Crim. App. 1995) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

In its order denying the petition, the circuit court found as follows:

> "The matter before the Court is Petitioner's request for Rule 32 relief.  An evidentiary hearing was conducted September 17, 2004.  The State was represented through its assistant district attorney Mr. Arthur Medley.  The Defendant was present with his attorney Mr. John Steensland.
>
> "Petitioner raises the issue of ineffective assistance of trial counsel and appellate counsel.  Specifically, Petitioner claims the following:  1) That two jurors indicated a bias during voir dire and were left on the jury; 2) That trial counsel failed to introduce medical records to show that Petitioner was impotent; 3) That trial counsel had no specific trial strategy; and 4) that trial counsel failed to call witnesses beneficial to the Petitioner. ...

---

[1]The appellant raised additional arguments in his petition.  However, he does not pursue them on appeal.  Therefore, we deem those arguments abandoned.  See Brownlee v. State, 666 So. 2d 91 (Ala. Crim. App. 1995).

2

> "The Defendant was charged by indictment with Rape in the First Degree in CC02-1141 and with Sexual Abuse in he First Degree in CC02-1142. The indictments allege different victims. The jury returned a verdict of guilty of Sexual Abuse in the First Degree, the lesser in[cluded] offense, in CC-02-1141.
>
> "The Petitioner called his trial attorney Jack Blumenfeld as a witness in the Rule 32 hearing. Mr. Blumenfeld denied that any juror was biased. He indicated further that if there had been any indication of juror bias he would have struck the juror. He further stated that during the trial, evidence was introduced regarding the Defendant's allegations of impotence, and the jury must have believed this evidence because the jury returned a verdict in favor of the lesser included offense, Sexual Abuse in the First Degree. Attorney Blumenfeld stated that the Defendant gave him the names of witnesses and he interviewed these witnesses. After the interviews Mr. Blumenfeld stated he did not believe these witnesses would help the Defendant. He further stated that there was a trial strategy and he believed that he was successful insofar as the Defendant was convicted of the lesser included offense."

(C.R. 46-47.) The record supports the circuit court's findings, and we adopt them as part of this memorandum. Therefore, the appellant did not show that his counsel's performance was deficient or that he was prejudiced by counsel's allegedly deficient performance. Because the appellant's arguments were without merit, the circuit court properly denied his petition. Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.