IN THE SUPREME COURT OF ALABAMA

STANLEY LEE CAUDILL,
APPELLANT,

-VS-

STATE OF ALABAMA
APPELLEE,

---

PETITION FOR WRIT OF CERTIORARI

TO THE SUPREME COURT OF ALABAMA

SC NO. _____

---

FROM THE CIRCUIT COURT OF HOUSTON COUNTY
CASE NO. CC-02-1141

\* \* \* \* \* \* \* \* \* \* \*

ALABAMA COURT OF CRIMINAL APPEALS
CASE NO CR-04-0176

---

Comes now your Petitioner, Stantley Lee Caudill, Pro-Se, and petitions this Court for a Writ of Certiorari to issue to the Alabama Court of Criminal Appeals in the above styled cause under Rule 39, A.R.A.P., and show the following:

1. Petitioner Caudill was indicted for first degree rape on August 8, 2004, and was convicted of the lesser included offense of Sexual Abuse I after a jury trial on December, 9, 2002. Caudill was sentenced to ten (10) years imprisonment on January 10, 2003 (CR-02-0755).

2. On February 26, 2004, Caudill filed a Rule 32 Petition in the

EXHIBIT P    1 of 7

Circuit Court of Houston County alleging ineffective assistance of trial counsel. A hearing was conducted on September 11, 2004, and Caudill's Petition was denied on September 27, 2004. The Alabama Court of Criminal Appeals affirmed the trial court's judgment on February 18, 2005.

3. A copy of the opinion of the Appellate Court is attached to this Petition which shows the Court of Criminal Appeals case to be CR-04-0176.

4. Caudill alleges as grounds for the issuance of the Writ the following:

The basis of this Petition for the Writ is that the Appellate Court's opinion is in conflict with a prior opinion of the Alabama Court of Criminal Appeals on the same point of law. In its memorandum opinion, the Appellate Court held: "... ][T]he Appellant did not show that his counsel's performance was deficient or that he was prejudiced by counsel's allegedly deficient performance...", where trial counsel testified he felt he was successful in obtaining a conviction for the lesser included offense of Sexual Abuse I in trial for first degree rape, even though testimony by alleged rape victim failed to establish any sexual contact. In the case of Ayers v. State, 594 So.2d 719 (Ala. App. 1991), the Appellate Court held that the trial court properly declined to give a lesser included offense charge of Sexual Misconduct in trial for first degree rape and first degree Sodomy where the evidence did not support a verdict of sexual misconduct. These statements of the law on the substance of the Appellate Court opinion are in conflict and the Appellate Court erred in failing to follow the decision of the Alabama Court of Criminal Appeals on the same point of law.

Caudill continues to argue that his counsel failed to subpoena medical records which would prove he was impotent and witnesses he specifically requested to be subpoenaed that would have testified that the alleged victim worked for him over one year after the alleged offense. This was important to Caudill's case and his actual innocence. These crucial records would have cast a doubt upon the State's testimony. A Cronic Analysis allows the Court to focus on the totality of the circumstances surrounding counsel's representation in considering whether a true adversarial criminal trial was conducted. U.S. v Cronic, 466 U.S. 648. By Caudill's counsel failing to subpoena the medical records and witnesses as Caudill requested to aid in his defense created a Conflict of Interest. Caudill was entitled to representation of counsel free of Conflict of Interest and under such circumstances no specific showing of prejudice is required. U.S. v Cronic, 466 U.S. 648; Cuyler v Sullivan, 446 U.S. 335.

Caudill has proved that his counsel's performance was deficient and that the deficient performance prejudiced his defense because with his medical records of impotency and witnesses that would have testified that alleged victims worked for him for over one year after the alleged offense, he would have proved Caudill's innocence. Strickland v Washington, 466 US 668. Trial counsel has a duty to investigate and search for evidence favorable to the defendant and into each plausible line of defense. Strickland, 466 U.S. at 681. Effective representation consistent with U.S.C.: Const. Amend. Six involves the independent duty to investigate and prepare. Dill v State, 484 So2d 491, 497 (Ala. Cr. App). Counsel is expected to exercise diligence in preparing his case for trial and for procuring necessary witnesses. Bailey v State, 398 So2d 406, 413 (Ala. Cr. App).

