In The United States District Court
For The Middle District of Alabama
Southern Division

RECEIVED
2005 OCT 25 A 9:36
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Stanley Lee Caudill, #230597
    Petitioner

v.                                               Civil Action No 1:05-cv-785-F

Arnold Holt, et. al.,
    Respondents


Petitioner's Response To State's Answer AND
Motion For Discovery oR Evidentiary Hearing


    Comes now the Petitioner, Pro Se, and following this Court's October 3, 2005 order. Caudill is in custody of the State of Alabama in violation of the Constitution and laws of the United States, 28 U.S.C. 2241. He has shown the denial of a substantial constitutional right to trial of an impartial jury and denial of effective assistance of counsel, U.S.C. Amendment Six.

    The State in their Answer excluded the record of Caudill's voir dire transcript of his trial. See Answer Exhibit J at 56, this is Caudill's hearing on his Rule 32 Petition. During this hearing at 26, line 13, the Court stated that it order the designation of all proceedings to be transcribed, including the organization of the jury, during Caudill's trial.

    It appears that all of the state Records are not in its Answer and leads Caudill to request leave for a discovery on his habeas corpus to get the voir dire transcript.

PAGE 1 of 11

## Cause AND Prejudice

1. Caudill's first Constitutional claim was not present to the Supreme Court of Alabama, which the state is applying a procedural bar. Caudill can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. Coleman v Thompson, 501 U.S. 722.

   Pro Se petitioner can satisfy cause requirement by showing that the default claim raises an issue that was intrinsically beyond a Pro Se petitioner's ability to present. McCoy v Newsome, 953 F2d 1252 (11th Cir); Harmon v Brown, 894 F2d 1268 (11th Cir).

   Caudill had an attorney on his postconviction (Rule 32) petition and appeal. Days after his Application for Rehearing was denied the Appeal Attorney withdrew from Caudill's appeal, leaving Caudill just days to file his Writ into the Supreme Court of Alabama. A motion for extention of time to file a writ was denied. See Answer at 3. Caudill was unskilled in law and had recently had open heart surgery with a defibrulator implant and was on alot of medications. Caudill's conditions was intrinsically beyond his ability to present his claims.

   Caudill was prejudice by having two bias jurors on the jury panel, a violation of right to impartial jury and trial

2 of 11

Counsel amounted to a structural error; obviating the need to demonstrate that counsel's ineffective representation actually prejudice him for purpose of procedural default analysis. Amadeo v Zant, 486 U.S. 214, 228 n.6. Caudill had a Constitutional right to an impartial jury and effective trial counsel per USCS Amend. Six. Trial counsel was ineffective assistance for not striking the two bias jurors. One juror stated that if he (Caudill) did not testify on his own defense that he had something to hide and more than likely was guilty. This juror (Glen Dickerson) became the Foreman of the jury. One juror (female) name unknown to Caudill stated that she could not give an impartial decision because her sister was raped. She did stay on the jury panel. This did deprive Caudill of his Sixth Amendment right to an impartial jury and trial. Trial Counsel was ineffective assistance for not striking these bias jurors and allowing Dickerson to become the Foreman of the jury.

### Hearing on Cause AND Prejudice

Caudill request a hearing on his Cause and Prejudice per FHCPP and Rules governing Habeas Corpus § 2254. At the hearing Caudill can prove that he had open heart surgery at Baptist South in Montgomery and not enough time to present his claims to the Supreme Court of Alabama. Effect of jury selection practice on neutrality of jury is matter of legislative fact and reviewable de novo.

3

II. Caudill's four claims of ineffective assistance of trial counsel does have merits. They were not correctly adjudicated on the merits by the State Courts because they did not have the voir dire transcript, Caudill's medical records of impotence, or any statement from Caudill's witnesses he need at trial to see if in fact they were contacted by his trial attorney.

In a federal habeas challenge to a State criminal judgment, a State Court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court. Thompson v Keohane, 516 U.S. 99, 109-13, But the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and facts that require, De novo review. Kimmelman v Morrison, 474 U.S. 365, 378-80; Cuyler v Sullivan, 446 U.S. 335, 341-43; Bolender v Singletary, 16 F3d 1547, 1558 n.12 (11th Cir); 28 USCS 2254(d). These issues are not procedurally defaulted and have been exhaust by Caudill.

II. (A) Caudill's trial counsel was ineffective assistance for failing to strike the two biased jurors which lead to an impartial jury and trial in violation of Caudill's Six Amendment right to effective counsel and fair trial. "See Caudill's first (I) Constitutional claim on bias jurors." Counsel failed to respond to venireperson's expression of doubt about capacity for fairness by seeking removal for cause or exercising peremptory strike or even by asking follow-up question, no sound trial strategy could support counsel's effective waiver of Petitioner's basis Sixth Amendment

4

right to trial by impartial jury. Hughes v U.S., 2001 U.S. App. Lexis 15392 (6th Cir). The Sixth Amendment right to an impartial jury requires the exclusion of a potential juror if his views would prevent or substantially impair the performance of his duties as a juror. Wainwright v Witt, 152 F.3d 407; quoting Adams v Texas, 448 U.S. 38, 45.

II. (B, C, D) Caudill's trial counsel was ineffective assistance because he had no trial strategy. No sound trial strategy could support counsel's effective waiver of Petitioner's basic Sixth Amendment right to trial by impartial jury. Hughes v U.S., 2001 U.S. App. Lexis 15392; Adam v Texas, 448 U.S. 38, 45.

