IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STANLEY LEE CAUDILL, #230597, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05-CV-785-F |
| | ) | |
| ARNOLD HOLT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER ON MOTION**

Upon consideration of the motion for information filed by the petitioner on November 26, 2005 (Court Doc. No. 26), and for good cause, it is

ORDERED that this motion be and is hereby GRANTED. The petitioner is hereby advised that: (i) the respondents filed a complete copy of the transcribed trial court record as an exhibit to their answer; and (ii) the voir dire of the jury was not transcribed and is therefore not a part of the trial court record. Although during the Rule 32 hearing the state court initially suggested that "all proceedings [were] to be transcribed" and trial counsel "indicated [that] organization of the jury" was contained in such transcription, *Respondents' Exhibit J - Transcript of Rule 32 Hearing* at 84, the court subsequently determined "that there is nothing in the transcript concerning voir dire. The only mention of it is, 'Thereupon the jury venire was qualified by the Court and voir dired by the attorneys of record and a trial jury was struck.' As a general rule, voir dire is not included

in the transcript." *Id*. at 85.  In light of the foregoing, it is clear that there is no voir dire transcript to be produced.

    Done this 1st day of December, 2005.


                                                           /s/ Vanzetta Penn McPherson
                                                           UNITED STATES MAGISTRATE JUDGE