IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STANLEY LEE CAUDILL, | ) | |
| AIS #230597, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| vs. | ) | 1:05-CV-785-F |
| | ) | |
| WARDEN LOUIS BOYD, | ) | |
| and the ALABAMA ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER TO AMENDMENT TO PETITION

Come now Respondents, by and through the Alabama Attorney General, following this Court's order of January 10, 2007, and answer Caudill's amended §2254 petition, as follows:

1. Respondents admit Caudill was convicted of two counts of first degree sexual abuse by a jury on December 9, 2002, in the Circuit Court of Houston County Alabama.[1] (Exhibit A, C. 3, 8) Caudill was sentenced to ten years

---

[1] Respondents previously filed an answer to Caudill's initial §2254 petition on September 27, 2005, with supporting Exhibits A-Q. That Answer, including Exhibits A-Q, are adopted herein by reference. Caudill's second §2254 petition, filed December 28, 2006, was consolidated by this Court with his first such petition, and it is deemed by Respondents to be an amendment to the original §2254 petition, challenging his two first degree sexual abuse convictions.

consecutively in the penitentiary in each case. (Exhibit A, C. 3, 4, 8, 9) Caudill's current incarceration is the result of these lawful convictions and sentences.

2. Respondents aver that Caudill's amendment issues are time-barred by 28 U.S.C. §2244(d) and procedurally defaulted.

3. Respondents deny that Caudill is entitled to any of his requested relief.

**PROCEDURAL HISTORY**
**(Restated From Initial Answer and**
**Supplemented With Additional History of Case)**

4. During the August 2002 Term of the Houston County Grand Jury, Caudill was indicted for rape in the first degree and sexual abuse in the first degree. (Exhibit A, C. 11-14) The two cases were tried together on December 9, 2002, and Caudill was convicted by the jury of first degree sexual abuse in each case. (Exhibit A, C. 3, 8) He was sentenced on January 10, 2003, to consecutive prison terms of ten years for each offense. (Exhibit A, C. 3, 4, 8, 9) Caudill appealed his convictions and sentences to the Alabama Court of Criminal Appeals, and briefs were filed by the parties. (Exhibits B and C) Caudill raised three issues on direct appeal, as follows:

> I.  Trial court failed to properly charge the jury on the correct definition of "forcible compulsion" by omitting the term "immediate" from its definition, and therefore, the jury could not have found the defendant guilty of sexual abuse first degree.

2

> II. The trial court erred by applying the firearm enhancement to the defendant's sentence because the facts did not provide for the application of the enhancement and further, the jury did not make a determination on the issue.
>
> III. The trial court erred by denying the defendant's motion for judgment of acquittal due to the State failing to prove the "forcible compulsion" element of the crime.

(Exhibit B) On August 22, 2003, the Alabama Court of Criminal Appeals affirmed by memorandum, holding that Caudill's issues were procedurally barred or meritless. (Exhibit D) Caudill's application for rehearing was overruled on September 19, 2003. (Exhibit E and F) His motion for extension of time to file a petition for writ of certiorari was denied by the Alabama Supreme Court and the certificate of judgment was issued on October 8, 2003. (Exhibits G, H, and I)

On or about February 12, 2004, Caudill filed a Rule 32 petition and raised issues of ineffective assistance of trial and appellate counsel. (Exhibit J, C. 5-17, 21-45) An evidentiary hearing was held on September 17, 2004. (Exhibit J, R. 1-27)

On September 27, 2004, the trial court issued a written order denying Caudill's Rule 32 petition. (Exhibit J, C. 46-48) Caudill appealed that denial to the Alabama Court of Criminal Appeals, and briefs were filed by the parties. (Exhibits K and L) Caudill raised the same claims of ineffective assistance of trial counsel he had raised in the Rule 32 petition, but he abandoned on Rule 32 appeal

his claim(s) of ineffective assistance of appellate counsel. (Exhibits K, L, and M) The Court of Criminal Appeals affirmed by memorandum on February 18, 2005. (Exhibit M) Caudill's application for rehearing was overruled on March 11, 2005. (Exhibits N and O) His petition for writ of certiorari was denied and the certificate of judgment issued by the Supreme Court of Alabama on July 8, 2005. (Exhibits P and Q)

On August 12, 2005, Caudill filed his first §2254 petition and alleged claims, as follows:

    I.    His conviction was obtained as the result of two biased petit jurors; and

    II.    Denial of effective assistance of trial counsel, because:

        A.    trial counsel failed to strike the biased jurors;

        B.    trial counsel had no trial strategy;

        C.    trial counsel failed to subpoena Caudill's witnesses; and,

        D.    trial counsel failed to subpoena Caudill's medical records to show his impotence.

(§ 2254 Petition) All of these issues are exhausted, but they are also procedurally defaulted, or they were correctly adjudicated on the merits in the state courts. Respondents's Answer to this initial §2254 petition was filed on September 27, 2005.

