COURT OF CRIMINAL APPEALS NO. _____ CR 05-1128

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF ___HOUSTON___ COUNTY, ALABAMA

CIRCUIT COURT NO ___CC2002-1141.61___

CIRCUIT JUDGE ___LARRY K. ANDERSON___

Type of Conviction/ Order Appealed From: ___RULE 32 PETITION___

Sentence Imposed: ___PETITION DENIED___

Defendant Indigent: ☑ YES  ☐ NO

## STANLEY LEE CAUDILL

NAME OF APPELLANT

PRO-SE          #230597

(Appellant's Attorney)                    (Telephone No.)

P O BOX 5107

(Address)

UNION SPRINGS                    36089

(City)          (State)          (Zip Code)

### V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

_____

(For Court of Criminal Appeals Use Only)

EXHIBIT R

CLERK'S INDEX

CASE ACTION SUMMARY                                                    1

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE         2-21

ORDER DATED 2-15-06: PETITIONER IS INDIGENT AND COSTS ARE      22
WAIVED.  HOWEVER, PETITION IS DISMISSED BASED ON COURT'S
REVIEW OF SAID PETITION.

NOTICE OF APPEAL TO COURT OF CRIMINAL APPEALS              23

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT           24-25

COURT REPORTERS TRANSCRIPT ORDER – CRIMINAL             26

ENVELOPE  FROM DEFT.                                                 27

ORDER DATED 3-9-06:APPEAL NOTED                                  28

CLERK'S NOTICE OF APPEAL                                            29

CERTIFICATE OF JUDGMENT                                             30

```
ACRO372                ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 001141.61
   R: RHM                    CASE ACTION SUMMARY
 E:    1                       CIRCUIT   CRIMINAL                RUN DATE: 02/13/2006
============================================================================
IN THE CIRCUIT COURT OF  HOUSTON
                                                                          JUDGE: LKA
STATE  OF  ALABAMA                    VS      CAUDILL STANLEY LEE
CASE: CC 2002 001141.61                       # 230597
                                              P. O. 5107
                                              UNION SPRINGS , AL  36089 0000
DOB: 11/30/1958        SEX: M  RACE: W  HT: 6 00  WT: 200    HR: BRO EYES: GRN
SSN: 312703127  ALIAS NAMES:
============================================================================
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                     AGENCY/OFFICER: 0380100 OFF B H
DATE WAR/CAP ISS:
DATE     INDICTED:                DATE ARRESTED:
DATE     RELEASED:                DATE   FILED: 02/10/2006
BOND       AMOUNT:        $.00    DATE HEARING:
                                      SURETIES:
DATE 1:          DESC:            TIME: 0000
DATE 2:          DESC:            TIME: 0000
TRACKING NOS:                   /                      /
   DEF/ATY:                        TYPE:                              TYPE:
                         00000                       00000
PROSECUTOR: VALESKA DOUGLAS A
============================================================================
OTH CSE:  000000000000 CHK/TICKET NO:              GRAND JURY:
COURT REPORTER:                   SID NO:           000000000
    STATUS: JAIL                  DEMAND: Y
  L E        ACTIONS,  JUDGEMENTS,  AND  NOTES                   OPER: RHM
============================================================================
```

| | |
|---|---|
| 2-10-06 | Petition for relief from conviction or sentence. |
| 2-15-06 | Petitioner is indigent and costs are waived. However, petition is dismissed based on Court's review of said petition. |
| | 2-21-06 N'deft                        Anderson, Judge |
| 3-2-06 | notice of appeal, CCA D/S & CR T/O |
| 3-9-06 | Appeal noted,    Anderson, Judge |
| 3-17-06 | Clerks notice of appeal, CCA, DS & CR  T/O to CCA AG & deft |

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE

### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

FEB 10 2006

*Judy Byrd*
JUDGE D. CLERK
HOUSTON CO., AL

|  | Case Number |
| --- | --- |
|  | CC 02 1141 A |
|  | ID  YR  NUMBER |

IN THE __Circuit__ COURT OF __Houston__ ALABAMA

__Stanley Dee Caudill__ vs. __State of Alabama__

Petitioner (Full Name)       Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number __230597__ Place of Confinement __Bullock Co. C.F.__

County of conviction __Houston__

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY
### THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction
   or sentence under attack __Dothan__

2. Date of judgment of conviction __1-10-2003__

3. Length of sentence __10 years__

4. Nature of offense involved (all counts) __Rape I__

**FILED**

FEB 10 2006

*Judy Byrd*
JUDY BYRD, CLERK
HOUSTON CO., AL

5. What was your plea? (Check one)

   (a) Guilty _____

   (b) Not guilty __✓__

   (c) Not guilty by reason of mental disease or defect _____

   (d) Not guilty and not guilty by reason of mental disease or defect _____

2

6.  Kind of trial: (Check one)

    (a)  Jury __✓__                    (b)  Judge only _____

7.  Did you testify at the trial?

    Yes _____              No __✓__

8.  Did you appeal from the judgment of conviction?

    Yes __✓__              No _____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

         (1)  Name of court __Circuit Court of Houston County__    (Direct Appeal)

         (2)  Result __Denied__

         (3)  Date of result _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

         (1)  Name of court __Court of Criminal Appeals__

         (2)  Result __Affirmed__

         (3)  Date of result _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

         (1)  Name of court __Alabama Supreme Court__    (Rule 32)

         (2)  Result __Denied with No Opinion__

         (3)  Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petition, application, or motion with respect to this judgment in any court, state or federal?

