Appeal No CR-05-1128

Court of Criminal Appeals

State of Alabama

Stanley Lee Caudill
                    Appellant
    vs
State of Alabama
                    Appellee

Appellant Brief
   PRO SE

Stanley Lee Caudill
230597          22-40
P.O. Box 5107
Union Springs, AL.
        36089

EXHIBIT S

# Table of Contents

|  | PAGE |
|---|---|
| Statement of Case | 2 |
| Standard of Review | 2 |
| Statement of Facts | 2 |
| Argument | 3,-5 |
| Conclusion | 6 |
| Certificate of Service | 6 |

Table of Authorities

| Case v Nebraska | 381 US 336 | 3 |
|---|---|---|
| Boyd v State | 699 So.2d 967 | 4,5 |
| Exparte Achenback | 783 So.2d 4 | 4 |
| Exparte Rice | 565 So.2d 606 | 3 |
| Fuller v State | 620 So.2d 699 | 4 |
| Henderson v State | 570 So.2d 878 | 3 |
| Gordon v Nagle | 2 F3d 385 (11th Cir) | 5 |
| Ingram v State | 570 So.2d 835 | 4 |
| William v Taylor | 529 US 431 | 3 |
| Woods v State | 485 So.2d 1243 | 4 |
| Sheats v State | 556 So.2d 1094 | 3 |
| Ala. Code 1975 § 13A-1-9(b) | | 4 |
| Ala. R. Cr. P. 32.1(b), 32.2(b) | | 5 |
| Ala. R. Cr. P. 32.7(a), (d) | | 3 |
| U.S. Constitution Amendment 14 | | 3,4 |

## Statement of The Case

Caudill was convicted of rape in 2002. He filed his initial Rule 32 which this Court affirmed. See Caudill v State, CR-04-0176. On 2/10/06, Caudill filed his Second Rule 32 Petition raising a different issue, which is jurisdictional of the trial court. On 2/15/06, the trial court granted indigency and then dismissed the Rule 32, which denied Caudill due process. The district attorney never responded and the court did not give a statement in its denial. On 2/27/06, Notice of Appeal was filed and records ordered. The records on appeal was not given to the appeal court and Caudill motion for supplement of records which was denied on 5-01-06.

Caudill request that the appellate court take jurisdiction of its records in Caudill v State CR-04-0176.

## Standard of Review

This court should review this appeal for due process violation and jurisdictional issues.

## Statement of The Facts

The trial court did not have jurisdiction to instruct the jury on the lesser included offense of rape because the alleged victim accused Caudill of rape and Caudill denial any contact.

2

## Argument

Issues

1. Was The District Attorney Required To Respond To Caudill's Rule 32 Petition?

In Caudill's Rule 32 at hand, the district attorney never responded to Caudill's jurisdictional claims, therefore denied him due process Const. Amend. 14 on his Rule 32 Petition. Ala. R. Cr. P. 32.7(a); Ex parte Rice, 565 So.2d 606.

2. Did The Circuit Court Deny Caudill Due Process of Law by Dismissing Caudill's Rule 32 Petition Without Pleading The Grounds of Preclusion?

Under The Rule 32.7(d) the Circuit Court must support its dismissal by opinion, factfinding and conclusion of law. Henderson v State, 570 So.2d 879, 880 (Ala. Cr. App). This is due process Const. Amend. 14. Case v Nebraska, 381 U.S. 336. This dismissal deprived Caudill of a fair proceeding to develop the factual basis of his federal constitutional claim raised in his Rule 32. William v Taylor, 529 U.S. 431. The Alabama Supreme Court indicate that this basis is essential to afford the petitioner due process on his appeal of the denial of Rule 32 Petition. Sheats v State, 556 So.2d 1094, 1095. (Ala. Cr. App). Citing Ex parte Rice at 608. Remand of postconviction relief petition is necessary. Henderson at 880-881.

This dismissal of the Rule 32 did not sufficiently indicate the basis of circuit court's denial in order to allow appellate review. Henderson 570 So.2d 878.

3

3. Did The Trial Court Have Jurisdiction To Charge The Jury With A Lesser Included Offense of Rape In Caudill's Case When The Alleged Victim Stated That She Was Not Touched But Was Raped And Caudill Denies The Rape Charge?

In Caudill's case, he denied that any sexual act between him and the alleged victim had occurred. The victim testified under oath that Caudill had sexual intercourse with her by getting on top of her than getting off. Pursuant to Ala. Code 1975 § 13A-1-9(b), "The Court <u>shall</u> not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." Due process (Const. Amend. 14) requires that a lesser included offense instruction be given only when the evidence warrants such an instruction. <u>Woods v State</u>, 485 So2d 1243, (Ala Cr. App). The word "<u>shall</u>" in a statute is presumptively mandatory. <u>Ex parte Achenbach</u> 783 So2d 4.

When a defendant denies a rape charge and the alleged victim states that she was raped as in Caudill's case, It was improper for the trial court to instruct the jury on a lesser included offense of rape. <u>Boyd v State</u>, 699 So2d 967; <u>Fuller v State</u>, 620 So2d 699 (Ala Cr. App). Where an instruction on the offense of sexual abuse would only have encouraged the jury to reach a "compromise" verdict, the trial court had no obligation to charge on a lesser included offense. Caudill has denied that any sexual act between him and the victim occurred. <u>Ingram v State</u>, 570 So2d 835 (Ala Cr. App).

<u>Caudill request that this Court take jurisdiction of its records in Caudill v State (Appeal No. CR-04-0176) at Page 110.</u> This is the district attorney (Mr. Davis) response to the instruction

4

on the lesser included offense of Rape.

Mr. Davis - "I would be opposed. #1, there is no evidence there was any sexual abuse in the first degree. It was either rape or it wasn't. I don't know if they will put on a defense or not, so far it is essentially denied. At this point, I feel it is all or nothing."

In order for the jury to reach the conclusion that the appellant was guilty only of sexual abuse as a lesser included offense of rape, it would have had to conclude that the victim's testimony should be discounted insofar as she stated that she felt she had been penetrated in a manner consistent with sexual intercourse. Boyd at 972. The jury would then have to somehow infer and speculate that what really happened was that the appellant committed some sort of sexual contact that caused the victim to experience the same sensation consistent with intercouse, although no sexual intercourse was involved. Boyd at 972. An instruction on sexual abuse did merely encouraged the jury to reach a "Comprise" verdict based on speculation. Boyd at 973.

4. Can jurisdictional issues be procedurally barred?

Under Alabama law, Rule 32 claims alleging jurisdictional defects cannot be procedurally barred. Ala. R. Cr. P. 32.1(b); 32.2(b); Gordon v Nagle, 2 F.3d 385 (11th Cir).

5

## Conclusion

During trial Caudill denied any contact with the alleged victim and the victim cleared stated that Caudill got on top of her than got off. The trial court did not have jurisdiction to instruct the jury on the lesser included offense.

I pray that after a review of this brief that the above Court orders a remand and evidentiary hearing in Caudill's case so that the facts can be developed.

Done this 3rd day of May, 2006

Respectfully Submitted

*[signature: Stanley Lee Caudill]*

## Certificate of Service

I certify that a true copy was mail to the Court of Criminal Appeals to be placed in Attorney General's handmail box.

5/03/06

Signature.

*[signature: Stanley Lee Caudill]*

6