No. CR-05-1128

In the COURT of CRIMINAL APPEALS
of ALABAMA

───────♦───────

STANLEY LEE CAUDILL,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

───────♦───────

On Appeal from the Circuit Court of
Houston County
(CC-2002-1141.61)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette*
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

May 18, 2006

*EXHIBIT T*

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT............................ i

TABLE OF CONTENTS........................................... ii

TABLE OF AUTHORITIES....................................... iii

STATEMENT OF THE CASE AND FACTS.............................. 1

ISSUE PRESENTED FOR REVIEW................................... 2

STATEMENT OF THE STANDARD OF REVIEW.......................... 2

SUMMARY OF THE ARGUMENT...................................... 3

ARGUMENT..................................................... 3

  The Trial Court Correctly Denied Caudill's Second
  Rule 32 Petition Without An Evidentiary Hearing,
  Because The Petition Was Precluded, Time-Barred,
  And Successive ........................................... 3

CONCLUSION................................................... 8

CERTIFICATE OF SERVICE....................................... 9

## TABLE OF AUTHORITIES

**Cases**

Reed v. State, 649 So. 2d 1303 (Ala. Crim. App. 1994) ..... 5

Shoulders v. State, 703 So. 2d 1015 (Ala. Crim. App. 1997) ..... 5

Teasley v. State, 704 So. 2d 104 (Ala. Crim. App. 1997) ... 6

Whitt v. State, 827 So. 2d 869 (Ala. Crim. App. 2001) ..... 5

Williams v. State, 783 So. 2d 135 (Ala. Crim. App. 2000) ..... 5

Woodberry v. State, 625 So. 2d 1159 (Ala. Crim. App. 1993) ..... 5

**Rules**

A.R.Crim.P.,

   Rule 32.2(a)(3) and (5) ..... 5

   Rule 32.2(b) ..... 5

   Rule 32.2(c) ..... 4

   Rule 32.3 ..... 4

   Rule 32.7(d) ..... 4

## STATEMENT OF THE CASE AND FACTS

This is a Rule 32 appeal by Stanley Lee Caudill (Caudill) from the denial of his second Rule 32 petition in the Circuit Court of Houston County, Alabama. Judge Larry K. Anderson presided.

On December 9, 2002, Caudill was convicted by a jury of two counts of first degree sexual abuse, and on January 10, 2003, he was sentenced in each case to the penitentiary for a term of ten years.[1] Caudill appealed to this Court, and the convictions were affirmed by memorandum on August 22, 2003. See Caudill v. State, CR-02-0755 (Ala. Crim. App. Aug. 22, 2003)(Mem. op.). This Court is requested to take judicial notice of its own records in Caudill's direct appeal.

Caudill filed his first Rule 32 petition on February 12, 2004, and it was summarily denied on September 27, 2004. His appeal from that denial was affirmed by memorandum by this Court on February 18, 2005. See Caudill v. State, No. CR-04-0176.

---

[1] Caudill challenged only one of these convictions (CC-2002-1141) in the instant Rule 32 petition. (C. 2-12)

On February 6, 2006, Caudill filed the instant Rule 32 petition, his second, in the Houston County Circuit Court. (C. 2-12) On February 15, 2006, the trial court summarily denied, without an evidentiary hearing, Caudill's second Rule 32 petition. (C. 1, 22) Caudill filed a timely written notice of appeal. (C. 23)

**ISSUE PRESENTED FOR REVIEW**

Did the trial court correctly deny Caudill's second Rule 32 petition without an evidentiary hearing, because the petition was precluded, time-barred, and successive?

**STATEMENT OF THE STANDARD OF REVIEW**

This Court held in Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999), concerning the standard of review for a Rule 32 appeal, as follows:

> We apply an abuse of discretion standard of review to the circuit court's denial of a Rule 32, A.R.Crim.P., petition for postconviction relief. See Elliott v. State, 601 So.2d 1118 (Ala.Cr.App. 1992). If the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition. See Roberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987).

2

## SUMMARY OF THE ARGUMENT

The instant second Rule 32 petition raised only non-jurisdictional claims. This petition was precluded, time-barred, and successive. The trial court exercised sound discretion in summarily denying the instant Rule 32 petition.

