Rel/09/22/2006/Caudill
Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

| | |
|---|---|
| H.W."BUCKY" McMILLAN<br>Presiding Judge<br>SUE BELL COBB<br>PAMELA W. BASCHAB<br>GREG SHAW<br>A. KELLI WISE<br>Judges | Lane W. Mann<br>Clerk<br>Gerri Robinson<br>Assistant Clerk<br>(334) 242-4590<br>Fax (334) 242-4689 |

## MEMORANDUM

CR-05-1128                    Houston Circuit Court 02-1141.61

<u>Stanley Lee Caudill v. State of Alabama</u>

MCMILLAN, Presiding Judge.

The appellant appeals from the trial court's order denying his second Rule 32 petition for post-conviction relief.

In his petition, the appellant raises the following claims: (1) the evidence was insufficient to support his convictions for sexual abuse in the first degree; and (2) the trial court erred by charging the jury on sexual abuse in the first degree as a lesser-included offense of first-degree rape. On appeal, the appellant raises the additional claims that the trial court should have required the prosecutor to respond to the Rule 32 petition; the petition was denied

1

*EXHIBIT U*

without any grounds of preclusion being pleaded; and jurisdictional issues cannot be procedurally barred.

All of the appellant's arguments, including the sufficiency of the evidence and the trial court's jury charge, raise only nonjurisdictional claims, which could have been, but were not, raised at trial or on appeal. Therefore, they were not preserved for appellate review. Rule 32.2 (a) (3) and (5), A. R. Crim. P. Moreover, because the certificate of affirmance on direct appeal was issued on October 8, 2003, and the instant petition was filed on February 6, 2006, which was approximately sixteen months after the expiration of the applicable one-year statute of limitations period, the petition is time-barred. See Rule 32.2(c), A. R. Crim. P.

The judgment of the trial court is affirmed.

AFFIRMED.

Cobb, Shaw, and Wise, JJ., concur. Baschab, J., concurs in the result.