IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STANLEY LEE CAUDILL, #230597, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-785-MEF |
| | ) | |
| ARNOLD HOLT, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| STANLEY LEE CAUDILL, #230597, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CV-0002-MEF |
| | ) | |
| LOUIS BOYD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

On December 28, 2006, Stanley Lee Caudill ["Caudill"], a state inmate, filed a habeas petition challenging his December 9, 2002 conviction before the Circuit Court of Houston County, Alabama for the lesser included offense of first degree sexual abuse upon indictment for first degree rape. Since Caudill had a habeas petition pending before this court in which he challenged this specific conviction for first degree sexual abuse, the court entered an order consolidating the most recent petition with the previous petition. *Order of January 10, 2007 - Court Doc. No. 39*. The court subsequently treated the petition filed

on December 28, 2006 as an amendment to the petition filed on August 12, 2005. The sexual abuse conviction challenged by Caudill in his most recent habeas petition, construed as an amendment, became final by operation of law on October 8, 2003.

The respondents filed an answer addressing the claims presented by Caudill in his December 26, 2006 petition in which they argue that such claims are barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents further argue that Caudill's most recent claims for habeas relief are procedurally barred from review as Caudill failed to present these claims to the state courts in accordance with the state's procedural rules. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).

### A. Statute of Limitations

The respondents contend that the amended claims are untimely as they do not relate back to the claims presented in the original petition and Caudill failed to submit the claims to this court within a year of his sexual abuse convictions becoming final, exclusive of the time his initial state collateral action remained pending in the state courts. *Farris v. United*

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

*States*, 333 F.3d 1211, 1215; *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000); *Pruitt v. United States*, 274 F.3d 1315, 1318-1319 (11th Cir. 2001).[2]

The evidentiary materials submitted in this case demonstrate that Caudill filed a state post-conviction petition pursuant to Rule 32, Alabama Rules of Criminal Procedure, on February 12, 2004 which tolled the limitation period.[3]  However, it is clear that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Caudill filing the December 28, 2006 petition. The respondents likewise acknowledge that Caudill filed a second Rule 32 petition with the trial court on February 6, 2006 but argue that such petition did not toll the federal period of

---

[2] Although these cases address relation back in the context of amendments to § 2255 motions, sections 2254 and 2255 are generally seen as *in pari materia.  See Davis v. United States,* 417 U.S. 333, 344 (1974) ("[T]here can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute . . ."). The 1996 amendments to the habeas corpus statute added a one-year period of limitation to both § 2254 and § 2255. *See* 28 U.S.C. 2244(d)(1) ("A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2255 ("A 1 year period of limitation shall apply to a motion under this section."). Thus, with regard to the timeliness of motions for leave to amend, the two statutes remain equivalent and this Circuit's application of Rule 15(c) to § 2255 motions is, therefore, equally applicable in the § 2254 context.

[3] Caudill certified that he executed the Rule 32 petition on February 12, 2004. Although the state court entered the petition as "filed" on February 26, 2004, it is clear that Caudill submitted his Rule 32 petition to prison officials for mailing prior to the date that the state court received the petition. A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988).  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama. Thus, February 12, 2004 is the appropriate date of filing for Caudill's Rule 32 petition.

limitation.[4]  Specifically, the respondents maintain that because Caudill filed this second Rule 32 petition after expiration of Alabama's one-year period of limitation applicable to Rule 32 petitions this petition failed to toll the limitation period relevant to the filing of a federal habeas petition as the state petition was not properly filed so as to warrant statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(2).[5]  *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)]*, which go to the ability to obtain relief. . . . [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' . . . For these reasons, we hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral

---

[4]Caudill executed this Rule 32 petition on February 6, 2006.  Thus, under the rule of *Houston v. Lack, supra*., the court considers this date as the date of filing for such petition.

[5]The Circuit Court of Houston County summarily dismissed the petition.  On appeal of this decision, the Alabama Court of Criminal Appeals determined that Caudill's second Rule 32 petition was subject to dismissal as the claims raised therein were procedurally defaulted and "the petition ... time-barred."  *Respondents' Exhibit U* at 2.

motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation.").

