In The District Court of The United States
For The Middle District of Alabama
Southern Division

Stanley Wee Caudill #230597
    Petitioner

v.

Arnold Holt, et al.,
    Respondents

Case No. ~~1:07-cv-0002-MEF~~
1:05cv 785-MEF

2007 FEB 14 A 9:11

### Petitioner's Answer To January 31, 2007 Order

Comes now the Petitioner, Pro Se, and argues against the State's response that Caudill's constitutional claim of the State trial court not having Subject Matter jurisdiction to render judgment or impose sentence on his case.

The State's first argument was that Caudill did not meet the requirements of 28 U.S.C. § 2244(d), yet the State admitted that Caudill's second Rule 32 was filed within the requirements of §2254(d). The State argues that Caudill's second Rule 32 had no tolling effect because it was time-barred. The State nor State Courts cannot bar Caudill's claim because the trial court did not have jurisdiction. See Ala. R. Crim. P. 32.1 and Gordan v Nagle, 2 F.3d 385.

Amended federal habeas corpus petitions held not to relate back under Civil Procedure Rule 15(c)(2) to timely original petition and therefore escape 28 U.S.C. §2254(d)(1)(A), when amended petition asserted new grounds supported by facts different from those in origin petition. Rule 11 of Section 2254 states that a federal habeas petition can be amended before the judge renders judgment. Mayle v Felix, 545 U.S. 644 (2005).

Caudill did file a second Rule 32 Petition on his claim that was amended in his federal habeas petition to give the State the first chance to correct its error and constitutional violation but the State Courts did not address the merits. The State Courts determination that Caudill's claim was barred was incorrect and has no deference of the federal courts because jurisdictional claims cannot be procedurally barred. Gordan v Nagle, 2 F3d 385. Caudill's claim has been exhausted.

Caudill's Constitutional claim that he was denied due process of the Fourteenth Amendment U.S.C. because the trial court did not have jurisdiction to render judgment or impose sentence is proper before this Court, as argued in the amended habeas petition. The filing conditions in State Court has been met. Artuz v Bennett, 121 S. Ct. 361, 365.

The State's response was not a responsive pleading against Caudill's Constitutional claim and did not refute the fact that the trial court did not have jurisdiction. Rule 5 section § 2254. The Answer must respond to the allegations of the habeas petition. F.H.C.P.P. § 16.1(b). Caudill ask this Court to proceed directly to the merits of the petition. See Rule 5 and F.H.C.P.P. § 16.1(b).

Wherefore, The Premises Considered, Petitioner request this Court to address the merits of his claim.

Febuary 12, 2007
DATE

Respectfully Submitted
Stanley Caudill

## Certificate of Service

I hereby certify that a true copy of the foregoing was served on the State Attorney General by placing same in the U.S. Mail, postage prepaid.

Febuary 12, 2007
DATE

*Stanley Caudill*
Signature

Stanley Cand:)) #230597
P.O. Box 5107
Union Springs, AL.
36089

MONTGOMERY AL 361
13 FEB 2007 PM 3 T

36101+0711

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery, AL.
36101-0711