IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STANLEY LEE CAUDILL,<br>AIS #230597, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-785-MEF |
| | ) | [WO] |
| | ) | |
| ARNOLD HOLT, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| STANLEY LEE CAUDILL,<br>AIS #230597, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CASE NO. 1:07-CV-002-MEF |
| | ) | [WO] |
| | ) | |
| LOUIS BOYD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This civil action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus

relief filed by Stanley Lee Caudill ["Caudill"], a state inmate, on August 12, 2005.[1]

---

[1]Although the Clerk stamped the present petition "filed" on August 16, 2005, the petitioner certified that
he executed the petition on August 12, 2005. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 7. Thus,
this is the earliest date Caudill could have deposited the petition in the prison mail system for mailing to this court.
The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for

Caudill amended the petition in December of 2006.[2]  In this petition, as amended, Caudill challenges convictions for first degree sexual abuse imposed upon him by the Circuit Court of Houston County, Alabama on December 9, 2002.   These convictions became final by operation of law in October of 2003.

Caudill filed a direct appeal of his convictions in which he presented the following claims for relief:  (1) The trial court failed to properly charge the jury on the definition of forcible compulsion; (2) The trial court erred in applying a firearm enhancement at sentencing; and (3) The trial court erred by denying petitioner's motion for judgment of acquittal as the State failed to prove forcible compulsion.  *Respondents' Exhibit B - Court Doc. No. 9-4 -- Brief of Appellant*.  On August 22, 2003, the Alabama Court of Criminal Appeals affirmed Caudill's sexual abuse convictions in a memorandum opinion. *Respondents' Exhibit D - Court Doc. No. 9-6 -- Memorandum Opinion of the Alabama Court of Criminal Appeals on Direct Appeal*.  The portion of this opinion relevant to the

---

mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Caudill] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers August 12, 2005 as the date of filing.

[2]On December 28, 2006, Caudill filed a separate habeas petition challenging his December 9, 2002 conviction before the Circuit Court of Houston County, Alabama on the lesser included offense of first degree sexual abuse upon indictment for first degree rape.  Since Caudill had a habeas petition pending before this court in which he challenged this specific conviction for first degree sexual abuse, the court  entered an order consolidating the most recent habeas petition with the previous habeas petition. *Order of January 10, 2007 - Court Doc. No. 39*.  In the interest of justice and judicial economy, the court subsequently treated the petition filed on December 28, 2006 as an amendment to the petition filed on August 12, 2005. *Order of January 31, 2007 - Court Doc. No. 43*.

claims pending before this court sets forth the evidence presented at trial and reads, in

pertinent part, as follows:

>    The State presented evidence that the victims, H.A. and R.T.M., were sisters; that, on April 17, 2001, H.A. was seventeen years old and R.T.M. was sixteen years old; that the appellant had been a friend of the victims' family for about three or four years; and that the victims frequently went to auctions with the appellant.
>
>    H.A. testified that, on April 17, 2001, she, R.T.M., and the appellant were going to an auction in Steele City, Florida; that her sister was driving; that they stopped at a gas station in Bonifay, Florida; that the appellant told them that, if they did not have sex with him, somebody from the mafia would kill members of their family; that, after the appellant told them that, he showed them a gun that he had in the glove box of his vehicle; that the appellant's actions made her scared, nervous, and upset; that R.T.M. then started driving to Dothan; that, when they got to Dothan, they went to a Holiday Inn motel; that they parked in front of the motel; that the appellant went inside and rented a room; that, when the appellant went inside, he took the keys to the vehicle with him; that the glove box was locked; that, when the appellant came back, she and R.T.M. got out of the vehicle and went to the room; that the appellant got the gun out of the vehicle; that, when they got to the room, all of the lights were off; that the appellant told her and her sister to go into the bathroom and "get naked"; that she did what the appellant told her to do because she was scared, nervous, and upset; that the gun was in the room on the nightstand beside the bed; that R.T.M. went into the room with the appellant first; that R.T.M. came back into the bathroom; that, after R.T.M. got back, she went into the room with the appellant; that she saw the appellant lying on the bed naked; that the appellant told her to lie down on the bed; that the appellant climbed on top of her; that she did not try to get up because the appellant was on top of her and because she was too nervous to move; that the appellant put his penis in her vagina; that it lasted about five minutes.... She also testified that the appellant had previously told her stories about the mafia; that the appellant had told her that his brother-in-law was in the mafia; and that she thought that the appellant actually could have somebody in her family killed.
>
>    R.T.M. testified that, on April 17, 2001, she, H.A., and the appellant were going to an auction in Steele City, Florida; that she was driving; that she had to stop at a store in Bonifay, Florida, because the appellant had said

something about them making up their minds about going to a motel; that the appellant said something like, "[I]f you and your sister don't have sex with me, then I have to kill one of your family members"; that the appellant pulled a gun out of the glove box; that he said that the mafia was going to make him do it; that she was scared and upset; that the appellant took over driving; that they went to Dothan to a Holiday Inn motel; that the appellant rented a room; that, when the appellant went to the office, he took the keys to the vehicle with him; that she did not run because she was afraid and because she did not think she could get away safely; that the appellant came back to the vehicle; that they all went to the room; that the appellant told her and H.A. to go to the bathroom and to get undressed; that she and her sister did as they were told; that she went into the room with the appellant first; that the appellant had the gun next to the bed; that the appellant was lying in the bed next to the door and was naked; that the appellant told her to lie down; that the appellant touched her breasts and her vagina with his hand; that it lasted about five minutes; that she went back to the bathroom; that H.A. went into the room with the appellant [for about ten minutes].... She also testified that she did not have any choice other than to let the appellant touch her and that she believed that, if she did not, somebody in her family would be killed.