Caudill would like to add two letters from his trial counsel as Exhibits to this Court. Caudill asked his Appellate Counsel to add these letters in his Appellant Brief but Counsel did not. On 1-10-03, trial counsel wrote to Caudill and stated that he believed that injustice was done in his case. On 1-24-03, he

wrote that he believed that Caudill was innocence. Yet, at Caudill's evidentiary hearing, trial counsel stated that Caudill told him that he was guilty. First, Caudill has never stated his guilt because he is innocence. Secondly, why is Caudill's trial counsel misinforming the court. Counsel knew that Caudill was innocence, failed to do his duties to Caudill, states that injustice was done, yet misinforms the Court by telling the Court that Caudill admitted guilty when he did not.

Caudill also argues that there was no evidence to support the conviction of guilt to Sexual Abuse, First Degree. The district attorney even admitted in court that he could not prove guilt to this offense, that there was not any evidence to convict Caudill of Sexual Abuse, First Degree. Not only does defense counsel have a duty to seek to determine all relevant facts known to the accused, but he also has a duty to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. <u>Baxter v State</u>, 360 So2d 64, 66 (Ala. Cr. App.); <u>Thompson v State</u>, 444 So2d 899 (Ala Cr App).

Caudill contends that he did not receive the denial of his Application for Rehearing from his Appellate Counsel until <u>3-15-05</u>. Caudill motion this Court for an Extention of Time but did not get a Reply from this Court. He mailed his Writ of Certiorari from Bullock Co. C.F. on <u>3-24-05</u>.

Petitioner respectfully requests that after a preliminary examination, the Writ of Certiorari be granted and that this Court proceed under its rules to review the matter complainted of and to reverse the judgment of the Court of Criminal Appeals and for such other relief as Petitioner may be entitled.

Done this 24 day of March, 2005

Respectfully Submitted

[signature]

AIS 230597
P.O. Box 5107
Union Springs, AL.
36089

4

**JACK A. BLUMENFELD**
Attorney at Law
313 North Foster Street, Suite 2
P.O. Box 6264
Dothan, Alabama 36302
334-793-9167

January 24, 2003

Mr. Stanley Caudill
% Houston County Jail
903 E. Main Street
Dothan, AL 36301

Dear Mr. Caudill:

Judge Anderson has appointed the Hon. Shaun McGhee to represent you on appeal. However, he refused to set an appeal bond.

I would trust that Mr. McGhee will file a motion to set an appeal bond for you. If you wish to contact him, his address is: Hon. Shaun McGhee, 188 N. Foster Street, Suite 101, Dothan, AL 36301.

Good luck to you. I truly believe that you are not guilty, and I hope and pray that this nightmare will be put behind you as soon as possible.

Sincerely,

Jack A. Blumenfeld

**JACK A. BLUMENFELD**
Attorney at Law
313 North Foster Street, Suite 2
P.O. Box 6264
Dothan, Alabama 36302
334-793-9167

January 10, 2003

Mr. Stanley Caudill
% Houston County Jail
903 E. Main Street
Dothan, AL 36301

Dear Mr. Caudill:

    Enclosed is a copy of the notice of appeal and request for an appeal bond that I have filed in your case.

    I have requested that I be allowed to withdraw because most trial attorneys believe that a new attorney can look at a case with a different insight. Please do not believe that my request for withdrawal should in any way show any lack of respect for you, nor does it lessen my belief that you were done an injustice.

Sincerely,

Jack A. Blumenfeld

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, Writ of Certiorari, and Brief in Support has been served upon the Clerk of Supreme Court of Alabama, Robert G. Esdale, Sr., 300 Dexter Avenue, Montgomery, AL 36104-3741, And the Attorney General of Alabama, Troy King, 11 South Union Street, Montgomery, AL 36104, by placing same in the U.S. mail, first class postage prepaid, and correctly addressed.

Done this 24TH day of March, 2005.