Counsel did not subpoena Caudill's witnesses or even contact them; or subpoena Caudill's medical records to show his impotence to prove that he could not commit rape as indicted; or strike impartial jurors. The U.S. Supreme Court has designated "Structural Constitutional rights" that are so basic to a fair trial that their infraction can never be treated as harmless error. One of these rights are the right to material evidence available to the defense. See (FHCPP) § 31.3 N.27, 4th Ed.; Adams v Texas, 448 U.S. at 45; U.S. v Cronic, 466 U.S. 648

II. (C) The right to offer the testimony of witnesses, and to compel their attendance if necessary, was in plain terms the right to present a defense; this is a fundamental element of due process of law. Washington v Texas, 388 U.S. 14. The right of the accused to have

5

compulsory process for obtaining witnesses in his favor, is so fundamental and esstential to a fair trial that it is incorporated in the due process clause of the Fourteenth Amendment, USCS. Washington v Texas, 388 U.S. 14.

II. (1) Caudill was entitled to have evidence at trial to prove that he could not commit rape as charged in the indictment and counsel was alerted to it and ineffective assistance for not obtaining these medical records. Caudill did have a right to material evidence available to the defense. As Caudill claims, his trial counsel had no trial strategy. Defense attorney must be prepared to investigate and develop evidence on behalf of his client.... An attorney does not provide effective assistance if he fails to investigate source of evidence which may be helpful to the defense. Davis v Alabama, 596 F.2d 1214, 1217 (5th Cir).

Trial Counsel's performance was deficient for failing to strike two biased jurors; no trial strategy; and failing to call Caudill witnesses and medical records of impotence. These prejudices the defense to impartial jury and trial; to compulsory process for obtaining witnesses in Caudill's favor; and material evidence available to the defense. Trial Counsel did deprive Caudill of his Sixth Amendment right to effective Counsel, as argued in this brief.

There is also an examination authorized under the U.S. Supreme Court case of U.S. v Cronic, 104 S.Ct. 2039, 466 U.S. 648. A Cronic analysis allows the court to focus on the totality of the circumstances surrounding counsel's

6

representation in considering whether a true adversarial criminal trial was conducted. Stano v Dugger, 897 F.2d 1067 (11th Cir). Trial counsel has a duty to investigate an search for evidence favorable to the defendant..... Counsel' obligation is to conduct a "substantial investigation into each of the plausible lines of defense, Strickland v Washington, 466 U.S. 668, 681.

B. The Court of Criminal Appeals decision was contrary to the Supreme Court rulings and unreasonable application of clearly established Federal law.

II (A) Caudill's trial counsel was ineffective assistance for failin to strike two biased jurors which lead to an impartial jury and trial in violation of Caudill's Six Amendment rights. Also see Adams v Texas, 448 U.S. 38, 45.

II (B,C,D) Caudill's trial counsel was ineffective assistance because he had no trial strategy. Adams v Texas, 448 US at 45; right to witnesses, violation of due process U.S.C.S. Amend. Fourteen; Washington v Texas, 388 U.S. 14. Material evidence to the defense, violation of due process USCS Amend. Fourteen; Strickland v Washington, 466 U.S. at 681; U.S. v Cronic, 466 U.S. 648.

C. 1. The evidence presented to the State Courts were inadequa and was no fault of Caudill. The State Courts did not have Caudill's medical records or his potential witnesses before them.

2. The records of Caudill's State Evidentiary hearing proves that there was a voir dire transcript. Caudill does not know what records are before this Court but

7   he did not receive State records voir dire record. Caudill points

to the record of his State Evidentiary hearing on September 17, 2004.

At 25-26, Shaun McGhee states that he had all the Court Reporter's transcript (Two Volumes), that he could not research the issues raised without the transcripts.

At 26 Line 10 The Court: Let me see the transcript as it relates to jury selection. Was that in there?

The Witness: (McGhee) It should be, Judge.
[This proves that at this point there was a voir dire transcript.]

The Court: I will note the designation is all proceedings to be transcribed. And you indicated trial procedures and organization of the jury and arguments of counsel, all pretrial hearing as well.

The Court ordered all proceedings, including jury selection, to be transcribed, yet at 27 Line 7, the Court states that the record reflects that there is nothing in the transcript concerning voir dire. Caudill does remember a Court Reporter typing while the trial jury was being selected. Caudill does not know if voir dire transcript is in the State Records (Answer), if not the State is withholding evidence crucial to his habeas petition and constitutional claims. Caudill could not develop all the facts in the State Courts because State officials concealed evidence of Constitutional violations. Coleman v Thompson, 501 U.S. 753.

8

D. Relief Sought

Caudill is requesting a reversal of his conviction due to the Constitutional violations complained of in his habeas petition, and a fair proceeding against him.

E. Caudill is in custody of the state of Alabama in violation of the Constitution and laws of the United States. 28 USC 2220

Wherefore, from above stated premises, Caudill forever prays this Honorable Court grants relief that Caudill is entitled to.

Done this 24th day of October, 2005

Respectfully Submitted

*Stanley Lee Caudill*

Affidavit

I Stanley L. Caudill duly swear (Affirm) that the foregoing brief is true under penalty of perjury

10-24-05
DATE

Signature
*Stanley Lee Caudill*

9