On February 6, 2006, Caudill filed a second Rule 32 petition in the Houston County Circuit Court, but he only challenged his conviction in Case No. CC-2002-1141 for first degree sexual abuse, a lesser-included offense of his first degree rape charge. (Exhibit R)  The Rule 32 petition was summarily denied on February 15, 2006, and that denial was appealed. (Exhibit R. pp. 1, 23)  The Alabama Court of Criminal Appeals affirmed by memorandum on September 22, 2006, and held that the Rule 32 petition was time-barred under Rule 32.2(c) of the Alabama Rules of Criminal Procedure. (Exhibits S, T, U)  The certificate of judgment was issued on November 9, 2006, following the denials of Caudill's rehearing application and his certiorari petition. (Exhibit V, W)

On December 28, 2006, Caudill filed what amounted to a second §2254 petition, challenging his same conviction that he had challenged in his second Rule 32 proceeding in state court, Case No. CC-2002-1141.  This Court, by written order dated January 10, 2007, consolidated this second §2254 petition with Caudill's first such petition.  Such consolidation effectively made the second petition an amendment to the first such petition, or that is the interpretation by Respondents of the consolidation order.  The amendment to Caudill's §2254 petition is time-barred under 28 U.S.C. §2244(d), and the issues are procedurally defaulted.

## One-Year Period Of Limitation Under
## 28 U.S.C. §2244(d)

5. Caudill's amended petition is barred by the one-year period of limitation of 28 U.S.C. §2244(d). Caudill's direct appeal ended with the issuance of the certificate of judgment on October 8, 2003, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat 1212 (1996) codified in pertinent part at 28 U.S.C. §2244(d). The one-year period of limitation applicable to his case should run from October 8, 2003, because Caudill did not file a timely petition for writ of certiorari in the Supreme Court of Alabama. Therefore, Caudill's amended §2254 petition, to be timely, should have been filed no later than October 8, 2004. See Mayle v. Felix, 545 U.S. 644 (2005). It was, in fact, filed no earlier than December 28, 2006, which was more than two years after the expiration of the one-year period.

Under 28 U.S.C. §2244(d)(2), the legislatively-created one-year period of limitation may be tolled for "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...". Caudill filed a Rule 32 petition on February 12, 2004, four months and three days into his one-year time period for filing his §2254 petition. (Exhibit J, C. 5-17) This petition remained pending until the Alabama Supreme Court denied certiorari review on July 8, 2005. (Exhibits P and Q)

6

Caudill then had seven months and twenty-seven days remaining of his one-year time period to file a timely habeas corpus petition, up to March 8, 2006. Caudill's amendment was not filed until December 28, 2006, more than nine months too late. Although Caudill did file a second Rule 32 petition on February 6, 2006, it had no tolling effect because it was time-barred by Rule 32.2(c), A.R.Crim.P.. (Exhibit U) See Sweet v. Secretary, Department of Corrections, 467 F.3d 1311 (11th Cir. 2006). Because Caudill's amendment issues arose out of a different core of operative facts than those relevant to Caudill's original claims, there was no "relation back" effect. Mayle v. Felix, 545 U.S. 644 (2005). His amendment is time-barred by 28 U.S.C. §2244(d).

### PROCEDURAL DEFAULT

6. Caudill's amendment claims are also procedurally defaulted, because they were not timely and fairly presented to the state courts. Caudill did not raise them until his second Rule 32 petition. (Exhibit R) That petition was held to be time-barred under Rule 32.2(c), A.R.Crim.P., by the Alabama Court of Criminal Appeals. (Exhibit U) His amendment claims are, therefore, procedurally defaulted. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Caudill has failed to show cause and prejudice or actual innocence to excuse his procedural default. Schlup v. Delo, 513 U.S. 298, 314 (1995); Murray v. Carrier, 477 U.S. 4778, 496

(1986). He admitted throughout his state proceedings that he was with the two young female victims, but he denied sexually abusing them. The jury determined that he did sexually abuse the two girls. No factual innocence has been shown by Caudill.

WHEREFORE, THE PREMISES CONSIDERED, Respondents request that Caudill's §2254 petition, as amended, be denied.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*


/s/J. Thomas Leverette
s/J. Thomas Leverette
J. Thomas Leverette (LEV007)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>30th</u> day of January, 2006, I electronically filed the foregoing (including exhibits) with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document (including exhibits) to the Petitioner: <u>Stanley Lee Caudill, AIS #230597, Bullock Correctional Facility, P. O. Box 5107, Union Springs, AL 36089</u>

                                                s/J. Thomas Leverette
J. Thomas Leverette (LEV007)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: TLeverette@ago.state.al.us

227456/83723-001