Yes ✓                No _____          Rule 32

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1)  Name of court _____Circuit Court of Houston County_____

(2)  Nature of proceeding _____Rule 32_____

(3)  Grounds raised _____Bias Juror, Ineffective Counsel_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ✓                No _____

(5)  Result _____Denied_____

(6)  Date of result _____

(b) As to any second petition, application, or motion, give the same information:

(1)  Name of court _____None_____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____                No _____

(5)  Result _____

(6)  Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1)  Name of court _____None_____

(3) Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(d) Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1) First petition, etc.          Yes __✓__          No _____

(2) Second petition, etc.          Yes _____          No _____

(2) Third petition, etc.          Yes _____          No _____

## ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.

(e) If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12. Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

__✓__ A. The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:

4

5

voluntarily with understaing of the nature of the charge and the sequences of the plea.

(2)   Conviction obtained by use of coerced confession.

(3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)   Conviction obtained by a violation of the privilege against self-incrimination.

(6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

(8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)   Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

 B.   The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.   The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.   Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.   Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts developed are newly discovered impeachment evidence and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions.** The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____      No ✔

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court _____

(b) Result _____

(c) Date of result _____
   (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ✔      No _____

15. Give the name and address own of each attorney who represent you at the following stages of the case that resulted in judgment under attack:

(a) At preliminary hearing _Jack Blumenfield_

(b) At arraignment and plea _Blumenfield_

(c) At trial _Blumenfield_

(d) At sentencing _Blumenfield_

(e) On appeal _Shaun McGhee_

(f) In any post-conviction proceeding _Chris Copps_

(g) On appeal from adverse ruling in a post-conviction proceeding

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _✓_          No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No _✓_

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No _✓_

18. What date is this petition being mailed?

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# Memorandum of Law

|  |  | PAG. |
|---|---|---|
| Table of Content | | i |
| Table of Authority | | i |
| 1. Argument — Subject Matter Jurisdiction To Find Guilt or Sentence on Lesser Included Offense. | | 1-2 |
| 2. Request Evidentiary Hearing | | 2 |
| Boyd v State | 699 So2d 967 | 1-2 |
| Breckenridge v State | 628 So2d 1012 | 1 |
| Ex parte Pruitt | 457 So2d 456 | 1 |
| Gordon v Nagle | 2 F3d 385 (11th Cir) | 2. |
| Hopper v Evans | 456 U.S. 605 | |

Forma Pauperis included

Memorandum In Support of Rule 32 Petition

Did the trial court have subject matter jurisdiction to find Caudill guilty of the lesser included offense of Rape 1st Degree of Heather Austin?

There was not any reasonable theory from the evidence to support the lesser charge. Ex parte Pruitt, 457 So.2d 456 (Ala 198 By the transcribed records (R), the alledged victim (Austin) st. that Caudill never touched her, that Caudill got on top of her and had sex and then got off of her. No where in her statement did she claim that Caudill touched her. R 31- "In order for the jury to reach the conclusion that the appell was guilty only of sexual abuse as a lesser included offense of rape in the first degree, it would have had to conclude bot that the appellant was lying and that the victim's testimony should be discounted." See Boyd v State, 699 So.2d 967, 97 The district attorney as the State said, that he could not prove the lesser included offense of rape, R-110. The trial judge stated that Caudill told the investigator that he brus Austin's vagina but Caudill said that he never touched Aus vagina. R 71-72. This left the trial court without a rational basis for a verdict.

The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdi convicting the defendant of the included offense. Breckenridg v State, 628 So.2d 1012, 1016 (Ala. Cr. App 1993). This is a violation of Caudill's Constitutional right to due process of la See Hopper v Evans, 456 U.S. 605, 611

When evidence clearly shows that the defendant is either guilty of offense charged, or innocent, charge on lesser included offense is not necessary or proper. Perry v State, 455 So2d 999 (Ala. Cr. App 1984); Boyd v State 699 so2d at 972.

Caudill contents that the trial judge stated that he brushed Austin's vagina when in fact he stated that he never touch Austin's vagina and Austin clearly stated at trial that Caudill got on top of her than got off. The district attorney stated that he could not prove the lesser included offense, it was either guilty of rape 1st degree or innocence.

This left the trial court without jurisdiction to find Caudill guilty of the lesser included offense of Sexual Abuse 1st Degree.

Jurisdictional issues can not be procedurally barred Ala. R. Cr. P. Rule 32.1(b). Also See Gordon v Nagle, 2 F.3d 385 (11th Cir).

2. Caudill request an evidentiary hearing on this Rule 32 Post conviction Petition

Signeture
Respectfully Submitted
, Stanley Lee Caudill

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _Feb, 6, 2006_
                    (Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _6th_ day of _February_ _2006_

_____
Notary Public  NOTARY PUBLIC STATE OF ALABAMA AT LARGE
               MY COMMISSION EXPIRES: Mar 18, 2007

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.
                              (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____


* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

Case Number

| ID | YR | NUMBER |
|----|----|--------|

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_Houston County Circuit Court_
[Insert appropriate court]

_Stanley Lee Caudill_
(Petitioner)

vs.

_State Of Alabama_
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Stanley Lee Caudill_  _#230597_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No _✓_

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____ _12 - 02     617 ⁰⁰ month_ _____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____     No _✓_

   b. Rent payments, interest, or dividends?

   Yes _____     No _✓_

   c. Pensions, annuities, or life insurance payments?

   Yes _____     No _✓_

   d. Gifts or inheritances?

   Yes _____     No _✓_

   e. Any other sources?

   Yes _✓_     No _____

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_Family_ —

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____         No _✓_

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____         No _✓_

If the answer is "yes", describe the property and state its approximate value.