## ARGUMENT

**The Trial Court Correctly Denied Caudill's Second Rule 32 Petition Without An Evidentiary Hearing, Because The Petition Was Precluded, Time-Barred, And Successive.**

In his Rule 32 petition, Caudill alleged that the evidence was insufficient to support his conviction for rape in the first degree, and the trial court erred by charging the jury on the lesser-included offense of first degree rape. (C. 10, 11) Caudill was not convicted of first degree rape, but was convicted of first degree sexual abuse. (See records in Caudill's direct appeal and first Rule 32 appeal, Nos. CR-02-0755 and CR-04-0176.) In this appeal, Caudill raises these same claims, and also contends that: 1) The prosecutor should have been required to

3

respond to his Rule 32 petition; 2) the petition was denied without any grounds of preclusion being pleaded; and, 3) jurisdictional issues cannot be procedurally barred. (Caudill's brief 3-5)  The Rule 32 petition issues were precluded, time-barred, and successive, and the additional issues raised in this appeal are unpreserved for appellate review.

    Rule 32.3, A.R.Crim.P., states as follows:

> The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The state shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.

Rule 32.7(d), A.R.Crim.P., reads as follows:

> (d)  SUMMARY DISPOSITION.  If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition. Leave to amend shall be freely granted. Otherwise, the court shall direct that the proceedings continue and set a date for hearing.

Rule 32.2(c), A.R.Crim.P., applicable to this case, prohibits the grant of a Rule 32 petition, raising non-

4

jurisdictional issues, filed more than one year following the issuance of the certificate of judgment when there is a direct appeal. See Williams v. State, 783 So. 2d 135, 136 (Ala. Crim. App. 2000). Alleging an issue is jurisdictional does not make an otherwise non-jurisdictional issue jurisdictional. Reed v. State, 649 So. 2d 1303, 1304 (Ala. Crim. App. 1994). Rule 32.2(b), A.R.Crim.P., prohibits the grant of a second or successive Rule 32 petition on the same or similar grounds, and if on different grounds, without a showing of both good cause for not raising it in the previous petition and that a failure to entertain it would result in a miscarriage of justice. See Whitt v. State, 827 So. 2d 869, 872-873 (Ala. Crim. App. 2001). Issues that could have been raised at trial and on direct appeal, but were not so raised, are precluded by Rule 32.2(a)(3) and (5), A.R.Crim.P.. Constitutional issues may be waived on direct appeal if not first raised in the trial court. Woodberry v. State, 625 So. 2d 1159, 1162 (Ala. Crim. App. 1993). Issues going to the sufficiency of the evidence are not jurisdictional. Shoulders v. State, 703 So. 2d 1015, 1018 (Ala. Crim. App. 1997). Issues raised for the first time in the appeal from

5

the denial of a Rule 32 petition are procedurally barred. Teasley v. State, 704 So. 2d 104, 105 (Ala. Crim. App. 1997).

All of Caudill's Rule 32 issues, sufficiency of the evidence and trial court's jury charge, could have been raised at trial and on appeal, but were not so raised. They were, therefore, barred by Rule 32.2(a)(3) and (5), A.R.Crim.P..

Caudill's certificate of affirmance on direct appeal was issued on October 8, 2003. The instant second Rule 32 petition was filed on or about February 6, 2006, almost sixteen months after the expiration of the applicable one-year period of limitation. The instant Rule 32 petition was time-barred under Rule 32.2(c), A.R.Crim.P.. Furthermore, this was Caudill's second Rule 32 petition. Caudill has failed to show why his instant issues were not raised previously, if any were not so raised. The petition is successive under Rule 32.2(b), A.R.Crim.P.. All of Caudill's claims were time-barred and successive. The trial court exercised sound discretion by summarily denying Caudill's second Rule 32 petition.

6

Caudill argues in this appeal that the prosecution was not required to respond and to plead any procedural bars, and that jurisdictional issues cannot be procedurally barred. These issues are being raised for the first time on appeal and are procedurally barred from appellate review.

## CONCLUSION

This Court should affirm the dismissal of Caudill's second Rule 32 petition, because the petition was precluded, time-barred, and successive.

Respectfully submitted,

Troy King
*Attorney General*

_____
J. Thomas Leverette
*Assistant Attorney General*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>18th</u> day of May, 2006, I served a copy of the foregoing on Caudill, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

>Stanley Lee Caudill
>AIS #230597
>Bullock Correctional Facility
>P. O. Box 5107
>Union Springs, Alabama  36089

>_____
>J. Thomas Leverette
>Assistant Attorney General

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
132139/92831-001

9