Upon review of the pleadings filed by the parties and controlling federal law, it appears that Caudill's claims presented in the habeas petition filed with this court on December 28, 2006 are precluded from review by this court as Caudill filed these claims outside the one-year period of limitation.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment(s) expires. The Circuit Court of Houston County convicted Caudill on two counts of first degree sexual abuse on December 9, 2002. Caudill filed a direct appeal of his convictions and the Alabama Court of Criminal Appeals entered a memorandum opinion affirming the sexual abuse convictions on August 22, 2003. *Respondents' Exhibit D*. The appellate court overruled Caudill's application for rehearing on September 19, 2003. The Alabama Supreme Court denied Caudill an extension to file a petition for writ of certiorari and the certificate of judgment therefore issued against Caudill on October 8, 2003.[6] Since Caudill did not fully pursue his direct appeal and failed to properly seek relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review

---

[6] Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

of his sexual abuse convictions therefore lapsed upon expiration of the time for filing a petition for writ of certiorari -- fourteen (14) days from issuance of the order dismissing the appeal. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). Thus, Caudill's convictions for first degree sexual abuse became final, at the latest, on October 8, 2003 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a ***properly filed*** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." (emphasis added). The court finds that the limitation period ran for 126 days after Caudill's convictions became final until his filing a Rule 32 petition in the Circuit Court of Houston County on February 12, 2004. This petition remained pending in the state courts until issuance of the certificate of judgment by the Alabama Supreme Court on July 8, 2005. At such time, Caudill had 239 days remaining within which to timely file a federal habeas petition. Although Caudill filed a second Rule 32 petition on February 6, 2006, this collateral action had no impact on the running of the federal limitation period as

this petition was not properly filed, i.e., Caudill failed to file the second Rule 32 petition within the applicable one-year period of limitation established under state law. Rule 32.2(c), *Alabama Rules of Criminal Procedure* (as amended March 22, 2002, effective August 1, 2002) ("[T]he court shall not entertain any petition for relief from a conviction or sentence ... unless the petition is filed ... within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals."); *Pace*, *supra*. Moreover, the law is well settled that the pendency of a federal habeas action does not toll the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). Thus, the limitation period began to run again on July 9, 2005 and ran without interruption until its expiration on March 6, 2006.[7]

With respect to Caudill's claim that he is actually innocent of sexual abuse, the respondents maintain that Caudill has failed to meet his burden of proof on this claim as he has presented no new, reliable evidence not available to him at the time of trial demonstrating his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 ("To be credible, ... a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

---

[7]The remaining 239 days of the limitation period expired on March 4, 2006, a Saturday. Thus, Caudill had until the following Monday, March 6, 2006, to file any additional claims for habeas relief not previously presented to this court. Rule 6(a), *Federal Rules of Civil Procedure* ("The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ...").

presented at trial.); *Bousley v. United States,* 523 U.S. 614, 623-624 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992).").

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Caudill filing his December 28, 2006 petition/amendment with this court. The claims for relief presented in such petition/amendment do not relate back to the original habeas claims and are therefore not timely filed. Accordingly, it is

ORDERED that on or before February 20, 2007 the petitioner shall show cause why the additional unrelated claims presented to this court in his December 28, 2006 pleading should not be dismissed as these claims were not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

### B. Procedural Default

The respondents further argue that Caudill's amended claims challenging his sexual abuse conviction on a lesser included offense are procedurally defaulted for his failure to properly present these claims to the state courts, i.e., "Caudill did not raise them until his second Rule 32 petition ... [t]hat ... was held to be time-barred" by the state courts. *Respondents' January 30, 2007 Answer - Court Doc. No. 42* at 7.

A procedural default bars consideration of the merits of a claim "unless the prisoner

can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986).  The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.  As previously noted, the respondents assert that Caudill has failed to meet his burden of establishing actual innocence.

     Accordingly, it is

     ORDERED that on or before February 20, 2007 the petitioner may file a response to the January 30, 2007 answer filed by the respondents.  Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances.  The petitioner is advised that at any time after February 20, 2007 the court shall "determine whether an evidentiary hearing is required.  If it appears that an

evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require."  Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answer he may file sworn affidavits or other documents in support of his claims.  Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition.  If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When the petitioner attacks the respondents' answer by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that all of his amended claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal or in available post-conviction proceedings.  The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity.  If the petitioner asserts that this court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception, the

petitioner must show specific reasons for the application of this exception.

    Done this 31st day of January, 2007.


                           /s/ Wallace Capel, Jr.
                         WALLACE CAPEL, JR.
                         UNITED STATES MAGISTRATE JUDGE