The appellant made a statement to [an investigator with the Dothan Police Department]. In that statement, the appellant said that he, H.A., and R.T.M. were going to an auction in Steele City, Florida; that, during the ride, they were joking about stopping one night; that they went to a Holiday Inn in Dothan and got a room; that, when they got into the room, he told H.A. and R.T.M. to go into the bathroom and take their clothes off; that, while they were doing that, he undressed except for his underwear and socks; that R.T.M. came out of the bathroom and got on the bed with him; that he rubbed R.T.M.'s stomach, touched her breast, and rubbed her back; that R.T.M. asked him if it was time to get up, and he told her that it was; that R.T.M. got up and went back into the bathroom; that H.A. came out of the bathroom and got on the bed beside him; that he rubbed H.A.'s stomach, legs, and inner thigh area; that he might have brushed against H.A.'s vagina while they were talking; that H.A. also asked him if her time was up; that he never had sexual intercourse with either of the victims; and that he had been impotent for several years. He also stated that he did not think that, after they got to the motel, the victims wanted to be there. He further stated that he had a BB gun on him; that it was in his pants pocket when they were inside the room; and that he never took the gun out or threatened the victims

4

with it.....

*Respondents' Exhibit D - Court Doc. No. 9-6 -- Memorandum Opinion of the Alabama Court of Criminal Appeals on Direct Appeal* at 1-4.

The appellate court overruled Caudill's application for rehearing on September 19, 2003. *Respondents' Exhibit F- Court Doc. No. 9-8.* The Alabama Supreme Court denied Caudill an extension of time to file a petition for writ of certiorari, *Respondents' Exhibit H - Court Doc. No. 9-10*, and the certificate of judgment therefore issued in Caudill's direct appeal on October 8, 2003.[3] *Respondents' Exhibit I - Court Doc. No. 9-11.* Since Caudill did not fully pursue his direct appeal and failed to properly seek relief from the Alabama Supreme Court, he could not file a petition for certiorari with the United States Supreme Court and the time for seeking review of his sexual abuse convictions therefore lapsed upon expiration of the time for filing a petition for writ of certiorari -- fourteen (14) days from issuance of the order overruling the application for rehearing. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state

---

[3] The certificate of judgment issues eighteen (18) days after issuance of the appellate court's ruling "unless the time is shortened or enlarged by order." Rule 41(a), *Alabama Rules of Appellate Procedure*.

5

court).  Thus, the  convictions imposed upon Caudill for first degree sexual abuse became

final, at the latest, on October 8, 2003.

On February 12, 2004, Caudill filed his first state post-conviction petition pursuant

to Rule 32, *Alabama Rules of Criminal Procedure*.[4]  In this petition, Caudill maintained

that:  (1) Trial counsel provided ineffective assistance as counsel (i) failed to challenge for

cause or use a peremptory strike to remove a juror who stated she felt she could not give

a fair verdict due to a family member having been the victim of a sexual offense, (ii) failed

to challenge for cause or use a peremptory strike to remove a juror who admitted he would

have a problem with any one who refused to testify on their own behalf, (iii) did not perfect

a trial strategy to challenge one victim's testimony that petitioner had sexual intercourse

with her as medical records would verify petitioner's impotence, and (iv) failed to call

witnesses on petitioner's behalf; and (2) Appellate counsel provided ineffective assistance

because he failed to secure a transcript of the voir dire proceedings and opening/closing

arguments of counsel.  *Respondents' Exhibit J - Court Doc. No. 9-12* at 22-30.

---

[4]Caudill certified he executed the Rule 32 petition on February 12, 2004.  Although the state court entered the petition as "filed" on February 26, 2004, it is clear that Caudill submitted his Rule 32 petition to prison officials for mailing prior to the date that the state court received the petition.  A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988).  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  Thus, February 12, 2004 is the appropriate date of filing for Caudill's Rule 32 petition.

The Circuit Court of Houston County appointed counsel to represent Caudill and on September 17, 2004 conducted an evidentiary hearing to address the claims raised in his Rule 32 petition. On September 27, 2004, the trial court issued an order denying the Rule 32 petition. *Respondents' Exhibit J - Court Doc. No. 9-12* at 46-48.