*Stanley Lee Caudill*
Stanley Lee Caudill, Pro-Se

I hereby certify that a true copy of the foregoing Writ of Certiorari was served on the Court of Criminal Appeals.
Done this 24 day of March, 2005

*Stanley Caudill*

7

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-04-0176     Houston Circuit Court CC-02-1141.60 and
                                    CC-02-1142.60

Stanley Lee Caudill v. State of Alabama

Baschab, Judge.

　　On December 9, 2002, the appellant was convicted of two counts of first-degree sexual abuse. The trial court sentenced him to serve consecutive terms of ten years in prison. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on October 8, 2003. See Caudill v. State, (CR-02-0755, August 22, 2003) ___ So. 2d ___ (Ala. Crim. App. 2003) (table). On February 26, 2004, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court conducted an evidentiary hearing and denied his petition. This appeal followed.

　　The appellant argues that his trial counsel rendered

ineffective assistance because he:

> 1) did not subpoena medical records that would have proved that he was impotent;
>
> 2) did not develop a trial strategy; and
>
> 3) did not subpoena any witnesses even though he had requested that certain individuals be subpoenaed for trial.[1]

To prevail on an ineffective-assistance-of-counsel claim, the appellant must show that his trial counsel's performance was deficient and that counsel's deficient performance prejudiced him. See Brown v. State, 663 So. 2d 1028 (Ala. Crim. App. 1995) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

In its order denying the petition, the circuit court found as follows:

> "The matter before the Court is Petitioner's request for Rule 32 relief. An evidentiary hearing was conducted September 17, 2004. The State was represented through its assistant district attorney Mr. Arthur Medley. The Defendant was present with his attorney Mr. John Steensland.
>
> "Petitioner raises the issue of ineffective assistance of trial counsel and appellate counsel. Specifically, Petitioner claims the following: 1) That two jurors indicated a bias during voir dire and were left on the jury; 2) That trial counsel failed to introduce medical records to show that Petitioner was impotent; 3) That trial counsel had no specific trial strategy; and 4) that trial counsel failed to call witnesses beneficial to the Petitioner. ...

---

[1] The appellant raised additional arguments in his petition. However, he does not pursue them on appeal. Therefore, we deem those arguments abandoned. See Brownlee v. State, 666 So. 2d 91 (Ala. Crim. App. 1995).

2

> "The Defendant was charged by indictment with Rape in the First Degree in CC02-1141 and with Sexual Abuse in he First Degree in CC02-1142. The indictments allege different victims. The jury returned a verdict of guilty of Sexual Abuse in the First Degree, the lesser in[cluded] offense, in CC-02-1141.
>
> "The Petitioner called his trial attorney Jack Blumenfeld as a witness in the Rule 32 hearing. Mr. Blumenfeld denied that any juror was biased. He indicated further that if there had been any indication of juror bias he would have struck the juror. He further stated that during the trial, evidence was introduced regarding the Defendant's allegations of impotence, and the jury must have believed this evidence because the jury returned a verdict in favor of the lesser included offense, Sexual Abuse in the First Degree. Attorney Blumenfeld stated that the Defendant gave him the names of witnesses and he interviewed these witnesses. After the interviews Mr. Blumenfeld stated he did not believe these witnesses would help the Defendant. He further stated that there was a trial strategy and he believed that he was successful insofar as the Defendant was convicted of the lesser included offense."

(C.R. 46-47.) The record supports the circuit court's findings, and we adopt them as part of this memorandum. Therefore, the appellant did not show that his counsel's performance was deficient or that he was prejudiced by counsel's allegedly deficient performance. Because the appellant's arguments were without merit, the circuit court properly denied his petition. Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

3

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
 Clerk
Sonja McKnight
 Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

March 11, 2005

**CR-04-0176**

Stanley Lee Caudill v. State of Alabama   (Appeal from Houston Circuit Court: CC02-1141.60; CC02-1142.60)

## NOTICE

You are hereby notified that on March 11, 2005 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Judy Byrd, Circuit Clerk
 Jon Christopher Capps, Attorney
 J. Thomas Leverette, Asst. Atty. Gen.