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _1-31-06_
                (Date)

_Stanly Lee Gandu_    #230597
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _29.50_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _BULLOCK COUNTY CORR. FACILITY_ institution:

_2/2/2006_
DATE

_Patsy Faulkner_
AUTHORIZED OFFICER OF INSTITUTION
BULLOCK COUNTY CORR. FACILITY

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
BULLOCK CORRECTIONAL FACILITY

AIS #: 230597     NAME: CAUDILL, STANLEY      AS OF: 02/02/2006

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| FEB | 26 | $16.81 | $0.00 |
| MAR | 31 | $166.10 | $300.00 |
| APR | 30 | $71.41 | $0.00 |
| MAY | 31 | $6.52 | $0.00 |
| JUN | 30 | $150.62 | $250.00 |
| JUL | 31 | $64.02 | $0.00 |
| AUG | 31 | $16.88 | $0.00 |
| SEP | 30 | $186.55 | $400.00 |
| OCT | 31 | $244.86 | $0.00 |
| NOV | 30 | $192.47 | $200.00 |
| DEC | 31 | $136.79 | $0.00 |
| JAN | 31 | $59.06 | $0.00 |
| FEB | 2 | $29.50 | $0.00 |

596 So. 2d 427}

John L. Corbitt was indicted for the offense of rape in the first degree in violation of § 13A-6-61(a)(3), Code of Alabama 1975. The jury found Corbitt guilty as charged in the indictment, and he was sentenced to 30 years in the penitentiary.

Corbitt contends that he was denied the effective assistance of counsel because the counsel appointed to represent him at trial 1) failed to object to the introduction into evidence of privileged, confidential communications between Corbitt and his wife, 2) made no objection to an alleged prior act of sexual misconduct, and 3) failed to request jury charges on lesser included offenses.

To prevail on a claim of ineffective assistance of counsel, the defendant

"must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

With respect to Corbitt's first allegation of ineffective assistance, § 12-21-227, Code of Alabama 1975, states that "the husband and wife may testify either for or against each other in criminal cases, but shall not be compelled so to do." Corbitt has no federal constitutional right to bar his wife from testifying against him at his trial, and Corbitt has no standing to object if his wife does not invoke the spousal privilege. Terry v. State, 540 So.2d 782 (Ala.Cr.App. 1988), writ denied, 540 So.2d 785 (Ala. 1989), overruled on other {596 So. 2d 428} grounds, J.D.S v. State, [Ms. 89-1056, May 17, 1991] So. 2d (Ala. Crim. App. 1991). Hence, because Corbitt's wife, Patricia, who did not invoke the spousal privilege, voluntarily testified against her husband at trial, trial counsel's failure to object to the wife's testimony does not constitute ineffective assistance.1

With respect to Corbitt's second allegation of ineffective assistance, when an accused has been charged with the first degree rape of his daughter, collateral sexual offenses allegedly committed by him against the daughter are admissible to establish his unnatural sexual passion for her. Bowden v. State, 538 So.2d 1226 (Ala. 1988).

In the case sub judice, Corbitt was charged with the first degree rape of his 11-year-old daughter, and the collateral sexual offenses allegedly committed by him against the same daughter were admissible under the Bowden exception to the exclusionary rule. Hence, trial counsel's failure to object to these alleged prior acts of sexual misconduct against the daughter does not constitute ineffective assistance.

With respect to the failure to object to testimony regarding Corbitt's alleged prior acts of sexual misconduct against another child, trial counsel chose not to object to this line of questioning in an attempt to discredit the testimony of the victim and her mother. It is apparent that Corbitt's trial counsel was trying to establish that Corbitt's wife had falsely accused Corbitt in the past of abuse of his stepdaughter and other children. Strategic decisions and trial tactics are clearly within the discretion of trial counsel under Strickland, supra, and trial counsel's failure to object to testimony concerning these alleged prior acts of sexual misconduct against another child does not constitute ineffective assistance of counsel.

With respect to Corbitt's third allegation of ineffective assistance, Corbitt was not entitled to a jury instruction concerning any lesser included offenses where there was no reasonable theory presented at trial to support a lesser offense. Kirksey v. State, 475 So.2d 646 (Ala.Cr.App. 1985).

In the instant case, Corbitt denied that any sexual act between him and the victim had occurred. The victim testified that Corbitt had sexual intercourse with her before her twelfth birthday. Hence, under the evidence presented by the State, Corbitt was either guilty of first degree rape or guilty of no offense, and trial counsel's failure to request a jury instruction on any lesser included offenses does not constitute ineffective assistance.

Because Corbitt failed to show that his trial counsel's performance was deficient and that that deficient performance prejudiced his defense, he cannot prevail on his claim of ineffective assistance of counsel.

II

Corbitt contends that the State's evidence, which was almost entirely circumstantial, was insufficient to support his conviction for first degree rape. We disagree.

"In determining the sufficiency of the evidence to sustain the conviction, this court must accept as true the evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution." Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Where, moreover, the State establishes a prima {596 So. 2d 429} facie case, conflicting evidence presents a jury question, which is not subject to review on appeal. See Willis v. State, 447 So.2d 199, 201 (Ala.Cr.App. 1983).

To prove a case of rape in the first degree, the State must prove that Corbitt was 16 years of age or older and engaged in sexual intercourse with the victim who was less than 12 years of age. § 13A-6-61(a)(3), Code of Alabama 1975.