Caudill, represented by counsel, appealed the denial of his Rule 32 petition. In his brief, Caudill argued that the trial court erred in denying his Rule 32 petition as "trial counsel failed to subpoena medical records which would have proved Mr. Caudill to be impotent [and thus physically unable to perform the sexual acts for which he was indicted]."[5] *Respondents' Exhibit K - Court Doc. No. 9-13* at 14 *-- Appellant's Brief on Appeal from Denial of Initial Rule 32 Petition* at 9. Additionally, Caudill argued "trial counsel failed to develop a trial strategy. Further, his trial attorney did not subpoena any witnesses for trial, even though Caudill specifically requested specific individuals to be subpoenaed for the trial." *Id*. The Alabama Court of Criminal Appeals affirmed the trial court's denial of Caudill's Rule 32 petition. *Respondents' Exhibit M - Court Doc. No. 9-15 -- Memorandum Opinion on Appeal of Initial Rule 32 Petition*. Specifically, the court

---

[5]This reference is obviously addressed to the indictment issued against Caudill for first degree rape as an individual's impotence would not render him incapable of committing acts which constitute sexual abuse. The statute in effect at the time of the challenged offenses directed that "[a] person commits the crime of sexual abuse in the first degree if ... [h]e subjects another person to sexual contact by forcible compulsion[.]" *Ala. Code* § 13A-6-66(a)(1). Sexual contact entails "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." *Ala. Code* § 13A-6-60(3). The intent element of this offense "may be inferred ... from the act itself." *A.B.T. v. State*, 620 So. 2d 120, 122 (Ala.Crim.App. 1992). "Further, '[t]he testimony of the victim alone is sufficient to establish a prima facie case of either rape or sexual abuse,' ... or any lesser included offense." *Id*. (citations omitted). Moreover, evidence presented at trial indicated Caudill's impotence and the jury did not convict him of rape; rather, on this charge of the indictment, the jury deemed Caudill guilty of the lesser included offense of first degree sexual abuse.

opined:

> The appellant argues that his trial counsel rendered ineffective assistance because he:
>> 1) did not subpoena medical records that would have proved that [Caudill] was impotent;
>> 2) did not develop a trial strategy; and
>> 3) did not subpoena any witnesses even though [Caudill] had requested that certain individuals be subpoenaed for trial.
>
> [Although Caudill raised additional claims in his Rule 32 petition before the trial court, he did not pursue these claims on appeal and such claims are deemed abandoned.] To prevail on an ineffective-assistance-of-counsel claim, the appellant must show that his trial counsel's performance was deficient and that counsel's deficient performance prejudiced him. *See Brown v. State,* 663 So.2d 1028 (Ala.Crim.App. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> In its order denying the petition, the circuit court found as follows:
>> "The matter before the Court is Petitioner's request for Rule 32 relief. An evidentiary hearing was conducted September 17, 2004. The State was represented through its assistant district attorney Mr. Arthur Medley. The Defendant was present with his attorney Mr. John Steensland.
>>
>> "Petitioner raises the issue of ineffective assistance of trial counsel and appellate counsel. Specifically, Petitioner claims the following: 1) That two jurors indicated a bias during voir dire and were left on the jury; 2) That trial counsel failed to introduce medical records to show that Petitioner was impotent; 3) That trial counsel had no specific trial strategy; and 4) that trial counsel failed to call witnesses beneficial to the Petitioner....
>>
>> "The Defendant was charged by indictment with Rape in the First Degree ... and with Sexual Abuse in [t]he First Degree.... The indictments allege different victims. The jury returned a verdict of guilty of Sexual Abuse in the First Degree, the lesser in[cluded] offense [on the rape charge and found the Defendant guilty of first degree sexual abuse as charged in the second count of the indictment].
>>
>> "The Petitioner called his trial attorney Jack Blumenfeld as a witness in the Rule 32 hearing. Mr. Blumenfeld denied

that any juror was biased. He indicated further that if there had been any indication of juror bias he would have struck the juror. He further stated that during the trial, evidence was introduced regarding the Defendant's allegations of impotence, and the jury must have believed this evidence because the jury returned a verdict in favor of the lesser included offense, Sexual Abuse in the First Degree. Attorney Blumenfeld stated that the Defendant gave him the names of witnesses and he interviewed these witnesses. After the interviews Mr. Blumenfeld stated he did not believe these witnesses would help the Defendant. He further stated that there was a trial strategy and he believed that he was successful insofar as the Defendant was convicted of the lesser included offense."

... The record supports the circuit court's findings, and we adopt them as part of this memorandum. Therefore, the appellant did not show that his counsel's performance was deficient or that he was prejudiced by counsel's allegedly deficient performance. Because the appellant's arguments were without merit, the circuit court properly denied his petition. Accordingly, we affirm the circuit court's judgment....

*Respondents' Exhibit M - Court Doc. No. 9-15 -- Memorandum Opinion on Appeal of Initial Rule 32 Petition* at 1-3 (citation to record and footnote omitted). Caudill filed an application for rehearing which the appellate court overruled on March 11, 2005. *Respondents' Exhibit O - Court Doc. No. 9-17.* On July 8, 2005, the Alabama Supreme Court denied Caudill's petition for writ of certiorari and issued a certificate of judgment. *Respondents' Exhibit Q - Court Doc. No. 9-19.*

On February 6, 2006, during the pendency of this federal habeas action, Caudill filed a second Rule 32 petition in the Circuit Court of Houston County. *Respondents'*

*Exhibit R* at 4-14.[6]  In this petition, Caudill complained that:  (1) The trial court lacked subject matter jurisdiction to impose a conviction for sexual abuse as a lesser included offense on the first degree rape charge because there was no reasonable theory/rational basis from the evidence to support a guilty verdict for sexual abuse; (2) The trial court erred in issuing a jury instruction on sexual abuse as the evidence did not support such a charge; and (3) He is actually innocent of the lesser charge of sexual abuse.[7]  On February 15, 2006, the trial court summarily dismissed this petition.  *Respondents' Exhibit R - Court Doc. No. 42-2* at 3.  Caudill appealed the trial court's denial of this petition.  In a memorandum opinion, the Alabama Court of Criminal Appeals determined that "[a]ll of the appellant's arguments, including the sufficiency of the evidence and the trial court's jury charge, raise only nonjurisdictional claims" and therefore deemed such claims procedurally defaulted because the claims "could have been, but were not, raised at trial