After examining the evidence and applying the proper standards of review, we find there was sufficient evidence presented by the State to allow the jury to conclude beyond a reasonable doubt that Corbitt was guilty of the crime as charged. In particular, the State presented the following evidence to prove that Corbitt was guilty of first degree rape: The victim in this case testified that somewhere between Valentine's Day in February 1989 and her birthday, when

she would have turned 12 years old, her father, John L. Corbitt, had sexual relations with her by putting his penis into her vagina. She stated that she screamed, but when she screamed, Corbitt told her to shut up. She further testified that she had a conversation with him on June 18, 1989, and he promised her that he would get help for his problems, that he would come home and live as a "family man", and that he would not "love" her in the manner that he had "loved" her in the past. On the basis of his representations, the victim signed a paper that she did not read, which recanted her statement that he had had sex with her. At trial, the victim testified that the recantation was not the truth. She then reiterated that Corbitt put his male organ inside her female organ without her consent and against her will, between February and her twelfth birthday in 1989.

Dr. S.D. Palmer testified as an expert that, after examining the pelvic area of the victim, he found that the hymen of the young victim was virtually nonexistent and that the introitus, or vaginal opening, readily admitted the index finger or small speculum. He concluded that the victim had a nonvirginal introitus consistent with her report of penile penetration.

From this evidence, it is clear that the State proved a prima facie case of rape in the first degree. The ages of the victim and the defendant were established, and through medical testimony, as well as through the testimony of the victim, the sexual intercourse was proven. Because the State established a prima facie case, any conflicts in the evidence present a jury question, which is not subject to review on appeal. Willis v. State, supra. Hence, the evidence presented was clearly sufficient to support the jury's determination of guilt.

III

Corbitt failed to properly preserve for appeal the following issues: 1) whether the trial court erred in allowing Corbitt's wife to testify about confidential statements made by Corbitt to 1 her (no objections interposed below); 2) whether the trial court erred in allowing into evidence alleged prior acts of sexual misconduct by Corbitt (no objection interposed below); 3) whether the trial court erred in failing to charge the jury on lesser included offenses (no oral or written lesser included offense charges were requested by Corbitt); 4) whether the trial court erred in denying Corbitt the opportunity to call a witness or to make a showing of that witness's testimony outside the prosecutor's presence (Corbitt failed to ask for a continuance to secure the witness and failed to make a showing as to the materiality of the evidence sought from the witness); and 5) whether the trial court erred in denying his motion for new trial (no legal authority cited).

The foregoing opinion was prepared by the Honorable James H. Faulkner, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.

The judgment of the circuit court is affirmed.

Footnotes

Footnotes

1    We note that a defendant and his spouse must be married at the time the testimony is sought before § 12-21-227, Code of Alabama 1975 , will apply. Rogers v. State, 417 So.2d 241 (Ala.Cr.App. 1982). John L. Corbitt and Patricia Corbitt were married on June 7, 1974, and had three children. They were divorced in 1983 but continued to live together as man and wife from 1983 until April 1989, and they had two more children during the period of their common-law marriage. Corbitt married another woman in May 1989, but continued to have sexual relations with Patricia after his second marriage. Patricia instituted divorce proceedings against Corbitt on October 10, 1989, and Corbitt was served with a summons in January 1990. At the time of Patricia Corbitt's testimony at Corbitt's criminal trial on February 7, 1990, the divorce proceedings were pending, and we shall treat Patricia as his common-law wife for purposes of this issue.

591 So. 2d 576::Green v. State::August 23, 1991
LNI:3RX4-4CF0-003C-921J-00000-00
Kossuth Anthony Green, alias v. State
Court of Criminal Appeals of Alabama
591 So 2d 576591 So. 2d 576; 1991 Ala Crim App LEXIS 13441991 Ala. Crim. App. LEXIS 1344
CR No. 90-465
August 23, 1991
Editorial Information: Subsequent History
Rehearing Denied September 20, 1991.
As Corrected October 22, 1991.
Editorial Information: Prior History
Appeal from Clarke Circuit Court, No. CC-89-26P; J. Richmond Pearson, Judge.
Disposition
AFFIRMED.

trial court had no obligation to charge on a lesser offense." Kirksey v. State, 475 So 2d 646, 648 (Ala.Cr.App. 1985).

IV.

The appellant contends that the trial court erred in its refusal to further define the term "penetration" at the request of the jury during its deliberations. This issue, however, was not preserved for review. The record reflects that the following discussion took place when the jury requested an additional instruction:

"JUROR: Would you please define 'penetration' again.

"THE COURT: Penetration. I did not define penetration for you. In essence in the case I told you that penetration was the slightest penetration of the female vaginal organ was required, but emission was not required in the case.
" . . . .

"THE COURT: . . . It is penetration of the external genitalia is the definition. All right.

"JUROR: By penetration, touching? Touching would be considered penetration?

"THE COURT: It has got to be penetration, but however slight.

"JUROR: However, slight. Okay."

(R. 227-28.) No objection to the trial court's supplemental instruction was made by the appellant's counsel. Earlier, at the conclusion of the trial court's original jury charge, the only objections made by the appellant's counsel pertained to the court's refusal to charge the jury on several lesser included offenses.

"No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."

Rule 21.2, Ala.R.Crim.P.

The appellant's contention that the trial court should have further defined "penetration" is procedurally barred. An alleged error in the court's oral charge cannot be raised for the first time on appeal. Ex parte Beavers, 598 So. 2d 1320, 1324 (Ala.Cr.App. 1992). See Brooks v. State, 630 So. 2d 160, 163 (Ala.Cr.App. 1993). "The trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So. 2d 880, 882 (Ala. 1987); see Griffin v. State, 591 So. 2d 547, 550 (Ala.Cr.App. 1991). Based on the foregoing, the judgment of the trial court is affirmed.

AFFIRMED.

McMILLAN AND BROWN, JJ., CONCUR; BASCHAB, J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION; COBB, J., JOINS BASCHAB, J., IN HER WRITING.