---

[6]The Rule 32 petition establishes that Caudill executed the petition on February 6, 2006 and such date is therefore the earliest on which Caudill could have submitted the petition to prison officials for mailing. *Respondents' Exhibit R - Court Doc. No. 42-2* at 14.  Under the "mailbox rule" adopted by Alabama courts, February 6, 2006 is the appropriate date of filing for Caudill's second Rule 32 petition. *Ex parte Allen*, 825 So.2d at 272; *Holland*, 621 So.2d at 375.

[7]In support of these claims, Caudill argues the testimony of victim H.A., i.e., a naked Caudill climbed on top of her and subsequently placed his penis in her vagina, fails to establish sexual contact necessary for a conviction of sexual abuse.  He asserts that this evidence indicates only first degree rape and a charge on any other offense was therefore improper.  However, the court notes that Caudill's own statement entered into evidence supports a conviction for sexual abuse.  Specifically, in his statement, Caudill admits he rubbed H.A's inner thigh area and may have brushed against her vagina.  Moreover, it is clear that Caudill's claim of actual innocence is based solely on a legal argument and does not indicate his factual innocence of sexual abuse.  Caudill asserts that his conduct per H.A.'s testimony equated only to rape, not sexual abuse, and, for that reason, he is actually innocent of sexual abuse against H.A.  Contrary to this assertion, Caudill's act of climbing on top of the victim while naked and/or placing his penis in her vagina both constitute "sexual contact" so as to support a conviction for first degree sexual abuse.

10

or on appeal.  Therefore, they were not preserved for appellate review.  Rule 32.2(a)(3) and

(5), A.R.Crim.P.  Moreover, ... the petition is time-barred.  See Rule 32.2(c), A.R.Crim.P."

*Respondents' Exhibit U - Court Doc. No. 42-5 -- Memorandum Opinion on Appeal of*

*Second Rule 32 Petition* at 2.  The appellate court overruled Caudill's application for

rehearing on October 6, 2006, *Respondents' Exhibit V - Court Doc. No. 42-6*, and the

Alabama Supreme Court denied his petition for writ of certiorari on November 9, 2006.

*Respondent's Exhibit W - Court Doc. No. 42-7.*

Caudill filed the instant 28 U.S.C. § 2254 petition on August 12, 2005.  In this initial

petition, Caudill alleges that:  (1) His conviction was obtained by action of petit jurors who

were unconstitutionally selected and impaneled; and (2) Trial counsel denied him effective

assistance because counsel (i) failed to strike two biased jurors, (ii) did not have a trial

strategy, (iii) failed to subpoena requested witnesses, and (iv) failed to subpoena medical

records to bolster petitioner's assertion of impotence.  In an amendment to the petition

filed on December 26, 2006, Caudill raised the following additional claims for relief:  (1)

The state court lacked subject matter jurisdiction to instruct the jury or impose judgment

on the lesser included offense of sexual abuse arising from the rape charge as the evidence

provided no rational basis for such instruction/judgment; and (2) He is actually innocent

of this lesser included offense.

## II.  DISCUSSION

The respondents argue that Caudill's substantive claim of biased jurors is

procedurally defaulted as he never presented this claim to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).   The respondents further argue that the pending claims of ineffective assistance of trial counsel entitle Caudill to no relief in this court as the state courts properly adjudicated these claims on the merits. *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 495, 1518-1523 (2000).   As support for this assertion, the respondents maintain that the decisions of the state courts on such issues were not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.   With respect to the claims presented by Caudill in his 2006 amendment to the petition challenging the jurisdiction of the trial court and alleging actual innocence, the respondents argue that such claims are barred by the one-year period of limitation set forth in 28 U.S.C. 28 U.S.C. § 2244(d)(1).   The respondents further argue that Caudill's amended claims for habeas relief are procedurally barred from review as Caudill failed to present these claims to the state courts in accordance with the state's procedural rules.   In support of this argument, the respondents maintain that the last state court to render judgment on these claims found the claims procedurally defaulted under applicable state rules. *Atkins v.*

*Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").

The court provided Caudill an opportunity to file responses to the answers of the respondents and he has done so. Upon review of the § 2254 petition, as amended, the answers of the respondents and Caudill's responses to the answers, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the petition is due to be denied.

## A. Actual Innocence - Independent Claim

In his 2006 amendment to the petition, Caudill asserts he is actually innocent of sexual abuse with respect to the offense committed against H.A., a lesser included offense of first degree rape for which he had been indicted. Caudill bases this assertion on his belief that the testimony elicited from the victim of vaginal penetration and his statement referencing touching the genital area of the victim fail to establish sexual contact necessary for a sexual abuse conviction as such evidence only supports a conviction for first degree rape. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is

13

not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or evidence] that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.'  *Id*." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, Caudill is entitled to no relief from this court on his substantive claim of actual innocence.