Concur

Concur by:                    BASCHAB (In Part)

Dissent

Dissent by:                   BASCHAB (In Part)

BASCHAB, JUDGE (CONCURRING IN PRT AND DISSENTING IN PART)

I disagree with the majority opinion solely on Issue III, where this court upholds the trial court's refusal in a rape trial to give a jury charge on the lesser included offense of sexual abuse. The majority opinion assumes false disjunctive premises by asserting that the jury either must accept the victim's full testimony including believing the victim's opinion that there was forcible penetration, or believing the Appellant's testimony in its entirety that there was no forcible compulsion and that no sexual contact occurred. The facts of this case do not restrict the jury to such limited alternatives. Although the evidence indicates that there probably was penetration, the victim testified that she was unconscious at the time that the penetration would have occurred. The rape kit examination produced no evidence of semen, and no evidence of Appellant's pubic hair was found on the victim. However, semen was found on the victim's shirt.

While there was sufficient circumstantial evidence from which the jury could have inferred that the Appellant sexually penetrated {699 So. 2d 974} the victim, the jury also could have found that the State failed to present proof beyond a reasonable doubt on that element of the charge of rape. The jury could have believed the Appellant's testimony that he only masturbated, which could be seen as being consistent with the presence of semen on the shirt, but still have believed he engaged in sexual contact with the victim against her will. As the majority opinion states in Issue I, whether there is actual penetration is a question for the jury. Seales v. State, 581 So. 2d 1192 (Ala. 1991). If the jury had believed that the element of penetration was not proven beyond a reasonable doubt, but believed the rest of the victim's testimony to be conclusive, then the appropriate jury verdict would have been to find the Appellant guilty of sexual abuse.3 However, the jury did not have that option because no instruction on sexual abuse was given to them.

In Ex parte Stork, 475 So. 2d 623 (Ala. 1985), the Alabama Supreme Court reviewed the issue of whether a defendant is entitled to a jury charge on a lesser included offense when he denies committing the crime itself. The Alabama Supreme Court refused to consider the defendant's testimony as a bar to giving the charge, and held that a defendant is entitled to the charge on the lesser included offense as long as it is "based upon any material hypothesis which the evidence in his favor tends to establish." Stork, 475 So. 2d at 624. Addressing the specific facts of Stork, which dealt with charges on the degrees of assault, our supreme court stated that "one view of the facts would be that petitioner was involved with fighting with the victim, although she denied that she either fought with the victim or that she stabbed the victim." Id. (Emphasis in original). In this case, one view of the facts would be that Appellant had forced sexual contact with the victim without actual penetration, although he denied that he either forced the victim or had sexual contact with her. The fact that Appellant denied any sexual contact does not in itself prevent a jury charge on a lesser included offense. As the Alabama Supreme Court stated:

"An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. Fulghum v. State, 291 Ala. 71, 277 So. 2d 886 (1973). A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. Lami v. State, 43 Ala. App. 108, 180 So. 2d 279 (1965). In fact, our decisions are to the effect that every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are

Opinion by:                LONG
{699 So. 2d 969} LONG, PRESIDING JUDGE

The appellant, Ernest C. Boyd, was convicted of rape in the first degree and kidnapping in the first degree, violations of Ala. Code 1975, § 13A-6-61 and § 13A-6-43, respectively. He was sentenced, as a habitual offender, to life in prison without parole.

I.

The appellant contends that the trial court erred by denying his motion for a judgment of acquittal because, he says, the state failed to prove a prima facie case of rape in the first degree.

Specifically, he argues that the state failed to prove that he had engaged in sexual intercourse with the victim because, he says, there was no direct evidence of penetration.

Section 13A-6-61(a)(1), Ala. Code 1975, provides as follows: "A male commits the crime of rape in the first degree if . . . he engages in sexual intercourse with a female by forcible compulsion." "Sexual intercourse" is defined at § 13A-6-60, Ala. Code 1975, as having "its ordinary meaning and occurring upon any penetration, however slight; emission is not required."

"In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So. 2d 485 (Ala.Cr.App. 1984), aff'd, 471 So. 2d 493 (Ala. 1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So. 2d 726 (Ala.Cr.App. 1985). "
Powe v. State, 597 So. 2d 721, 724 (Ala. 1991).

The victim testified that as she was walking through a residential neighborhood on the afternoon of August 23, 1995, the appellant approached her from behind on a bicycle and attempted to grab her. Alarmed, the victim ran to the porch of a nearby house and began to yell for help. The appellant pursued the victim onto the porch. He then forced the victim off of the porch and pushed her to the side yard of the house, into an area partially obscured from the street and from neighboring houses by shrubbery and a wooden fence. The victim testified that as she screamed for help and struggled to get {699 So. 2d 970} away, the appellant pulled her shorts and underwear down to her ankles. Several times during the struggle, the victim said, she attempted to run from the side yard toward the street and into the view of any passersby. Each time, however, the appellant was able to trip her by grabbing her ankles, and he would drag her back into the side yard, away from the street. The victim testified that the appellant eventually was able to pin her down on the ground with his hand pressing against her neck. During the struggle, the appellant managed to completely remove the victim's shorts and underwear. He also unbuttoned and unzipped his own pants. The victim testified that the pressure from the appellant's hand against her neck prevented her from breathing and that, as a result, she blacked out. She stated that before she blacked out, she saw the appellant's pubic hair. When she regained consciousness -- according to her estimate, 5 to 10 minutes later -- the victim was able to escape from the appellant and to run for assistance.

When asked at trial whether the appellant had sexually penetrated her during the attack, the victim testified as follows:

"I was unconscious, but I did feel that he had penetrated. There was soreness. There was wetness in my vaginal area. I didn't check to see how far it went up. There was -- I felt as though something had been inside me like I do after I have sex."
(R. 152-53.)