## B.  Claims Adjudicated by the State Courts

Caudill's request for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act.  *Price v. Vincent*, 538 U.S. 634, 638, 123 S.Ct. 1848, 1852 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)."); *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518 (2000).  Under the requisite provisions of 28 U.S.C. § 2254(d), with respect to a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams*, the Supreme Court held that:

> Under the "contrary to" clause a federal court may grant the
> writ if the state court arrives at a conclusion opposite to that
> reached by this Court on a question of law or if the state court
> decides a case differently than this Court has on a set of
> materially indistinguishable facts. Under the "unreasonable
> application" clause, a federal habeas court may grant the writ
> if the state court identifies the correct governing legal principle
> from this Court's decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

529 U.S. at 412-413, 120 S.Ct. at 1523.

The Court subsequently explained that habeas relief is appropriate when a petitioner

demonstrates "that a decision by a state court is 'contrary to' ... clearly established

[Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the

Supreme Court's] cases' or if it 'confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a

result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-

406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price*, 538 U.S. at 640, 123 S.Ct. at 1853

(2003). Additionally, federal review in a habeas action "is limited to whether the state

court's decision was objectively unreasonable in the light of clearly established federal law.

*Williams*, [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302,

1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*,

*supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard

only if the state court's application of clearly established federal law was 'objectively

unreasonable.'").  A federal district court is not to decide "the correctness *per se* ... of the state court decision" but only the "objective reasonableness" of such decision.  *Brown v. Head*, 272 F.3d 1308, 1313 (11ᵗʰ Cir. 2001).  Moreover, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law."  *Williams v. Taylor*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original).  "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  529 U.S. at 411, 120 S.Ct. at 1522.

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)."  *Price*, 538 U.S. at 639, 123 S.Ct. at 1852.  The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...."  538 U.S. at 636, 123 S.Ct. at 1851.

16

With respect to the petitioner's claims of ineffective assistance of trial counsel, the record establishes that such claims do not entitle Caudill to federal habeas relief as the state courts properly adjudicated these claims on the merits. *Williams*, 529 U.S. at 404-405, 120 S.Ct. at 1518-1523. Specifically, the decisions of the Circuit Court of Houston County and the Alabama Court of Criminal Appeals on the aforementioned issues are not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984) in determining that the trial court did not err in denying Caudill post-conviction relief on his claims of ineffective assistance of trial counsel. *Respondents' Exhibit M - Court Doc. No. 9-15 -- Memorandum Opinion on Appeal of First Rule 32 Petition* at 2-3. *Strickland* sets forth the clearly established federal law on this issue. Thus, this court will determine whether rejection of Caudill's claims of ineffective assistance of trial counsel by the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. A habeas petitioner must satisfy the requirements of a two-pronged test to prevail on his claims of ineffective assistance of counsel. First, the petitioner must establish that

his attorney's performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* Once this threshold test is met, the petitioner must then show that the deficient performance of his counsel prejudiced his defense. *Id.* at 687. To establish prejudice, the petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unreliability or unfairness does not result if counsel's ineffectiveness did not deprive the petitioner of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393, 529 U.S. at 1513 n. 17. There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial and appellate strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

The state courts did not decide Caudill's claims of ineffective assistance of trial counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did these courts apply a rule that contradicts governing federal law. *Williams v. Taylor*, 529 U.S. at 413, 120 S.Ct. at 1523. Consequently, the rejection

18

of these claims by the Circuit Court of Houston County and the Alabama Court of Criminal Appeals was not contrary to actual Supreme Court decisions. Moreover, a thorough review of the evidentiary materials submitted in this case establishes that the state courts' decisions to deny Caudill's claims of ineffective assistance of trial counsel claims were objectively reasonable. The decisions likewise constituted a reasonable determination of the facts in light of the evidence presented by the parties. Caudill is therefore due no relief from this court on his claims of ineffective assistance of trial counsel.

### C. Procedurally Defaulted Claims

The claim of biased jurors raised in the initial petition and the jurisdictional challenge presented by Caudill in his amendment to the petition are procedurally defaulted. Specifically, Caudill did not raise a substantive claim regarding biased jurors in any of the state court proceedings and failed to present the jurisdictional claim to the state courts in accordance with the State's applicable procedural rules. This court may reach the merits of Caudill's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]....  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to

19

correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### 1. **Cause and Prejudice**.

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892. In an attempt to meet this burden on the biased jurors claim, Caudill complains trial counsel did not strike these individuals during jury selection, Rule 32 counsel failed to properly pursue this claim in the state post-conviction proceedings, this issue is one intrinsically beyond the ability of a *pro se* petitioner to present, he is unskilled in the law and an illness impacted his ability to raise the claim in the petition for writ of certiorari to Alabama Supreme Court on direct appeal. Caudill further argues that his allegation regarding the trial court's lack of jurisdiction is subject to neither procedural default nor the limitation period as state law permits the submission of jurisdictional issues at any time.[8] Caudill is procedurally defaulted on his biased jurors claim because he never

---

[8]As previously noted, the Alabama Court of Criminal Appeals held that Caudill's allegations regarding lack of jurisdiction by the trial court constituted "only nonjurisdictional claims" barred from review as both

presented this substantive claim to the state courts.  *Teague v. Lane*, 489 U.S. 288 (1989);

*Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).  He is likewise defaulted on the

claim alleging a lack of jurisdiction by the trial court as he failed to present this claim to

the state courts in accordance with the state's procedural rules and the last state court to

address the issue deemed it procedurally defaulted and time barred.  *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d

1135, 1140-1146 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151

L.Ed.2d 982 (2002).