Vaginal swabs and smears taken from the victim as part of a rape-kit examination after the incident proved negative for semen and spermatozoa. No evidence of the appellant's pubic hair was found on the victim. Evidence of spermatozoa was found on her shirt. The forensic scientist who tested the items received from the rape kit testified that semen would be found in the victim's vaginal cavity only if ejaculation had occurred and that if penetration but no ejaculation had occurred, there would be no evidence of semen in the vagina.

The appellant testified and claimed that the victim had approached him and had asked him for money or drugs in exchange for engaging in sex with her. He stated that she voluntarily went into the bushes by the house, lay on the ground, and pulled her panties down. He said that he had masturbated. He denied strangling the victim until she blacked out. He also denied having sexual intercourse with the victim and maintained that he never touched her "private part." (R. 182.)

A conviction for rape may be based solely on the victim's uncorroborated testimony. Smith v. State, 604 So. 2d 434, 436 (Ala.Cr.App. 1992). Whether there is "actual penetration" is a question for the jury. Seales v. State, 581 So. 2d 1192, 1193-94 (Ala. 1991). Furthermore, "penetration can be established by circumstantial evidence and 'does not have to be proved by use of any particular words.'" Swain v. State, 629 So. 2d 699, 700-01 (Ala. 1993), quoting Patrick v. State, 495 So. 2d 112, 115 (Ala.Cr.App. 1986).

The testimony of the victim concerning her post-attack physical sensations of wetness and soreness in her vaginal area, which sensations, she said, were consistent with her prior experience of sexual intercourse, presented sufficient circumstantial evidence from which the jury could have inferred that actual penetration had occurred.[1]

Where the evidence raises questions of fact for the jury, which, if believed, would be sufficient to sustain a conviction, this court will not disturb the judgment based on the jury verdict. Walker v. State, 416 So. 2d 1083 (Ala.Cr.App. 1982); Haggler v. State, 49 Ala. App. 259, 270 So. 2d 690 (1972). Absent clear and convincing evidence to the contrary, we will not reverse on appeal a judgment based on a jury's determination. Hoobler v. State, 668 So. 2d 905 (Ala.Cr.App. 1995). This case does not present a situation warranting reversal.

{699 So. 2d 971} II.

The appellant also contends that the trial court erred by denying his motion for a judgment of acquittal because, he says, the state failed to prove a prima facie case of kidnapping in the first degree. Specifically, he argues that the state failed to prove the necessary elements of abduction and intent to inflict physical injury upon the victim or to violate or abuse her sexually.

"A person commits the crime of kidnapping in the first degree if he abducts another person with intent to . . . inflict physical injury upon him, or to violate or abuse him sexually." § 13A-6-43(a)(4), Ala. Code 1975 . Proof of the necessary intent may be shown by circumstantial evidence and may be inferred from the facts surrounding the incident. Owens v. State, 531 So. 2d 2, 13 (Ala.Cr.App. 1986), modified and remanded on other grounds, 531 So. 2d 21 (Ala. 1987).

The term "abduct" is defined at § 13A-6-40(2), Ala. Code 1975 , as follows:

"To restrain a person with the intent to prevent his liberation by either:

a. Secreting or holding him in a place where he is not likely to be found, or

b. Using or threatening to use deadly physical force."

Applying the standard set forth in Part I of this opinion, we consider the relevant evidence in a light most favorable to the prosecution. Here, the victim testified that the appellant forced her to a side yard, into an area partially obscured by shrubbery and a wooden fence, where they were less likely to be seen or heard by passersby on the street or by residents of neighboring houses. The victim stated that each time she attempted to run from the side yard toward the street and into the view of anyone who might help her, the appellant would trip her and drag her back into the side yard, away from the street. The state presented photographs of the scene of the offense, and a police officer testified to the limited view from the street of the area of the attack. We find that sufficient evidence was presented from which the jury could determine that the area of the attack was a place where the victim was being "secreted or held," however briefly, so as not to be found. See Seay v. State, 479 So. 2d 1338, 1341-42 (Ala.Cr.App.), cert. denied, 479 So. 2d 1343 (Ala. 1985). Furthermore, there was evidence that the appellant attempted to use deadly force to restrain the victim. See § 13A-6-40(2)(b). "Deadly physical force" is defined at § 13A-1-2(10), Ala. Code 1975 , as "physical force which, under the circumstances in which it is used, is readily capable of causing death or serious physical injury." The victim testified that during her physical struggle with the appellant, the appellant applied strong pressure against her neck with his hand, preventing her from breathing and causing her to lose consciousness. From this evidence, the jury could have reasonably inferred that the appellant's act of manual strangulation was "readily capable of causing death or serious physical injury." For these reasons, we find that sufficient evidence was presented of the element of abduction.

We further find that the state presented sufficient evidence of the appellant's intent to inflict physical injury or to violate or abuse the victim sexually. The victim testified that the appellant pushed her from the porch of a house, struggled with her as she tried to escape, strangled her to the point that she lost consciousness, removed her shorts and underwear, and unbuttoned and unzipped his own pants. "'Where there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit the case for the jury to determine the weight it will give the evidence.'" Murphy v. State, 641 So. 2d 1256, 1258 (Ala.Cr.App. 1993), quoting Ayers v. State, 594 So. 2d 719, 721 (Ala.Cr.App. 1991).