        As previously determined, Caudill's claim of ineffective assistance of trial counsel

is without merit and, therefore, fails to establish cause for his procedural default on the

biased jurors claim.  To the extent Caudill alleges ineffective assistance of Rule 32 counsel

as cause for his failure to properly present an issue of juror bias, this claim of ineffective

assistance entitles Caudill to no relief.  The law is well settled that there is no federal

constitutional right to counsel in state post-conviction proceedings.  *Pennsylvania v.*

*Finley*, 481 U.S. 551, 556-557 (1987); *Arthur v. Allen*, 452 F.3d 1234, 1249 (11th Cir.

2006), *modified on reh'g*, 459 F.3d 1310 (11th Cir. 2006); *Henderson*, 353 F.3d at 892;

*Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993); *Presnell v. Zant,* 959 F.2d 1524, 1532

n. 6 (11th Cir. 1992).  Consequently, the lack of effective representation during state

_____

procedurally defaulted and untimely filed.  *Respondents' Exhibit U - Court Doc. No. 42-5* at 2.

21

collateral proceedings cannot establish "cause" for a procedural default. *McCoy v. Newsome*, 953 F.2d 1252, 1259 (11th Cir. 1992) ("Since [the petitioner] had no sixth amendment right to counsel, he bears the burden of his failure to act in compliance with [the state's procedural rules].").

With respect to Caudill's reliance on his *pro se* status and concomitant lack of legal knowledge as cause, these claims likewise provide no basis for relief from the applicable procedural bar as neither an inmate's lack of legal knowledge, his failure to understand legal principles nor the inability to recognize potential claims for relief at an earlier juncture constitute an extraordinary circumstance sufficient to warrant such relief. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp*, 781 F.2d 1458, 1462 (11th Cir. 1986); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable relief from procedural bar not justified by fact that petitioner did not understand the law); *see also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)."); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145,

151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable relief). The record in this case establishes that there is no "objective factor external to the defense that prevented [Caudill] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In light of the fact that Caudill raised the biased juror claim in pleadings while proceeding *pro se* in this court and alleged an ineffective assistance of counsel claim related to this issue in a *pro se* Rule 32 petition, it is clear that such claim is not an issue "intrinsically beyond [a] *pro se* petitioner's ability to present." *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990). Moreover, to the extent Caudill alleges his health condition as cause for failing to raise this issue in a petition for writ of certiorari to the Alabama Supreme Court during his direct appeal, this allegation fails to establish cause for his failure to present this issue at trial or in the initial brief on direct appeal.

Based on the foregoing, the court concludes that Caudill has failed to demonstrate either cause for his failure to present his biased jurors and lack of jurisdiction claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Caudill's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

2.  **Fundamental Miscarriage of Justice - Actual Innocence**.  In his 2006 amendment to the petition, Caudill argues he is actually innocent of sexual abuse with respect to the offense committed against H.A. as the evidence presented did not establish a rational basis for such conviction.  Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not *itself* be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim." *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 1592 (2000) (emphasis in original).  The miscarriage of justice standard is directly linked to actual innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner  must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case

the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537, 126 S.Ct. at 2077. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." 513 U.S. at 324.

Caudill has failed to make the requisite showing of actual innocence as he has presented no "new reliable evidence" nor do his allegations suggest that any such evidence exists which could satisfy the stringent standard set forth in *Schlup*. Consequently, Caudill's procedurally defaulted claims are foreclosed from federal habeas review.

## D. Claims Barred by the Statute of Limitations

The respondents likewise contend that the amended claims alleging a lack of

jurisdiction by the trial court and actual innocence are untimely as they do not relate back

to the claims presented in the original petition and Caudill failed to submit the claims to

this court within a year of his sexual abuse convictions becoming final, exclusive of the

time his initial state collateral action remained pending in the state courts. *Mayle v. Felix*,

545 U.S. 644, 650, 125 S.Ct. 2562, 2566 (2005); *see also Farris v. United States*, 333 F.3d

1211, 1215 (11th Cir. 2003); *Pruitt v. United States*, 274 F.3d 1315, 1318-1319 (11th Cir.

2001); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).[9]  "An amended

habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit)

when it asserts a new ground for relief supported by facts that differ in both time and type

from those the original pleading set forth." *Mayle*, 545 U.S. at 650, 125 S.Ct. at 2566.  "If

claims asserted after the one-year period [of limitation] could be reviewed simply because

they relate to the same trial conviction, or sentence as a timely filed claim, AEDPA's

limitation period would have slim significance." *Mayle*, 545 U.S. at 662, 125 S.Ct. at

2573-2574.  It is therefore clear that the jurisdiction and actual innocence claims presented

by Caudill in his amendment to the petition are supported by facts that differ in both time

---

[9]Although the Eleventh Circuit cases address relation back in the context of amendments to § 2255 motions, sections 2254 and 2255 are generally seen as *in pari materia.  Davis v. United States,* 417 U.S. 333, 344 (1974) ("[T]here can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal habeas corpus statute...."). The 1996 amendments to the habeas corpus statute added a one-year period of limitation to both § 2254 and § 2255. *See* 28 U.S.C. 2244(d)(1) ("A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2255 ("A 1 year period of limitation shall apply to a motion under this section."). Thus, with regard to the timeliness of motions for leave to amend, the two statutes remain equivalent and this Circuit's application of Rule 15(c) to § 2255 motions is, therefore, equally applicable in the § 2254 context.

and type from those raised in the original petition and, therefore, do not relate back to the date of the original pleading.