The appellant's contention that the state failed to overcome the mitigating evidence of "voluntary safe release" is without merit. Section 13A-6-43(b), Ala. Code 1975 , provides that "[a] person does not commit the crime of kidnapping in the first degree if he voluntarily releases the victim alive, and not suffering from serious physical injury, in a safe place prior to apprehension." The claim that the appellant voluntarily and safely {699 So. 2d 972} released the appellant is negated by testimony presented at trial that, after she was attacked by the appellant and upon regaining consciousness and fleeing from him, the victim was discovered running hysterically, partially clothed. There was no evidence that she was "released" by the appellant.

III.

The appellant contends that the trial court erred by refusing to charge the jury on the lesser included offense of sexual abuse in the first degree.

"A defendant accused of a greater offense is entitled to have the trial court charge on any lesser included offense if there is any reasonable theory from the evidence to support the lesser charge, regardless of whether the state or the defendant offers the evidence. Ex parte Pruitt, 457 So. 2d 456 (Ala. 1984); Parker v. State, 581 So. 2d 1211 (Ala.Cr.App. 1990), cert. denied, 581 So. 2d 1216 (Ala. 1991). A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury. Anderson v. State, 507 So. 2d 580 (Ala.Cr.App. 1987). . . . Section 13A-1-9(b) provides, 'The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.'"

Breckenridge v. State, 628 So. 2d 1012, 1016 (Ala.Cr.App. 1993).

"Although sexual abuse may be a lesser included offense of rape, Parker v. State, 581 So. 2d 1211, 1214-15 (Ala.Cr.App. 1990), cert. denied, 581 So. 2d 1216 (Ala. 1991), '[a] charge on the lesser-included offense should not be given when there is no reasonable theory from the evidence to support such a proposition. When the evidence clearly shows the appellant is either guilty of the offense charged, or innocent, the charge on a lesser-included offense is not necessary or proper.' Hollins v. State, 415 So. 2d 1249, 1253 (Ala.Cr.App. 1982). "

Welch v. State, 630 So. 2d 145, 146 (Ala.Cr.App. 1993).

Here, the appellant completely denied any sexual contact (as that term is defined in § 13A-6-60(3), Ala. Code 1975) with the victim and claimed that he merely masturbated in her presence; his position is inconsistent with his request for instructions on first degree sexual abuse, § 13A-6-66(a), Ala. Code 1975 .2 In addition to testifying that the appellant pulled off her shorts and underwear, and that he unbuttoned and unzipped his pants, and that she saw his pubic hair before she lost consciousness, the victim testified that, after the attack, there was wetness and soreness in her vaginal area, that she felt that the appellant had penetrated her, and that she "felt as though something had been inside me like I do after I have sex." (R. 152-53.) In order for the jury to reach the conclusion that the appellant was guilty only of sexual abuse as a lesser included offense of rape in the first degree, it would have had to conclude both that the appellant was lying and that the victim's testimony should be discounted insofar as she stated that she felt she had been penetrated in a manner consistent with sexual intercourse. The jury would then have to somehow infer and speculate that what really happened was that the appellant committed some sort of sexual contact that caused the victim to experience the same sensation that she would have had had she been penetrated in a manner consistent with sexual intercourse, although no sexual intercourse was involved. While not impossible, such a scenario calls for substantial speculation and would not be derived from any evidence that was presented. We agree with the state's argument that an instruction on sexual abuse would have been inappropriate because there was no evidence of sexual contact "other than that contained within the penetration which by definition made the appellant's {699 So. 2d 973} action rape in the first degree." (State's brief at 32.) An instruction on sexual abuse in the first degree would merely have encouraged the jury to reach a "compromise" verdict based on speculation. "Since the appellant denied that 'any act' between the parties occurred and since there was no 'reasonable theory' presented at trial to support a lesser offense, the

supported by any evidence, however weak, insufficient, or doubtful in credibility. Burns v. State, 229 Ala. 68, 155 So. 561 (1934). " Ex parte Stork, 475 So. 2d at 625, quoting Ex parte Chavers, 361 So. 2d 1106 (Ala. 1978). (Emphasis added.)

In this case, there was evidence to support a charge of sexual abuse. Based on the Alabama Supreme Court's ruling in Ex parte Stork, 475 So. 2d 623 (Ala. 1985), I must respectfully dissent from the majority opinion on this issue.

Footnotes

Footnotes

1    We also consider the victim's testimony that the appellant pulled off her shorts and her underwear and that she saw the appellant unbuttoning and unzipping his own pants and saw his pubic hair before she lost consciousness.

2    Section 13A-6-60(3) defines "sexual contact" as "any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."

Section 13A-6-66(a)(1) provides that "[a] person commits the crime of sexual abuse in the first degree if . . . he subjects another person to sexual contact by forcible compulsion."

3    In fact, it appears that the jury did have difficulty with the question of whether penetration occurred, since it asked for additional instructions from the trial court as to what constitutes penetration, and specifically asked if touching was penetration.

706 So. 2d 808::Huffman v. State::April 18, 1997, RELEASED

LNI:3RJN-2WG0-0039-417D-00000-00

Michael Eugene Huffman v. State

| | |
|---|---|
| 2-15-06 | Petitioner is indigent and costs are waived. However, petition is dismissed based on Court's review of said petition. |
| | Anderson, Judge |

In The Court of Criminal Appeals ( ) Alabama

Appeals No. _____

Stanley Lee Caudill
          Appellant

v.                                    Case No. CC 2002 1141.61

State of Alabama
          Appellee

Notice of Appeal

Notice is hereby given that Caudill appeals to the above-named Court from the judgment of the dismissal of Caudill's Rule 32 Relief Post conviction entered in this case on 2/15/06.

Done on this 27th day of Febuary, 2006.