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254

27

petition begins to run at the conclusion of direct review or upon expiration of the time for

seeking direct review, whichever is later.  Where a petitioner preserves his right to file a

petition for writ of certiorari in the United States Supreme Court, the statute of limitations

is tolled during the ninety-day period in which such action may be undertaken.  *Coates v.

Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the

conclusion of direct review or by the expiration of the time for seeking such review,' *see*

28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the

case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United

States Supreme Court* (a petition for writ of certiorari may only be filed to review a

judgment or order entered by a state court of last resort and must be filed within 90 days

of the action undertaken by such state court).  Accordingly, a state court judgment of

conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court

denies certiorari or the time to apply for certiorari expires.  *Id.*

The Circuit Court of Houston County, Alabama convicted Caudill on two counts of

first degree sexual abuse on December 9, 2002.  Caudill filed a direct appeal and the

Alabama Court of Criminal Appeals affirmed these convictions by memorandum opinion

on August 22, 2003.  *Respondents' Exhibit D - Court Doc. No. 9-6 -- Memorandum

Opinion of the Alabama Court of Criminal Appeals on Direct Appeal*.   He then filed an

application for rehearing which the appellate court overruled on September 19, 2003.

28

*Respondents' Exhibit F - Court Doc. No. 9-8.*    The Alabama Supreme Court denied

Caudill an extension of time to file a petition for writ of certiorari, *Respondents' Exhibit*

*H - Court Doc. No. 9-10*, and the certificate of judgment therefore issued in Caudill's direct

appeal on October 8, 2003.  *Respondents' Exhibit I - Court Doc. No. 9-11.*  Since Caudill

failed to properly complete the direct appeal process, he could not file a petition for

certiorari with the United States Supreme Court and the time for seeking review of his

sexual abuse convictions therefore lapsed upon expiration of the time for filing a petition

for writ of certiorari -- fourteen (14) days from issuance of the order denying the

application for rehearing.  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates*

*v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129

(2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ

of certiorari to the United States Supreme Court may only be filed to review a judgment

or order entered by a state court of last resort and must be filed within ninety (90) days of

the action undertaken by the aforementioned state court).  Thus, the  convictions imposed

upon Caudill for first degree sexual abuse became final, at the latest, on October 8, 2003.

The one-year period of limitation contained in § 2244(d)(1)(A) therefore began to run on

this date.

   1. **<u>Statutory Tolling</u>**.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during

which a ***properly filed*** application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." (emphasis added). The evidentiary materials submitted in this case demonstrate that Caudill filed a state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, on February 12, 2004 which tolled the limitation period. However, it is clear that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Caudill filing the December 28, 2006 petition. The respondents acknowledge that Caudill filed a second Rule 32 petition with the trial court on February 6, 2006 but argue that such petition did not toll the federal period of limitation. Specifically, the respondents maintain that because Caudill filed this second Rule 32 petition after expiration of Alabama's one-year period of limitation applicable to Rule 32 petitions this petition failed to toll the limitation period relevant to the filing of a federal habeas petition as the state petition was not properly filed so as to warrant statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(2).[10] *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue

---

[10]The Circuit Court of Houston County summarily dismissed the petition. On appeal of this decision, the Alabama Court of Criminal Appeals determined that Caudill's second Rule 32 petition was subject to dismissal as the issues raised therein referenced "only nonjurisdictional claims" which "were not preserved for appellate review.... Moreover, ... the petition is time-barred." *Respondents' Exhibit U - Court Doc. No. 42-5 -- Memorandum Opinion on Appeal of Second Rule 32 Petition* at 2.

in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2).") In *Allen v. Siebert*, ____ U.S. ____, 128 S.Ct. 2, 4-5(2007), the Supreme Court emphatically reiterated:

> "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." 544 U.S. at 414, 125 S.Ct. 1807.... Because [petitioner's] petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under § 2244(d)(2). Accordingly, [petitioner] was not entitled to tolling of AEDPA's 1- year statute of limitations.