Signature
Stanley Lee Caudill #2305

FILED

MAR 0 2 2006

Judy Byrd
JUDY BYRD, CLERK
HOUSTON CO., AL

23

| State of Alabama Unified Judicial System Form ARAP-26 (Front) | Court of Criminal Appeals Docketing Statement | Criminal Appeal Number |
|---|---|---|

A. General Information

Circuit Court of Houston County

Stanley Lee Caudill, Appellant

v

State of Alabama

| Case Number CC 2002 1141.61 | Date of Indictment | Date of Judgment / Order 2/15/06 |
|---|---|---|
| Number of Days of Trial 1 | Date of Notice of Appeals Written: 2/27/06 | |

Indigent Status Requested    Yes

Indigent Status Granted   ☐ yes  ☐ No

B. Representation

No Attorney — Filing: Pro Se

Stanley Lee Caudill          AIS 230597

P.O. Box 5107   Union Springs, Ala. 36089

C. Co Defendants

None

D. Type of Appeal

State Conviction

Underlying Conviction

Rape

F. Death Penalty

No

G. Transcript:

1. Will the record on appeal have a reporter's transcript.   Yes

2. Date the Reporter Transcript Order was filed   2/27/06

24

A. Post-Judgment Motions

   None

I. Nature of The Case

Candill was accused of rape and the victim stated that Candill just got on top of her then got off. The trial court did not have jurisdiction to find guilt or sentence on the lesser include offense because there was not a lesser included offense.

J. Issues on Appeal.

1. The trial court denied Candill due process on his Rule 32 Relief by just denying it without ruling on the merits or reasons for its denial.

2. The trial court did not have jurisdiction to find guilt or sentence on the lesser included offense of rape.

K. Signature _Stanly Lew Candill_   DATE   2/27/06
            #230597

Circuit Court of Houston County,

Stanley Lee Caudill , Appellant

V

State of Alabama

| Case Number: CC 2002 1141.61 | Date of Judgment /order: 2/15/06 |
|---|---|
| Date of Notice of Appeal: 2-27-06 Written | Indigent Status Granted: Yes |

**Part 1.** To Be Signed If The Appeal Will Not Have A Court Reporter Transcript

(See Rule 28 (A)(1) Alabama R. App. P. and § 12-12-72, Code of Alabama 1975

_____ _____ _____
Signature                    Date                          Print

**Part 2** Designation of Proceedings To Be Transcript

Mark Proceedings Requested :

A. ☑ Trial Proceeding

B. ☑ Organization of The Jury

C. ☑ Arguments of Counsel

Court Reporter(s)
<u>Houston County</u>
<u>Court Reporter</u>
<u>Circuit Court</u>

In Addition To Any Proceedings Designated Above, Special Request Is Hereby Made To Include The Following :

| Additional Proceedings Requested | Date | Court Reporter(s) |
|---|---|---|
| <u>All Court Records To This Rule 32 Relief</u> | 2/15/06 | <u>Houston County</u> <u>Court Reporter</u> <u>Circuit Court</u> |

**Part 3.** Must Be Signed If The Appeal Will Have A Court Reporter Transcript

_Stanley Lee Caudill #230597_   _2-27-06_        _Stanley Lee Caudill_
Signature                          DATE                   Print  Signature





Do not receive or
sign for here at
Bullock County CF.
until 2/27/06

_Stanley Lee Caudill_

STANLEY CAUDILL #230597
P O BOX 5107
UNION SPIRINGS, AL. 36089

JUDY BYRD
CIRCUIT CLERK
DISTRICT COURT CLERK
P. O. DRAWER 6406
DOTHAN, ALABAMA 36302



| 3-9-06 | Appeal noted, Anderson, Judge |

```
ACR371                    ALABAMA JUDICIAL DATA CENTER
              NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                          BY THE TRIAL COURT CLERK
                    IN THE CIRCUIT COURT OF    HOUSTON COUNTY
STATE OF ALABAMA VS CAUDILL STANLEY LEE        JUDGE: LARRY K ANDERSON
```

---

APPEAL DATE: 03/02/2006

---

INDIGENCY STATUS:
   GRANTED INDIGENCY STATUS AT TRIAL COURT:     _X_ YES     ___ NO
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: _X_ YES     ___ NO
   INDIGENT STATUS REVOKED ON APPEAL:     ___ YES     _X_ NO
   INDIGENT STATUS GRANTED ON APPEAL:     _X_ YES     ___ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E. RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 38/CC 2002 001141.61

ORDER ENTERED(DATE): 02152006 PETITION: X DISMISSED ___ DENIED ___ GRANTED

---

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | ___ | ___ | ___ |
| ___ MOTION FOR JUDG. OF ACQUIT | ___ | ___ | ___ |
| ___ MOTION TO W/D GUILTY PLEA | ___ | ___ | ___ |
| ___ MOTION FOR ATTY TO W/DRAW | ___ | ___ | ___ |
| ___ OTHER | ___ | ___ | ___ |

---

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:     PRO SE
ADDRESS:

PHONE NUMBER:     000-000-0000     00000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):     CAUDILL STANLEY LEE
ADDRESS:     # 230597
                  UNION SPRINGS , AL  360890000
AIS #:     230597

APPELLEE (IF CITY APPEAL):
ADDRESS:

---

I CERTIFY THAT THE INFORMATION PROVIDED            OPERATOR: RHM
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 03/16/2006
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 16th DAY OF March , 2006     CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

| TO: THE CLERK OF<br>       THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:        03-09-06 |
|---|---|

APPELLANT
              STANLEY CAUDILL

v. STATE OF ALABAMA

---

   I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___26___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

   I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

   DATED this____3RD_____ day of _____APRIL_____, _2006_ .


                                        _Judy Byrd_____
                                        Circuit Clerk