The Circuit Court of Houston County convicted Caudill on two counts of first degree sexual abuse on December 9, 2002. Caudill filed a direct appeal of his convictions and the Alabama Court of Criminal Appeals entered a memorandum opinion affirming the sexual abuse convictions on August 22, 2003. The appellate court overruled Caudill's application for rehearing on September 19, 2003. The Alabama Supreme Court denied Caudill an extension to file a petition for writ of certiorari and the certificate of judgment therefore issued on October 8, 2003. Under applicable federal law, this is the latest date

on which Caudill's convictions could have become final. The court finds that the limitation period ran for 126 days after Caudill's convictions became final until his filing a Rule 32 petition in the Circuit Court of Houston County on February 12, 2004. This petition remained pending in the state courts until issuance of the certificate of judgment by the Alabama Supreme Court on July 8, 2005. At such time, Caudill had 239 days remaining within which to timely file a federal habeas petition. Although Caudill filed a second Rule 32 petition on February 6, 2006, this collateral action had no impact on the running of the federal limitation period as this petition was not properly filed, i.e., Caudill failed to file the second Rule 32 petition within the applicable one-year period of limitation established under state law. *Respondents' Exhibit U - Court Doc. No. 42-5 -- Memorandum Opinion on Appeal from Second Rule 32 Petition* at 2 (Caudill raises "only nonjurisdictional claims" and "because the certificate of affirmance on direct appeal was issued on October 8, 2003, and the instant petition was filed on February 6, 2006, which was approximately sixteen months after the expiration of the applicable one-year state of limitations period [contained in Rule 32.2(c), A.R.Crim.P.], the petition is time-barred."); Rule 32.2(c), *Alabama Rules of Criminal Procedure* (as amended March 22, 2002, effective August 1, 2002) ("[T]he court shall not entertain any petition for relief from a conviction or sentence ... unless the petition is filed ... within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals."); *Pace*, *supra*. Moreover,

32

the law is well settled that the pendency of a federal habeas action does not toll the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1). *Duncan v. Walker*, 533 U.S. 167, 181 (2001). In light of the foregoing, Caudill is not entitled to statutory tolling of the limitation period during the pendency of either his second Rule 32 petition or his federal habeas action.

2**. Equitable Tolling.** Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001). Upon exhaustive review of the record and

33

applicable federal law, the court concludes that Caudill fails to present circumstances which countenance equitable tolling of the limitation period.

To the extent Caudill argues he is entitled to equitable tolling because of his *pro se* status and lack of legal knowledge, these arguments do not justify equitable tolling of the one-year period of limitation. Specifically, an inmate's status as a *pro se* litigant does not warrant equitable tolling. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir.2004) (*pro se* status and ignorance of the law does not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling), *cert. denied,* 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (a petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.1999) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling), *cert. denied,* 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000); *Smith v. McGinnis,* 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's pro se status throughout most of the period of limitations does not merit equitable tolling), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.1999) (unfamiliarity with the legal process and lack of representation

during the applicable filing period did not merit equitable tolling), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999).

The court therefore concludes that the reasons on which Caudill relies to excuse his untimeliness do not warrant equitable relief from application of the federal limitation period. Specifically, Caudill fails to set forth the existence of any extraordinary circumstance which prevented him from filing his amended claims in a timely habeas petition. Additionally, Caudill presents nothing which demonstrates that he exercised diligence in pursuing his claims in a petition for habeas corpus relief. The record is therefore devoid of evidence that Caudill's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Consequently, equitable tolling of the limitation period is not warranted.

**3. Jurisdictional Exception.** Caudill alleges that his challenge to the subject matter jurisdiction of the trial court is a jurisdictional claim not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the habeas statute nor federal case law makes such an exception for jurisdictional issues arising under state law. Moreover, the state court specifically held that the issues presented by the petitioner "were only nonjurisdictional claims." *Respondents' Exhibit U - Court Doc. No. 42-5 -- Memorandum Opinion on Appeal of Second Rule 32 Petition* at 2. The court notes

35

that no government impediment existed to the presentation of the amended claims nor are these claims based on a newly recognized constitutional right. Additionally, the factual predicate of these claims was available to the petitioner at the time he was sentenced. The amended claims presented by Caudill therefore fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D). Caudill's amendment to the petition is therefore properly subjected to the one-year period of limitation mandated by federal law.

4. **Actual Innocence.**  In his amendment, Caudill argues he is actually innocent of the conviction imposed upon him for the lesser included offense of sexual abuse for actions committed against H.A. The law directs that this court determine "whether the petitioner [has made] a showing of actual innocence" before addressing the applicability of the one-year period of limitation established by the AEDPA. *Wyzykowski v. Dept. of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). With respect to this claim, the court previously determined that Caudill has failed to present any new, reliable evidence which establishes his actual innocence for this offense. *Infra*. at 23-25. Thus, the amendment to the petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

5. **Expiration of the Period of Limitation**.  Caudill filed the amendment to his habeas petition on December 28, 2006. The claims presented in the amendment do not relate back to the original claims for relief. Caudill has failed to demonstrate that he is

36

entitled to either statutory or equitable tolling of the limitation period which would render his amendment to the petition timely filed. Consequently, the one-year period of limitation began to run on October 9, 2003 and ran uninterrupted for 126 days until Caudill filed his first Rule 32 petition on February 12, 2004. Upon completion of the proceedings related to the aforementioned state post-conviction petition on July 8, 2005, the limitation period began to run again on July 9, 2005 and ran without statutory or equitable interruption until its expiration on March 6, 2006.[11] The claims for relief presented in the amendment are therefore not timely filed.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Stanley Lee Caudill be denied and that this case be dismissed with prejudice. It is further

ORDERED that **on or before April 10, 2008** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

---

[11]The remaining 239 days of the limitation period expired on March 4, 2006, a Saturday. Thus, Caudill had until the following Monday, March 6, 2006, to file any additional claims for habeas relief not previously presented to this court. Rule 6(a), *Federal Rules of Civil Procedure* ("The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ...").

appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of March, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE